fc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. _____**
**District Judge _____**
**Magistrate Judge _____**

_____/

Tamara Filippova

       Plaintiff,

   - against -

Ilia Mogilevsky, Erikah Bertoloti, Shlomo Ben Izhak,
Jane Doe # 1, Kristin Demeritt, Stephanie Reeves,
Frank Cavallino, Natalia Mogilevsky, Leslie Robert
Evans & Associates, P.A., Jason Evans, Esq., Trump
Real Estate Investment LLC, FHB Investments, LLC,
Ilia Capital, LLC, Sapodilla 513, LLC, US Land Trust,
US Land Trust, LLC, D Street Investment LLC, 1608
7th Avenue North LLC, 122 Sunset Cove, LLC, 314 S.
D Street, LLC, 907 S. B Street, LLC, Lake Worth 511
LLC, Forest Hill Single Family LLC, Gulfstream 4353
LLC, 611 7th Avenue LLC, Lucerne 1213 LLC, 513
North E Street LLC, 415 North B Street LLC, Lake
Worth 530 LLC, Lake Worth 501 LLC, 219 North B
Street LLC, 621 North F Street LLC, 232 North C
Street LLC, 619 North F Street LLC, 321 North E
Street LLC, 206 South C Street LLC, 116 North E
Street LLC, A Street Property LLC, 412 North E Street
LLC, 321 North F Street LLC, 1207 North H Street
LLC, Northwood Single Family LLC, 125 South F
Street LLC, 509 North K Street LLC, 126 South J Street
LLC, 127 North F Street LLC, Northwood Multi Family
LLC, Baikal Real Estate Holdings, LLC, Express
Realty, LLC, Forest Hill 102, LLC, Forest Hill 104,
LLC, Forest Hill 109, LLC, Forest Hill 202, LLC,
Forest Hill 207, LLC, Forest Hill 209, LLC, Forest Hill
210, LLC, Forest Hill 6048, LLC, Forest Hill 6094,
LLC, Forest Hill 6106, LLC, Forest Hill 205, LLC,
Forest Hill 204, LLC, Irkutsk LLC, Maxim Real Estate
Holdings LLC, NAT Investment Holdings, LLC, Ponte
Verde 228, LLC, Ponte Verde 714, LLC, Ponte Verde
1315, LLC, Ponte Verde 1616, LLC, Ponte Verde 2124,

# COMPLAINT

1

LLC, US Capital & Investments, LLC, 1205 Abaco Lane, LLC, 1453 Lake Crystal, LLC, 1495 Lake Crystal, LLC, 1501 Windorah Way, LLC, 1601 Balfour Point, LLC, 1620 Windorah Way, LLC, 1621 Balfour Point, LLC, 1923 Gardenia, LLC, 1925 Marsh Harbour, LLC, 1927 Marsh Harbor LLC, 1987 Nassau, LLC, 1993 Marsh Harbour, LLC, 2037 Nassau, LLC, 3411 Sonoma Drive, LLC, 3730 Jog Road, LLC, 3760 Jog Road, LLC, 3800 Jog Road, LLC, 4606 Cherry Road, LLC, 5175 Palmbrooke, LLC, 6048 Forest Hill, LLC, 6054 Forest Hill, LLC, 6066 Forest Hill, LLC, 6080 Forest Hill, LLC, 6106 Forest Hill, LLC, 6112 Forest Hill, LLC, 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC,

Defendants.

_____/

## COMPLAINT

Plaintiff by her attorneys, ROSEN LAW LLC for its complaint in this action, alleges as follows:

### JURISDICTION AND VENUE

1.      That the United States District Court for the Southern District of Florida has jurisdiction over the parties, pursuant to (i) Title 28 of the United States Code §1332(a)(2) as the Plaintiff and Defendants are citizens of different foreign states (different Countries) and supplemental jurisdiction pursuant to Title 28 of the United States Code §1167, which provides the District Court with jurisdiction based on diversity of citizenship; Plaintiff is a citizen of Russia and Defendants are, upon information and belief, citizens of the United States and (ii) Title 18 of the United States Code §1961 – Racketeering Influenced Corrupt Organizations Act.

2.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.      The United States District Court for the Southern District of Florida has venue pursuant to Title 29 of the United States Code §1391(b)(1) and Title 29 of the United States Code §1391(b)(2) as Defendants reside in Palm Beach County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida and the events complained of herein occurred in the jurisdiction of the United States District Court for the Southern District of Florida.

4.      Plaintiff demands a jury trial.

5.      This is an action for twenty one (21) counts for relief:

A.      Count I for Relief is for Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, et. seq. ("RICO");

B.      Count II for Relief is for Civil Racketeer Influenced and Corrupt Organizations Act, Fla. Stat. §4:170 ("RICO");

C.      Count III for Relief is for Specific Performance;

D.      Count IV for Relief is for a Temporary Injunction;

E.      Count V for Relief is for a Permanent Injunction;

F.      Count VI for Relief is for Breach of Contract;

G.      Count VII for Relief is for Breach of Implied in Law Contract;

H.      Count VIII for Relief is for Promissory Estoppel;

I.      Count IX for Relief is for Tortious Interference with a Contractual Relationship;

J.      Count X for Relief is for Unjust Enrichment;

K.      Count XI for Relief is for Equitable Accounting;

L.      Count XII for Relief is for Breach of Fiduciary Duty;

**M.**     Count XIII for Relief is for Cancellation of Deed;

**N.**     Count XIV for Relief is for Civil Conspiracy;

**O.**     Count XV for Relief is for Conversion;

**P.**     Count XVI for Relief is for Constructive Trust;

**Q.**     Count XVII for Relief is for Fraud;

**R.**     Count XVIII for Relief is for Fraud in the Inducement;

**S.**     Count XIX for Relief is for Civil Theft;

**T.**     Count XX for Relief is for Declaratory Judgment;

**U.**     Count XXI for Relief is for Notarial Misconduct.

## GENERAL AND SUBSTANTIVE ALLEGATIONS

6.     Defendant Trump Real Estate Investment LLC[1], Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North

---

[1]Trump Real Estate Investment LLC is a Florida limited liability company organized on July 17, 2017 in the State of Florida as a Florida limited liability company.  According to the filed of the Articles of Organization, Custom Management LLC, with its business address at 4371 Northlake Boulevard, Suite 305, Palm Beach Gardens, Florida 33410 is its manager.  Upon information and belief, the offices of Custom Management LLC,

F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant

---

located at 4371 Northlake Boulevard, Suite 305, Palm Beach Gardens, Florida 33410 are the offices of

4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC are hereafter referred to as the "Real Estate Entities".

7.     Upon information and belief, since approximately January 1, 2017, Defendant Ilia Mogilevsky has been establishing limited liability companies in the State of Wyoming in order to conceal his identity as an owner of real estate and limited liability companies.

8.     Upon information and belief, Defendant Ilia Mogilevsky established Custom Management LLC, as a limited liability company in the State of Wyoming.

9.     Upon information and belief, Custom Management LLC, a Wyoming limited liability company is the manager of Trump Real Estate Investment LLC.

10.     Upon information and belief, a substantive selling point for establishing Wyoming limited liability companies is the superior asset protections that a Wyoming limited liability company provides.

11.     Upon information and belief, Wyoming law provides that the sole remedy available to creditors of owners of limited liability companies is a charging order.

12.     Upon information and belief, a charging order under Wyoming law is an order by the court directed to the company ordering the company to send all distributions that would have gone to the owner/debtor to the judgment holder instead.

---

Defendant Ilia Mogilevsky.

13.     Upon information and belief, obtaining a charging order in Wyoming is a limitation that can make it more difficult for a creditor to collect on their judgment because the creditor will not be able to force the debtor to sell his ownership interest in the company.

14.     Upon information and belief, usually, after a creditor obtains a judgment against a debtor, the creditor is entitled to sell the debtor's personal property to satisfy that judgment. However, if the creditor's sole remedy is a charging order, then the creditor is entitled to whatever distributions are produced from the ownership interest (if any at all), but the creditor cannot transfer or sell that ownership interest.

15.     Upon information and belief, having the asset protection under Wyoming law can give a debtor more leverage in negotiating a settlement with creditors.

16.     Upon information and belief, Wyoming has extended the charging order limitation to single member limited liability companies, whereas many other states do not provide such a protection in the case where a limited liability company has only one owner.

17.     Upon information and belief, in 2017 in order to steal Plaintiff's millions of dollars, Defendant Ilia Mogilevsky has begun using Wyoming limited liability companies for the sole purpose of defrauding Plaintiff and concealing Plaintiff's assets.

18.     Upon information and belief, Trump Real Estate Investment LLC is a limited liability company organized in the State of Florida on July 24, 2017.

19.     Upon information and belief, Trump Real Estate Investment LLC acquired condominium unit number 1202 at TDR Tower III Condominium located at 15811

Collins Avenue, Sunny Isles, Florida ("Trump Tower Condominium Unit") **(Exhibit "1" – Deed)**.

20.     Defendant Ilia Mogilevsky attempted to use an elaborate scheme to hide and conceal that he purchased the Trump Tower Condominium Unit by using a Wyoming limited liability company (Custom Management LLC) to be the manager of the Florida limited liability company (Trump Real Estate Investment LLC) because in the State of Florida, the member and/or manager of a limited liability company must be disclosed. However, using a Wyoming limited liability company, allows the concealment of the true individual owners of a limited liability company.

21.     Although Defendant Ilia Mogilevsky attempted to conceal the fact that he was the purchaser through a limited liability company of the Trump Tower Condominium Unit, attached to the deed dated August 22, 2017 recorded in the office of the Dade County Clerk in the Official Records of Dade County in Book 30674, Page 4956 recorded on August 30, 2017 is a certificate of approval by the TDR Tower III Condominium Association, Inc. (the "Condominium Association") indicating that the Condominium Association approved Defendant Ilia Mogilevsky as a purchaser of the Trump Tower Condominium Unit **(Exhibit "2")**.

22.     Upon information and belief, Defendant Ilia Mogilevsky purchased the Trump Tower Condominium Unit with Plaintiff's monies.

23.     Upon information and belief, Defendant Ilia Mogilevsky attempted to conceal his ownership of the Trump Tower Condominium Unit.

24.     Upon information and belief, Defendant Ilia Mogilevsky formed Custom Investments (Florida), LLC as a Wyoming limited liability company, using Plaintiff's monies.

25.     On or about August 21, 2017, Custom Investments (Florida), LLC gave a mortgage loan in the amount of $1,100,000 to Defendant Trump Real Estate Investment LLC pursuant to a mortgage recorded in the office of the Dade County Clerk in the Official Records of Dade County in Book 30674, Page 4961 recorded on August 30, 2017 **(Exhibit "3" – Mortgage)**. Defendant Ilia Mogilevsky signed the mortgage evidencing that he is the principal of Defendant Trump Real Estate Investment LLC.

26.     Upon information and belief, Defendant Ilia Mogilevsky formed Custom Investments (Florida), LLC to hide the assets of Plaintiff.

27.     Upon information and belief, Defendant Ilia Mogilevsky has been attempting to hide the assets that he has converted from Plaintiff's ownership.

28.     Upon information and belief, Defendant Ilia Mogilevsky has concealed the whereabouts of the millions of dollars that Defendant Ilia Mogilevsky has taken from Plaintiff.

29.     Upon information and belief, Defendant Ilia Mogilevsky utilized Plaintiff's funds to acquire real properties in the names of Defendant Trump Real Estate Investment LLC, Defendant FHB Investments, LLC, Defendant Ilia Capital, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353

LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC and Defendant Northwood Multi Family LLC.

       30.     Plaintiff seeks a temporary restraining order, temporary injunction and permanent injunction to restrain and enjoin the following defendants from transferring, encumbering, mortgaging, assigning or disposing any real property owned by Defendant Trump Real Estate Investment LLC, Defendant FHB Investments, LLC, Defendant Ilia Capital, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC,

Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC and Defendant Northwood Multi Family LLC.

31.    Upon information and belief, Trump Real Estate Investment LLC owns real property located at 15811 Collins Avenue, Unit 1202, Sunny Isles, Florida.

32.    Upon information and belief, FHB Investments, LLC owns real property located at 6034 Forest Hill Blvd., #203, West Palm Beach, Florida; 6048 Forest Hill Blvd., #201, West Palm Beach, Florida; 6048 Forest Hill Blvd., #201, West Palm Beach, Florida; 6120 Forest Hill Blvd., #203, West Palm Beach, Florida; 6066 Forest Hill Blvd., #110, West Palm Beach, Florida; 6066 Forest Hill Blvd., #201, West Palm Beach, Florida; 6086 Forest Hill Blvd., #103, West Palm Beach, Florida; 6086 Forest Hill Blvd., #106, West Palm Beach, Florida; 6086 Forest Hill Blvd., #110, West Palm Beach, Florida; 6086 Forest Hill Blvd., #207, West Palm Beach, Florida; 6066 Forest Hill Blvd., #207, West Palm Beach, Florida; and 6094 Forest Hill Blvd., #208 West Palm Beach, Florida.

33.    Upon information and belief, Ilia Capital, LLC owns real property located at 5175 Palmbrooke Circle, West Palm Beach, Florida; 1923 Gardenia Court, Riviera Beach, Florida; 4606 Cherry Lane, West Palm Beach, Florida; and 815 30th Street West Palm Beach, Florida.

34.    Upon information and belief, Sapodilla 513, LLC owns real property located at 513 Sapodilla Avenue, West Palm Beach, Florida.

35.     Upon information and belief, US Land Trust owns real property located at unknown locations.

36.     Upon information and belief, US Land Trust, LLC owns real property located at 46 Bermuda Lake Drive, Palm Beach Gardens, Florida and 147 Sedona Way, Palm Beach Gardens, Florida.

37.     Upon information and belief, D Street Investment LLC owns real property located at 615 South D Street, Lake Worth, Florida.

38.     Upon information and belief, 1608 7th Avenue North LLC owns real property located at 1608 7th Avenue North, Lake Worth, Florida.

39.     Upon information and belief, 122 Sunset Cove, LLC owns real property located at 122 Sunset Cove, Palm Beach Gardens, Florida.

40.     Upon information and belief, 314 S. D Street, LLC owns real property located at 314 South D Street, Lake Worth, Florida.

41.     Upon information and belief, 907 S. B Street, LLC owns real property located at 907 South B Street, Lake Worth, Florida.

42.     Upon information and belief, Lake Worth 511 LLC owns real property located at 511 6th Avenue South, Lake Worth, Florida.

43.     Upon information and belief, Forest Hill Single Family LLC owns real property located at 621 Forest Hill Boulevard, West Palm Beach, Florida.

44.     Upon information and belief, Gulfstream 4353 LLC owns real property located at 4353 Gulfstream Road, Lake Worth, Florida.

45.     Upon information and belief, 611 7th Avenue LLC owns real property located at 611 7th Avenue North, Lake Worth, Florida.

46.     Upon information and belief, Lucerne 1213 LLC owns real property located at 1213 Lucerne Road, Lake Worth, Florida.

47.     Upon information and belief, 513 North E Street LLC owns real property located at 513 North E Street, Lake Worth, Florida.

48.     Upon information and belief, 415 North B Street LLC owns real property located at 415 North B Street, Lake Worth, Florida.

49.     Upon information and belief, Lake Worth 530 LLC owns real property located at 530 South K Street, Lake Worth, Florida.

50.     Upon information and belief, Lake Worth 501 LLC owns real property located at 921 North M Street, Lake Worth, Florida.

51.     Upon information and belief, 219 North B Street LLC owns real property located at 219 North B Street, Lake Worth, Florida.

52.     Upon information and belief, 621 North F Street LLC owns real property located at 621 North F Street, Lake Worth, Florida.

53.     Upon information and belief, 232 North C Street LLC owns real property located at 232 North C Street, Lake Worth, Florida.

54.     Upon information and belief, 619 North F Street LLC owns real property located at 619 North F Street, Lake Worth, Florida.

55.     Upon information and belief, 321 North E Street LLC owns real property located at 321 North E Street, Lake Worth, Florida.

56.     Upon information and belief, 206 South C Street LLC owns real property located at 206 South C Street, Lake Worth, Florida.

57.     Upon information and belief, 116 North E Street LLC owns real property located at 116 North E Street, Lake Worth, Florida.

58.     Upon information and belief, A Street Property LLC owns real property located at 1829 North A Street #38, Lake Worth, Florida.

59.     Upon information and belief, 412 North E Street LLC owns real property located at 412 North E Street, Lake Worth, Florida.

60.     Upon information and belief, 321 North F Street LLC owns real property located at 321 North F Street, Lake Worth, Florida.

61.     Upon information and belief, 1207 North H Street LLC owns real property located at 1207 North H Street, Lake Worth, Florida.

62.     Upon information and belief, Northwood Single Family LLC owns real property located at 940 34th Street, West Palm Beach, Florida.

63.     Upon information and belief, 125 South F Street LLC owns real property located at 125 South F Street LLC, Lake Worth, Florida.

64.     Upon information and belief, 509 North K Street LLC owns real property located at 509 North K Street, Lake Worth, Florida.

65.     Upon information and belief, 126 South J Street LLC owns real property located at 126 South J Street LLC, Lake Worth, Florida.

66.     Upon information and belief, 127 North F Street LLC owns real property located at 127 North F Street, Lake Worth, Florida.

67.     Upon information and belief, Northwood Multi Family LLC owns real property located at unknown locations, Lake Worth, Florida.

68.     Plaintiff has an interest in the title to the real properties owned by Defendant Trump Real Estate Investment LLC, Defendant FHB Investments, LLC, Defendant Ilia Capital, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Custom Investments (Florida), LLC and Custom Investments, LLC.

69.     Upon information and belief, the Real Estate Entities maintain their principal places of business in Palm Beach County, State of Florida.

70.     Upon information and belief, the Real Estate Entities are limited liability companies organized and existing in the State of Florida except that Defendant Custom Investments (Florida), LLC and Defendant Custom Investments, LLC are limited liability companies organized and existing under the laws of the State of Wyoming.

71.     Plaintiff Tamara Filippova is an individual residing in and domiciled in the City of Irkutsk, Country of Russia.

72.     Upon information and belief, Defendant Ilia Mogilevsky is an individual residing in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

73.     Upon information and belief, Defendant Natalia Mogilevsky is an individual residing in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

74.     Upon information and belief, Defendant Erikah Bertoloti is an individual residing in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

75.     Upon information and belief, Defendant Shlomo Ben Izhak is an individual residing in the Country of the State of Israel.

76.     Upon information and belief, Defendant Jane Doe # 1 is an individual residing in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

77.     Upon information and belief, Defendant Kristin Demeritt is an individual residing in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

78.     Upon information and belief, Defendant Stephanie Reeves is an individual residing in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

79.     Upon information and belief, Defendant Jason Evans is an individual residing in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

80.     Upon information and belief, Defendant Frank Cavallino is an individual residing in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

81.     Upon information and belief, Defendant Leslie Robert Evans & Associates is a professional corporation with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

82.     Upon information and belief, Defendant US Land Trust, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

83.     Defendant US Land Trust, LLC was formed as a Florida limited liability company on January 10, 2014.

84.     Upon formation of Defendant US Land Trust, LLC, the sole member was Plaintiff Tamara Filippova.

85.     Count I is brought against Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino.

86.     Plaintiff is a victim of Defendant Ilia Mogilevsky's acts.

87.     Upon information and belief, there has been a pattern of rackeetering activity by Defendant Ilia Mogilevsky from 2007 to date, which has caused millions of

dollars of losses to not only Plaintiff, but to others, including a loss of over $2,700,000 to Hillcrest Bank Florida.

88.     Upon information and belief, Defendant Ilia Mogilevsky was born in Russia and is of Russian origin.

89.     Upon information and belief, Defendant Ilia Mogilevsky organized acts and conspired with others to defraud Plaintiff of millions of dollars.

90.     Upon information and belief, Defendant Ilia Mogilevsky has committed fraudulent acts against Plaintiff, other partners and others including a bank that was closed by the Florida Office of Financial Regulation as a result of bad loans.

91.     The Federal Deposit Insurance Company stated in its adversary proceeding complaint against Defendant Ilia Mogilevsky in the United States Bankruptcy Court for the Southern District of Florida in Case No. 10-38849-BKC-EPK that "Certain of the monies obtained by the Debtor (Defendant Ilia Mogilevsky) were obtained through embezzlement and/or larceny".  See paragraph "16" of the FDIC Complaint annexed hereto as **Exhibit "4"** – the "FDIC Complaint".

92.     The Federal Deposit Insurance Company also stated in its adversary proceeding complaint against Defendant Ilia Mogilevsky that "As stated, the net proceeds of the subject loan…were supposed to have been used by the corporate borrower towards the built-out of the subject units for its tenants.  Instead, the monies were converted by Debtor (Defendant Ilia Mogilevsky) for his own personal use and benefit" (Paragraph "16" of the FDIC Complaint).

93.     Upon information and belief, Defendant Ilia Mogilevsky has a long history and persistence for committing real estate frauds.

94.     Plaintiff Tamara Filippova has been defrauded by Defendant Ilia Mogilevsky who has stolen approximately $8,000,000 in Plaintiff's assets.

95.     Defendant Ilia Mogilevsky is the son-in-law of Plaintiff who is married to Defendant Natalia Mogilevsky.

96.     Defendant Natalia Mogilevsky is the daughter of Plaintiff.

97.     Upon information and belief, Defendant Erikah Bertoloti is paramour of Defendant Ilia Mogilevsky.

98.     Upon information and belief, Defendant Erikah Bertoloti has conspired with Defendant Ilia Mogilevsky to misappropriate real property in entities owned by Plaintiff.

99.     Upon information and belief, Defendant Shlomo Ben Izhak has conspired with Defendant Ilia Mogilevsky to misappropriate real property in entities owned by Plaintiff.

100.    Upon information and belief, between on or about August 1, 2010 and the January 23, 2014, Plaintiff invested approximately $5,000,000 in real property located in the jurisdiction of the United States District Court for the Southern District of Florida.

101.    Upon information and belief, on or about August 1, 2013, Plaintiff transmitted the sum of $499,970.00 to Plaintiff's bank account at JP Morgan Chase Bank in Palm Beach Gardens, Florida for the purpose of purchasing real properties in the State of Florida through entities including but not limited to Defendant US Land Trust LLC.

102.    Upon information and belief, on or about August 7, 2013, Plaintiff transmitted the sum of $200,000.00 to Plaintiff's bank account at JP Morgan Chase Bank in Palm Beach Gardens, Florida for the purpose of purchasing real properties in the State of Florida through entities including but not limited to Defendant US Land Trust LLC.

103.    Upon information and belief, on or about August 8, 2013, Plaintiff transmitted the sum of $500,000.00 to Plaintiff's bank account at JP Morgan Chase Bank in Palm Beach Gardens, Florida for the purpose of purchasing real properties in the State of Florida through entities including but not limited to Defendant US Land Trust LLC.

104.    Upon information and belief, on or about September 30, 2013, Plaintiff transmitted the sum of $499,964.00 to Plaintiff's bank account at JP Morgan Chase Bank in Palm Beach Gardens, Florida for the purpose of purchasing real properties in the State of Florida through entities including but not limited to Defendant US Land Trust LLC.

105.    Upon information and belief, on or about January 23, 2014, Plaintiff transmitted the sum of $399,970.00 to Plaintiff's bank account at JP Morgan Chase Bank in Palm Beach Gardens, Florida for the purpose of purchasing real properties in the State of Florida through entities including but not limited to Defendant US Land Trust LLC.

106.    Upon information and belief, on or about October 29, 2014, Plaintiff transmitted the sum of $2,699,970.00 to Plaintiff's bank account at JP Morgan Chase Bank in Palm Beach Gardens, Florida for the purpose of purchasing real properties in the State of Florida through entities including but not limited to Defendant US Land Trust LLC.

107.    Plaintiff deposited the total sum of approximately $4,799,874 in Plaintiff's JP Morgan Chase Bank in Palm Beach Gardens, Florida for the purpose of purchasing real properties in the State of Florida through entities including but not limited to Defendant US Land Trust LLC.

108.    Bewteen 2013 and the present time, Plaintiff invested approximately $5,000,000 in real property located in Palm Beach County, Florida.

109.    Upon information and belief, Defendant Ilia Mogilevsky has committed theft of the real property and monies that Plaintiff owns.

**COUNT I**
**PURSUANT TO RELIEF UNDER**
**CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT,**
**18 U.S.C. §1961, ET. SEQ. ("RICO")**

110.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

111.    The RICO statute 18 U.S.C. §1962(c) and (d), provides a civil cause of action to persons in their business or property by reason of the defendant's operation of, or conspiracy to operate, an enterprise through a pattern of racketeering acts.

112.    Plaintiff is a "person" as defined in 18 U.S.C. §1961(3) and 1962(c).

113.    Defendants are each a "person" as defined in 18 U.S.C. §1961(3) and 1962(c).

114.    Defendants were employed by and/or associated with an enterprise to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity (the "Enterprise").

115.    Upon information and belief, Defendant Ilia Mogilevsky was or is a member of the Enterprise.

116.    Upon information and belief, Defendant Ilia Mogilevsky participated in the operation of the Enterprise.

117.    Upon information and belief, Defendant Ilia Mogilevsky participated in the management of the Enterprise.

118.     Upon information and belief, Defendant Erikah Bertoloti was or is a member of the Enterprise.

119.     Upon information and belief, Defendant Erikah Bertoloti participated in the operation of the Enterprise.

120.     Upon information and belief, Defendant Erikah Bertoloti participated in the management of the Enterprise.

121.     Upon information and belief, Defendant Shlomo Ben Izhak was or is a member of the Enterprise.

122.     Upon information and belief, Defendant Shlomo Ben Izhak participated in the operation of the Enterprise.

123.     Upon information and belief, Defendant Shlomo Ben Izhak participated in the management of the Enterprise.

124.     Upon information and belief, Defendant Frank Cavallino was or is a member of the Enterprise.

125.     Upon information and belief, Defendant Frank Cavallino participated in the operation of the Enterprise.

126.     Upon information and belief, Defendant Frank Cavallino participated in the management of the Enterprise.

127.     Upon information and belief, Jane Doe # 1 is an attorney who practices law in the State of Florida and maintains an office located in West Palm Beach, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

128.     Upon information and belief, Defendant Jane Doe # 1 was or is a member of the Enterprise.

129.    Upon information and belief, Defendant Jane Doe # 1 participated in the operation of the Enterprise.

130.    Upon information and belief, Defendant Jane Doe # 1 participated in the management of the Enterprise.

131.    Upon information and belief, Defendant Erikah Bertoloti was or is a notary public in the State of Florida notary commission number FF224722.

132.    Upon information and belief, Defendant Kristin Demeritt was or is a notary public in the State of Florida notary commission number EE203950.

133.    Upon information and belief, Defendant Stephanie Reeves was or is a notary public in the State of Florida notary commission number FF080972.

134.    Upon information and belief, Defendant Jason Evans was or is a notary public in the State of Florida with notary commission number FF067060.

135.    Upon information and belief, Defendant Jason Evans notarized the signature of Defendant Natalia Mogilevsky on a quitclaim deed dated May 11, 2017 from 4606 Cherry Road, LLC to Ilia Capital, LLC.

136.    The acknowledgment which Defendant Jason Evans signed on May 11, 2017 states that "The foregoing instrument was sworn to and acknowledged before me this 11th day of May 2017, by Natalia Mogilevsky and Ilia Mogilevsky, as Managers of 4606 Cherry Road, LLC, a Florida limited liability company, who (x) are personally known to me or who (   ) have produced _____ as identification."

137.    Upon information and belief, Defendant Natalia Mogilevsky never met Defendant Jason Evans.

138.     Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Jason Evans on May 11, 2017 to sign a quitclaim deed dated May 11, 2017 from 4606 Cherry Road, LLC to Ilia Capital, LLC.

139.     Upon information and belief, Defendant Jason Evans did not witness Defendant Natalia Mogilevsky signing the quitclaim deed dated May 11, 2017 from 4606 Cherry Road, LLC to Ilia Capital, LLC on May 11, 2017.

140.     Plaintiff has been damaged as a result of the false and fraudulent notarization of the alleged signature of Defendant Natalia Mogilevsky by Defendant Jason Evans.

141.     Upon information and belief, Defendant Erikah Bertoloti notarized the signature of Defendant Natalia Mogilevsky on a warranty deed dated January 12, 2017 from 3411 Sonoma Drive, LLC to Napoleon Delacruz and Ivelisse Salcedo.

142.     The acknowledgment which Defendant Erikah Bertoloti signed on January 12, 2017 states that "The foregoing instrument was sworn to and acknowledged before me this 12th day of January 2017, by Natalia Mogilevsky, Authorized Member and Ilia Mogilevsky, Authorized Member for 3411 Sonoma Drive, LLC, a Florida limited liability company, who (x) is personally known to me or who (     ) have produced _____ as identification."

143.     Upon information and belief, Defendant Natalia Mogilevsky never met Defendant Erikah Bertoloti.

144.     Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Erikah Bertoloti on January 12, 2017 to sign a warranty deed dated January 12, 2017 from 3411 Sonoma Drive, LLC to Napoleon Delacruz and Ivelisse Salcedo.

145.    Upon information and belief, Defendant Erikah Bertoloti did not witness Defendant Natalia Mogilevsky signing the warranty deed dated January 12, 2017 from 3411 Sonoma Drive, LLC to Napoleon Delacruz and Ivelisse Salcedo.

146.    Upon information and belief, Defendant Erikah Bertoloti notarized the signature of Defendant Natalia Mogilevsky on a warranty deed dated February 23, 2017 from 1205 Abaco Lane, LLC to Justin Dalmolin and Jaime T. Snarski.

147.    The acknowledgment which Defendant Erikah Bertoloti signed on February 22, 2017 states that "The foregoing instrument was sworn to and acknowledged before me this 22rd day of February 2017, by Natalia Mogilevsky and Ilia Mogilevsky, Managers of 1205 Abaco Lane, LLC, a Florida limited liability company, who (x) is personally known to me or who (    ) have produced _____ as identification."

148.    Upon information and belief, Defendant Natalia Mogilevsky never met Defendant Erikah Bertoloti.

149.    Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Erikah Bertoloti on January 12, 2017 to sign a warranty deed dated February 23, 2017 from 1205 Abaco Lane, LLC to Justin Dalmolin and Jaime T. Snarski.

150.    Upon information and belief, Defendant Erikah Bertoloti did not witness Defendant Natalia Mogilevsky signing the a warranty deed dated February 23, 2017 from 1205 Abaco Lane, LLC to Justin Dalmolin and Jaime T. Snarski.

151.    Upon information and belief, Defendant Erikah Bertoloti notarized the signature of Defendant Natalia Mogilevsky on a warranty deed dated April 12, 2017 from

FHB Investments, LLC to Elite Management Group of South Florida, LLC, a Wyoming Limited Liability Company.

152.    The acknowledgment which Defendant Erikah Bertoloti signed on April 12, 2017 states that "The foregoing instrument was sworn to and acknowledged before me this 12th day of April 2017, by Ilia Mogilevsky and Natalia Mogilevsky, managers of Baikal Real Estate Holdings, LLC, a Florida limited limited liability company, as Manager of FHB Investments, LLC, a Florida limited limited liability company who (x) is personally known to me or who (   ) have produced _____ as identification."

153.    Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Erikah Bertoloti on April 12, 2017 a warranty deed dated April 12, 2017 from FHB Investments, LLC to Elite Management Group of South Florida, LLC, a Wyoming Limited Liability Company.

154.    Upon information and belief, Defendant Erikah Bertoloti did not witness Defendant Natalia Mogilevsky signing the warranty deed dated April 12, 2017 from FHB Investments, LLC to Elite Management Group of South Florida, LLC, a Wyoming Limited Liability Company.

155.    Upon information and belief, Defendant Erikah Bertoloti notarized the signature of Defendant Natalia Mogilevsky on a "Bill of Sale, Absolute" dated April 12, 2017 selling property from FHB Investments, LLC to Elite Management Group of South Florida, LLC, a Wyoming Limited Liability Company.

156.    The acknowledgment which Defendant Erikah Bertoloti signed on April 12, 2017 states that "The foregoing instrument was sworn to and acknowledged before me this 12th day of April 2017, by Ilia Mogilevsky and Natalia Mogilevsky, as managers of

Baikal Real Estate Holdings, LLC, a Florida limited limited liability company, manager of FHB Investments, LLC, a Florida limited limited liability company who (x) are personally known to me or who (  ) have produced _____ as identification."

157.   Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Erikah Bertoloti on April 12, 2017 to sign any "Bill of Sale, Absolute".

158.   Upon information and belief, Defendant Erikah Bertoloti did not witness Defendant Natalia Mogilevsky signing the "Bill of Sale, Absolute" dated April 12, 2017 selling property from FHB Investments, LLC to Elite Management Group of South Florida, LLC, a Wyoming Limited Liability Company.

159.   Upon information and belief, Defendant Erikah Bertoloti notarized the signature of Defendant Natalia Mogilevsky on a "Corporate Owner / Seller Affidavit" dated April 12, 2017 for a transaction selling real property from FHB Investments, LLC to Elite Management Group of South Florida, LLC, a Wyoming Limited Liability Company.

160.   The acknowledgment which Defendant Erikah Bertoloti signed on April 12, 2017 states that "The foregoing instrument was sworn to and acknowledged before me this 12th day of April 2017, by Ilia Mogilevsky and Natalia Mogilevsky, as managers of Baikal Real Estate Holdings, LLC, a Florida limited limited liability company, manager of FHB Investments, LLC, a Florida limited limited liability company who (x) are personally known to me or who (  ) have produced _____ as identification."

161.   Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Erikah Bertoloti on April 12, 2017 to sign any "Corporate Owner / Seller Affidavit".

162.    Upon information and belief, Defendant Erikah Bertoloti did not witness Defendant Natalia Mogilevsky signing the "Bill of Sale, Absolute" dated April 12, 2017 selling property from FHB Investments, LLC to Elite Management Group of South Florida, LLC, a Wyoming Limited Liability Company.

163.    On January 3, 2017, Defendant Ilia Mogilevsky filed the 2017 Florida Limited Liabiltiy Company Annual Report which states that Defendant Erikah Bertoloti is an "Authorized Representative" of FHB Investments, LLC in the office of the Florida Secretary of State.

164.    Plaintiff has been damaged as a result of the false and fraudulent notarization of the alleged signatures of Defendant Natalia Mogilevsky by Defendant Erikah Bertoloti.

165.    Upon information and belief, Defendant Kristin Demeritt notarized the signature of Defendant Natalia Mogilevsky on an affidavit dated October 27, 2016 recorded in Official Records Book 28673, Page 0828 of the Public Records of Palm Beach County, Florida **(Exhibit "5")**.

166.    The acknowledgment which Defendant Kristin Demeritt signed on October 27, 2016 states that "The foregoing instrument was sworn to and acknowledged before me this 27th day of October 2016, by Ilia Mogilevsky and Natalia Mogilevsky, who are personally known to me or have produced _____ as identification."

167.    Upon information and belief, Defendant Natalia Mogilevsky never met Defendant Kristin Demeritt.

168.    Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Kristin Demeritt on October 27, 2016.

169.     Upon information and belief, Defendant Kristin Demeritt did not witness Defendant Natalia Mogilevsky signing the affidavit dated October 27, 2016 recorded in Official Records Book 28673, Page 0828 of the Public Records of Palm Beach County, Florida.

170.     Plaintiff has been damaged as a result of the false and fraudulent notarization of the alleged signatures of Defendant Natalia Mogilevsky by Defendant Kristin Demeritt.

171.     Upon information and belief, Defendant Kristin Demeritt notarized the signature of Defendant Natalia Mogilevsky on an affidavit dated May 25, 2016 recorded in Official Records Book 28401, Page 1060 of the Public Records of Palm Beach County, Florida **(Exhibit "6")**.

172.     The acknowledgment which Defendant Kristin Demeritt signed on May 25, 2016 states that "The foregoing instrument was sworn to and acknowledged before me this 25 day of May 2016, by Ilia Mogilevsky and Natalia Mogilevsky, who are personally known to me or have produced 'Fl Dl" as identification."

173.     Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Kristin Demeritt on May 25, 2016.

174.     Upon information and belief, Defendant Kristin Demeritt did not witness Defendant Natalia Mogilevsky signing the affidavit dated May 25, 2016 recorded in Official Records Book 28401, Page 1060 of the Public Records of Palm Beach County, Florida.

175.     Upon information and belief, Defendant Kristin Demeritt notarized the signature of Defendant Natalia Mogilevsky on an affidavit dated May 25, 2016 recorded in

Official Records Book 28399, Page 419 of the Public Records of Palm Beach County, Florida **(Exhibit "7")**.

176.    The acknowledgment which Defendant Kristin Demeritt signed on May 25, 2016 states that "The foregoing instrument was sworn to and acknowledged before me this 25 day of May 2016, by Ilia Mogilevsky and Natalia Mogilevsky, who are personally known to me or have produced 'Fl Dl" as identification."

177.    Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Kristin Demeritt on May 25, 2016.

178.    Upon information and belief, Defendant Kristin Demeritt did not witness Defendant Natalia Mogilevsky signing the affidavit dated May 25, 2016 recorded in Official Records Book 28399, Page 419 of the Public Records of Palm Beach County, Florida.

179.    Upon information and belief, Defendant Kristin Demeritt notarized the signature of Defendant Natalia Mogilevsky on an affidavit dated May 25, 2016 recorded in Official Records Book 28399, Page 459 of the Public Records of Palm Beach County, Florida **(Exhibit "8")**.

180.    The acknowledgment which Defendant Kristin Demeritt signed on May 25, 2016 states that "The foregoing instrument was sworn to and acknowledged before me this 25 day of May 2016, by Ilia Mogilevsky and Natalia Mogilevsky, who are personally known to me or have produced 'Fl Dl" as identification."

181.    Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Kristin Demeritt on May 25, 2016.

182.    Upon information and belief, Defendant Kristin Demeritt did not witness Defendant Natalia Mogilevsky signing the affidavit dated May 25, 2016 recorded in Official Records Book 28399, Page 459 of the Public Records of Palm Beach County, Florida.

183.    Upon information and belief, Defendant Kristin Demeritt notarized the signature of Defendant Natalia Mogilevsky on an affidavit dated July 7, 2016 recorded in Official Records Book 28433, Page 0958 of the Public Records of Palm Beach County, Florida **(Exhibit "9")**.

184.    The acknowledgment which Defendant Kristin Demeritt signed on July 7, 2016 states that "The foregoing instrument was sworn to and acknowledged before me this 7th day of July 2016, by Ilia Mogilevsky and Natalia Mogilevsky, who are personally known to me or have produced 'FlDl" as identification."

185.    Upon information and belief, Defendant Natalia Mogilevsky never met Defendant Kristin Demeritt.

186.    Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Kristin Demeritt on July 7, 2016.

187.    Upon information and belief, Defendant Kristin Demeritt did not witness Defendant Natalia Mogilevsky signing the affidavit dated July 7, 2016 recorded in Official Records Book 28433, Page 0958 of the Public Records of Palm Beach County, Florida.

188.    Upon information and belief, Defendant Kristin Demeritt notarized the signature of Defendant Natalia Mogilevsky on an affidavit dated July 7, 2016 recorded in

Official Records Book 28432, Page 1571 of the Public Records of Palm Beach County, Florida **(Exhibit "10")**.

189.    The acknowledgment which Defendant Kristin Demeritt signed on July 7, 2016 states that "The foregoing instrument was sworn to and acknowledged before me this 7th day of July 2016, by Ilia Mogilevsky and Natalia Mogilevsky, who are personally known to me or have produced 'FlDl' as identification."

190.    Upon information and belief, Defendant Natalia Mogilevsky never met Defendant Kristin Demeritt.

191.    Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Kristin Demeritt on July 7, 2016 to sign an affidavit dated July 7, 2016 recorded in Official Records Book 28432, Page 1571 of the Public Records of Palm Beach County, Florida.

192.    Upon information and belief, Defendant Kristin Demeritt did not witness Defendant Natalia Mogilevsky signing the affidavit dated July 7, 2016 recorded in Official Records Book 28432, Page 1571 of the Public Records of Palm Beach County, Florida.

193.    Upon information and belief, Defendant Stephanie Reeves notarized the signature of Defendant Natalia Mogilevsky on an affidavit dated September 30, 2016 recorded in Official Records Book 28626, Page 0973 of the Public Records of Palm Beach County, Florida **(Exhibit "11")**.

194.    The acknowledgment which Defendant Stephanie Reeves signed on September 30, 2016 states that "The foregoing instrument was sworn to and acknowledged

before me this 30th day of September 2016, by Natalia Mogilevsky, who are personally known to me or have produced Florida Driver license as identification."

195.    Upon information and belief, Defendant Natalia Mogilevsky never met Defendant Stephanie Reeves on September 30, 2016.

196.    Upon information and belief, Defendant Natalia Mogilevsky did not appear before Defendant Stephanie Reeves on September 30, 2016.

197.    Upon information and belief, Defendant Stephanie Reeves did not witness Defendant Natalia Mogilevsky signing the affidavit dated September 30, 2016 recorded in Official Records Book 28626, Page 0973 of the Public Records of Palm Beach County, Florida.

198.    Plaintiff has been damaged as a result of the false and fraudulent notarization of the alleged signature of Defendant Natalia Mogilevsky by Defendant Stephanie Reeves.

## URGENT INJUNCTIVE RELIEF IF REQUIRED DUE TO THEFT OF PROPERTY

199.    At all times, Plaintiff was and is the sole grantor of US Land Trust, a Florida Revocable Trust.

200.    At all times, Plaintiff was and is the owner of 100% of the membership interests in US Land Trust, LLC, a Florida limited liability company.

201.    On May 23, 2014, US Land Trust, LLC a limited liability company owned solely by Plaintiff, purchased the real property located at 46 Bermuda Lakes Drive, Palm Beach Gardens, Florida for the sum of $360,000 **(Exhibit "12" – Deed).**

202.    On July 8, 2014, US Land Trust, LLC a limited liability company owned solely by Plaintiff, purchased the real property located at 147 Sedona Way, Palm Beach Gardens, Florida for the sum of $548,500 **(Exhibit "13" – Deed).**

203.    Upon information and belief, on or about January 20, 2015, Defendant Ilia Mogilevsky caused the deed for the real property located at 46 Bermuda Lakes Drive, Palm Beach Gardens, Florida owned by Plaintiff's wholly owned limited liability company, US Land Trust, LLC to be tranferred for no consideration to Berona, LLC, a Florida limited liability company **(Exhibit "14" – Deed).**

204.    Upon information and belief, on or about November 20, 2016, Defendant Ilia Mogilevsky caused the deed for the real property located at 46 Bermuda Lakes Drive, Palm Beach Gardens, Florida owned by Plaintiff's wholly owned limited liability company, US Land Trust, LLC to be tranferred for no consideration from Berona, LLC back to US Land Trust, LLC **(Exhibit "15" – Deed).**

205.    Upon information and belief, on or about November 20, 2015, Defendant Ilia Mogilevsky caused the deed for the real property located at 147 Sedona Way, Palm Beach Gardens, Florida owned by Plaintiff's wholly owned limited liability company, US Land Trust, LLC to be tranferred for no consideration to Berona, LLC, a Florida limited liability company **(Exhibit "16" – Deed).**

206.    Upon information and belief, on or about January 3, 2017, Defendant Ilia Mogilevsky caused the deed for the real property located at 147 Sedona Way, Palm Beach Gardens, Florida owned by Plaintiff's wholly owned limited liability company, US Land Trust, LLC to be tranferred for no consideration from Berona, LLC back to US Land Trust, LLC **(Exhibit "17" – Deed).**

207.    Upon information and belief, on or about May 9, 2017, Defendant Ilia Mogilevsky received the sum of approximately $1,050,000 by taking a loan from Civil Financial Services, LLC a California limited liability company by signing the mortgage and upon information and belief the mortgage note, as manager of Defendant Ilia Capital, LLC which   on behalf of Defendant US Land Trust, LLC, the entity owned by Plaintiff encumbering the real property owned by Defendant US Land Trust, LLC located at 147 Sedona Way, Palm Beach Gardens, Florida and at 46 Bermuda Lakes Drive, Palm Beach Gardens, Florida.

208.    Defendant Ilia Capital, LLC has no ownership interest in Defendant US Land Trust, LLC.

209.    Defendant Ilia Mogilevsky has no ownership interest in Defendant US Land Trust, LLC.

210.    Upon information and belief, Defendant Ilia Mogilevsky signed a mortgage and borrowed over $1,000,000 on the real property located at 147 Sedona Way, Palm Beach Gardens, Florida and at 46 Bermuda Lakes Drive, Palm Beach Gardens, Florida, although Defendant Ilia Mogilevsky had and never has had any no ownership interest in Defendant US Land Trust, LLC.  **A copy of the said mortgage is annexed hereto as Exhibit "18".**

211.    Upon information and belief, Defendant Ilia Mogilevsky took over $1,000,000 from the mortgaging of the real property located at 147 Sedona Way, Palm Beach Gardens, Florida and at 46 Bermuda Lakes Drive, Palm Beach Gardens, Florida, although Defendant Ilia Mogilevsky had and never had any ownership interest in Defendant US Land Trust, LLC.

212.    Upon information and belief, Defendant Ilia Capital LLC took over $1,000,000 from the mortgaging of the real property located at 147 Sedona Way, Palm Beach Gardens, Florida and at 46 Bermuda Lakes Drive, Palm Beach Gardens, Florida, although Defendant Ilia Mogilevsky had and never had any ownership interest in Defendant US Land Trust, LLC.

213.    Upon information and belief, Defendant Ilia Mogilevsky misrepresented to Civil Financial Services, LLC that Defendant US Land Trust, LLC was owned by Defendant Ilia Mogilevsky when in fact, Defendant Ilia Mogilevsky had and never had any ownership interest in Defendant US Land Trust, LLC.

214.    Upon information and belief, Defendant Ilia Capital LLC misrepresented to Civil Financial Services, LLC that Defendant US Land Trust, LLC was owned by Defendant Ilia Capital LLC when in fact, Defendant Ilia Capital LLC had and never had any ownership interest in Defendant US Land Trust, LLC.

215.    Upon information and belief, Defendant Leslie Robert Evans & Associates, P.A. was the law firm that Defendant Ilia Mogilevsky hired to close the loan from Civil Financial Services, LLC to Defendant US Land Trust, LLC, although Plaintiff was the owner of Defendant US Land Trust, LLC.

216.    Upon information and belief, Defendant Leslie Robert Evans & Associates, P.A. knew that Defendant US Land Trust, LLC was owned by Plaintiff.

217.    Upon information and belief, Defendant Leslie Robert Evans & Associates, P.A. knew that Defendant US Land Trust, LLC was NOT owned by Defendant Ilia Mogilevsky.

218.    Upon information and belief, Defendant Leslie Robert Evans & Associates, P.A. knew that Defendant US Land Trust, LLC was NOT owned by Defendant Ilia Capital LLC.

219.    Plaintiff never authorized Defendant Ilia Capital LLC to be a manager of Defendant US Land Trust, LLC.

220.    The mortgage from Defendant US Land Trust, LLC to Civil Financial Services, LLC was, upon information and belief, notartized by Jason Evans, an employee of Defendant Leslie Robert Evans & Associates, P.A.

221.    As a result of the notarization of the mortgage from Defendant US Land Trust, LLC to Civil Financial Services, LLC, Plaintiff was injured.

222.    As a result of Defendant Leslie Robert Evans & Associates, P.A. permitting Defendant Ilia Mogilevsky to execute the mortgage from Defendant US Land Trust, LLC to Civil Financial Services, LLC, Plaintiff was injured.

223.    A temporary injunction and temporary restraining order should be issued to restrain and enjoin all of the defendant entities[2] and Defendant Ilia Mogilevsky from transferring any assets and from encumbering any real property owned by Defendant Ilia Mogilevsky and the Defendant entities[3].

### HISTORY AND PRIOR FRAUDS BY DEFENDANT ILIA MOGILEVSKY
### AND PRIOR RACKETEERING ACTIVITY BY DEFENDANT ILIA MOGILEVSKY

224.    Plaintiff was solicited by Defendant Ilia Mogilevsky to transfer money to Plaintiff's bank account in the United States, where Defendant Ilia Mogilevsky said that he

---

[2] No restraint or injunction is sought against Leslie Robert Evans & Associates, P.A. which is a defendant and an "entity".

[3] No restrain or injunction is sought against Leslie Robert Evans & Associates, P.A. which is a defendant and an "entity"

would use Plaintiff's money to invest in real estate properties in the Florida which Plaintiff would solely own and that Defendant Ilia Mogilevsky would manage and receive a management fee only of upon information and belief, approximately 5% of rents and 10% of profits from sales of real properties.

225.    Plaintiff was solicited by Defendant Natalia Mogilevsky to transfer money to Plaintiff's bank account in the United States, where Defendant Natalia Mogilevsky said that her husband, Defendant Ilia Mogilevsky would invest Plaintiff's money in real estate properties in Florida which Plaintiff would solely own and that Defendant Ilia Mogilevsky would manage and receive a management fee only.

226.    Upon information and belief, Defendant Ilia Mogilevsky has committed prior fraudulent acts causing millions of dollars of harm.

227.    On or about January 20, 2009, Hillcrest Bank Florida commenced an action against Defendant Ilia Mogilevsky in the action entitled *Hillcrest Bank Florida v. 610 Clematis Retail Properties, LLC, a dissolved Florida limited liability company and Ilia Mogilevsky, individually, et.al.*, Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Case No. 50-2009-CA-001846-XXXX-MB (the "Hillcrest Bank Action"). The complaint in the Hillcrest Bank Action is annexed hereto as **Exhibit "19"**.

228.    On December 17, 2007, Defendant Ilia Mogilevsky guaranteed a loan made by Hillcrest Bank Florida to 610 Clematis Retail Properties LLC in the amount of $2,200,000.

229.    Upon information and belief, 610 Clematis Retail Properties LLC was a Florida limited liability company formed on or about August 5, 2005 by Defendant Ilia Mogilevsky.

230.    Upon information and belief, Defendant Ilia Mogilevsky was the manager of 610 Clematis Retail Properties LLC as set forth on the 2007 Limited Liability Company Annual Report filed in the office of the Florida Secretary of State on August 10, 2007 and the 2009 Limited Liability Company Annual Report filed in the office of the Florida Secretary of State on February 17, 2009.

231.    Upon information and belief, 610 Clematis Retail Properties LLC acquired the real property located at and known as Units CU-1, CU-2, CU-3, CU-4 and CU-5 in 610 Clematis, a condominium according to the declaration thereof as recorded in Official Records Book 19653, Page 0383 of the Public Records of Palm Beach County, Florida together with an undivided share in the common elements appurtenant thereto for the sum of $2,722,875 on January 3, 2006.

232.    Units CU-2, CU-3, CU-4 and CU-5 in 610 Clematis Condominium are hereafter referred to as the "610 Clematis Property".

233.    Upon information and belief, on or about December 5, 2006, 610 Clematis Retail Properties LLC sold the unit known as Unit CU-1 in the 610 Clematis Condominium to John J. Henao and Carolina Henao for the sum of $680,000.00.

234.    Upon information and belief, after the sale of Unit CU-1 in the 610 Clematis Condominium by 610 Clematis Retail Properties LLC, their purchase cost in Units CU-2, CU-3, CU-4 and CU-5 in the 610 Clematis Condominium was $2,042,875 ($2,722,875 less the $680,000 received from the sale of Unit CU-1).

235.    Upon information and belief, Hillcrest Bank Florida provided a loan in the amount of $2,200,000 to 610 Clematis Retail Properties LLC.

236.    Upon information and belief, after the sale of Unit CU-1 in the 610 Clematis Condominium and the obtaining of the $2,200,000 loan from Hillcrest Bank Florida, 610 Clematis Retail Properties LLC had no equity in Units CU-2, CU-3, CU-4 and CU-5 in the 610 Clematis Condominium and then derived revenue and then defaulted leaving Hillcrest Bank Florida with loss of over $2,700,000.

237.    Upon information and belief, Hillcrest Bank Florida obtained a judgment against 610 Clematis Retail Properties LLC and Defendant Ilia Mogilevsky in the amount of $2,708,505.05.

238.    On October 31, 2011, after the foreclosure in the Hillcrest Bank Action, the 610 Clematis Property was transferred by the receiver for Hillcrest Bank Florida to the Federal Deposit Insurance Corporation by United States Marshal Deed recorded in the Official Records Book 24917, Page 0334 of the Public Records of Palm Beach County, Florida **(Exhibit "20")**.

239.    Upon information and belief, on or about August 8, 2012, the Federal Deposit Insurance Corporation disposed of Units CU-2, CU-3, CU-4 and CU-5 of 610 Clematis for $10 consideration by CRE 2011 REO Fl-Retail, LLC by Special Warranty Deed recorded in Official Records Book 25382, Page 1208 of the Public Records of Palm Beach County, Florida **(Exhibit "21").**

240.    Upon information and belief, on or about June 19, 2013, CRE 2011 REO Fl-Retail, LLC sold Units CU-2, CU-3, CU-4 and CU-5 of 610 Clematis for $418,700 to KW 610, LLC by Corporate Warranty Deed recorded in Official Records Book 26167, Page 0750 of the Public Records of Palm Beach County, Florida **(Exhibit "22")**.

241.    Hillcrest Bank Action sued Defendant Ilia Mogilevsky for fraud.

242.    In the Hillcrest Bank Action, Hillcrest Bank Florida alleged that "In his personal financial statement, Guarantor (Defendant Ilia Mogilevsky) represented to Bank that he owned the following parcels of real property – 21535 Baccarat Lane, # 203, Estero, Florida and 773 Cresta Circle, West Palm Beach, Florida.  He further represented that these properties were owned free and clear, had a combined approximate value of $845,000, and as to the West Palm Beach property, generated gross rental income of $27,600 per year."[4]

243.    It was alleged in the Hillcrest Bank Complaint that while Defendant Ilia Mogilevsky submitted a personal financial statement to Hillcrest Bank Complaint dated November 1, 2007, in fact the real properties which he listed on his personal financial statement were sold months before.

244.    Upon information and belief, Defendant Ilia Mogilevsky made fraudulent representations to Hillcrest Bank Florida, a bank which relied upon the fraudulent representations by Defendant Ilia Mogilevsky, a bank which ultimately was shut down by the Florida Office of Financial Regulation because of bad loans.

245.    It was alleged in the Hillcrest Bank Complaint that at the time that Hillcrest Bank Florida issued a loan commitment to Defendant Ilia Mogilevsky, and at the time that Hillcrest Bank Florida closed the loan with Defendant Ilia Mogilevsky, Defendant Ilia Mogilevsky never disclosed to Hillcrest Bank Florida that the real properties located at 21535 Baccarat Lane, # 203, Estero, Florida and 773 Cresta Circle, West Palm Beach, Florida were sold.

---

[4] Complaint paragraph "29" in the Hillcrest Bank Action.

246.   The real property located at 773 Cresta Circle, West Palm Beach, Florida was listed as an asset on the personal financial statement given by Defendant Ilia Mogilevsky to Hillcrest Bank Florida.

247.   A copy of the personal financial statement given by Defendant Ilia Mogilevsky to Hillcrest Bank Florida is annexed hereto as **Exhibit "23"**, which was an exhibit to the complaint in the Hillcrest Bank Action (the "Personal Financial Statement").

248.   The Personal Financial Statement was allegedly received by Hillcrest Bank Florida on January 24, 2007.

249.   On the Personal Financial Statement, Defendant Ilia Mogilevsky claims to have had a net forth of approximately $7,348,738.

250.   On page 5 of the Personal Financial Statement, Defendant Ilia Mogilevsky claims that he had 100% ownership of the real property located at 773 Cresta Circle, West Palm Beach, Florida.

251.   Sofia Mogilevsky is Defendant Ilia Mogilevsky's mother.

252.   The fact is that on May 25, 2006, Defendant Ilia Mogilevsky transferred the ownership of the real property located at 773 Cresta Circle, West Palm Beach, Florida to his mother, Sofia Mogilevsky.

253.   The fact is that Defendant Ilia Mogilevsky lied to Hillcrest Bank Florida because Defendant Ilia Mogilevsky did not own any interest in the real property located at 773 Cresta Circle, West Palm Beach, Florida after May 25, 2006, some eight (8) months prior to signing the Personal Financial Statement, which Hillcrest Bank Florida used to make the decision to give 610 Clematis Retail Properties, LLC a loan.

254.   The loan from Hillcrest Bank Florida closed on December 17, 2007.

255.     On April 5, 2007, the real property located at 773 Cresta Circle, West Palm Beach, Florida was sold by Sofia Mogilevsky to Mary Annette Goodrich for the sum of $625,000.00 **(Exhibit "24" – Deed)**.

256.     Defendant Ilia Mogilevsky did not own the real property located at 773 Cresta Circle, West Palm Beach, Florida when he submitted the Personal Financial Statement to Hillcrest Bank Florida, but fraudulently represented to Hillcrest Bank Florida that he in fact owned the said real property.

257.     On June 6, 2007, the real property located at 21535 Baccarat Lane, # 203, Estero, Florida was sold by Defendant Ilia Mogilevsky also to Mary Annette Goodrich (the person who purchased the real property located at 773 Cresta Circle, West Palm Beach, Florida from Sofia Mogilevsky) for the sum of $650,000.00 **(Exhibit "25" – Deed)**.

258.     Defendant Ilia Mogilevsky did not own the real property located at 773 Cresta Circle, West Palm Beach, Florida when he signed the personal guaranty to Hillcrest Bank Florida, but fraudulently represented to Hillcrest Bank Florida that he in fact owned the said real property.

259.     Upon information and belief, Defendant Ilia Mogilevsky committed a predicate act under RICO when he represented to Hillcrest Bank Florida that two real properties were owned free and clear by him and had a combined approximate value of $845,000, and as to the West Palm Beach property, generated gross rental income of $27,600 per year, when in fact Defendant Ilia Mogilevsky did not own the real properties.

260.     Hillcrest Bank Florida was closed by the Florida Office of Financial Regulation, and the Federal Deposit Insurance Corporation was named as Receiver of the assets of Hillcrest Bank Florida.

261.     Upon information and belief, Hillcrest Bank Florida was closed by the Florida Office of Financial Regulation because it gave loans to entities and individuals that committed frauds upon Hillcrest Bank Florida **(Exhibit "26")**.

262.     Upon information and belief, Defendant Ilia Mogilevsky was an individual who gave a personal guaranty to Hillcrest Bank Florida which was fraudulent and which resulted in the closing of Hillcrest Bank Florida by the Florida Office of Financial Regulation.

263.     The real property located at 610 Clematis Street, West Palm Beach, Florida ultimately sold for the sum of $10 after Hillcrest Bank Florida foreclosed on the mortgage.

264.     Upon information and belief, Hillcrest Bank Florida lost over $2,700,000 on the $2,200,000 mortgage loan made to 610 Clematis Retail Properties LLC.

265.     Defendant Ilia Mogilevsky has a history and pattern of frauds involving real estate.

## BANKRUPTCY FILING BY ILIA MOGILEVSKY

266.     On September 24, 2010, Defendant Ilia Mogilevsky filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida under Case No. 10-38849-EPK ("Ilia Mogilevsky Bankruptcy Case").  A copy of the Chapter 7 Bankruptcy Petition in the Ilia Mogilevsky Bankruptcy Case is annexed hereto as **Exhibit "27"**.

267.     In the Ilia Mogilevsky Bankruptcy Case filing on September 24, 2010, Defendant Ilia Mogilevsky claimed that his total assets were between **$0 and $50,000**.

268.     In the Ilia Mogilevsky Bankruptcy Case filing on September 24, 2010, Defendant Ilia Mogilevsky claimed that his total liabilities were between **$1,000,001 and $10,000,000**.

269.     In the Ilia Mogilevsky Bankruptcy Case filing of bankruptcy schedules filed on October 8, 2010, Defendant Ilia Mogilevsky claimed that his total assets were **$1,002,384**, which consisted of:

   a.     a residence located at 12 Martinique Cove, Palm Beach Gardens, Florida with a value of $515,074 and no secured claims;

   b.     a condominium residence located at 663 Hibiscus Street, West Palm Beach, Florida with a value of $287,000 with unknown claims; and

   c.     a residence located at 9590 Osprey Isles Boulevard, West Palm Beach, Florida with a value of $200,310 and secured claims of $352,894;

   d.     personal property amounting to $3,983.40; and

   e.     office equipment amounting to $150.00.

270.     In the Ilia Mogilevsky Bankruptcy Case filing of bankruptcy schedules filed on October 8, 2010, Defendant Ilia Mogilevsky claimed that his total liabilities were **$1,202,681.00.**

271.     The condominium residence located at 663 Hibiscus Street, West Palm Beach, Florida was purchased by Defendant Ilia Mogilevsky on April 11, 2007 for the sum of $465,000 pursuant to a Warranty Deed recorded in the Official Records Book 21638, Page 1595 of the Public Records of Palm Beach County, Florida **(Exhibit "28")**.

272.     On April 18, 2007, Defendant Ilia Mogilevsky obtained a mortgage loan from Wachovia Mortgage Corporation for the purchase of the residence located at 663

Hibiscus Street, West Palm Beach, Florida in the amount of $372,000 pursuant to a mortgage recorded in the Official Records Book 21638, Page 1600 of the Public Records of Palm Beach County, Florida **(Exhibit "29")**.

273.    Upon information and belief, Defendant Ilia Mogilevsky defaulted in the mortgage obligations on the residence located at 663 Hibiscus Street, West Palm Beach, Florida, which was rented to non-party tenants, and while a foreclosure action was ongoing, Defendant Ilia Mogilevsky collected rents and did not pay the real estate taxes or mortgage payments.

274.    On January 2, 2014, the Certificate of Title was recorded in the Official Records Book 26581, Page 0237 of the Public Records of Palm Beach County, Florida conveying title to the said property to the Federal National Mortgage Association, as a result of the foreclosure of the said property due to the default in the mortgage obligations by Defendant Ilia Mogilevsky to Wachovia Mortgage Corporation **(Exhibit "30")**.

275.    On September 25, 2015, the Federal National Mortgage Association sold the residence located at 663 Hibiscus Street, West Palm Beach, Florida to Jonathan Reed for the sum of $341,900.00 by Special Warranty Deed recorded in the Official Records Book 27834, Page 0167 of the Public Records of Palm Beach County, Florida **(Exhibit "31")**.

276.    After eight (8) years from Wachovia Mortgage Corporation providing a mortgage loan to Defendant Ilia Mogilevsky, the Federal National Mortgage Association and/or Wachovia Mortgage Corporation lost over tens of thousands of dollars as a result of the default of the mortgage loan by Defendant Ilia Mogilevsky.

277.    While lenders and others were losing money due to the actions of Defendant Ilia Mogilevsky, Defendant Ilia Mogilevsky was driving a 2010 Mercedes Benz

E350, which Defendant Ilia Mogilevsky claimed on his bankruptcy petition was owned by Andriy Khrystoforov and "loaned to Debtor" Defendant Ilia Mogilevsky.

278.    On December 1, 2010, the Federal Deposit Insurance Corporation, as Receiver for Hillcrest Bank Florida ("FDIC") filed an adversary proceeding against Defendant Ilia Mogilevsky in the United States Bankruptcy Court for the Southern District of Florida in Case No. 10-38849-BKC-EPK.   A copy of the complaint is annexed hereto as **Exhibit "4"** – the "FDIC Complaint".

279.    FDIC claimed in its complaint against Defendant Ilia Mogilevsky that "Debtor (Defendant Ilia Mogilevsky) advised the Hillcrest Bank Florida loan officer, with whom he had worked previously at Wachovia Bank, that the primary purpose for refinancing the subject loan was to cash out sufficient funds to build out the four commercial units which served as collateral for the loan" (Paragraph "5" of the FDIC Complaint).

280.    FDIC also claimed in its complaint against Defendant Ilia Mogilevsky that "Debtor (Defendant Ilia Mogilevsky) also represented to Hillcrest Bank Florida that the units in question were fully leased, and Hillcrest Bank Florida, in underwriting the loan, considered the cash flow from these leases as the primary source of repayment for the loan…" (Paragraph "6" of the FDIC Complaint").

281.    Upon information and belief, Defendant Ilia Mogilevsky submitted leases to Hillcrest Bank Florida which were annexed as Exhibit "C" to the FDIC Complaint.

282.    FDIC claimed in its complaint against Defendant Ilia Mogilevsky that "Debtor's (Defendant Ilia Mogilevsky) representations regarding his intended use of the net proceeds of the loan, the 'fully leased' status of the subject commercial units, and the representations in his financial statement, Hillcrest Bank Florida approved a loan to Debtor's

entity in the original principal amount of $2,200,000" (Paragraph "7" of the FDIC Complaint").

283.    FDIC claimed in its complaint against Defendant Ilia Mogilevsky that at the time of the closing of the loan, the sum of net proceeds amounting to $728,995.89 was paid by Hillcrest Bank Florida to Defendant Ilia Mogilevsky's entity, 610 Clematis Retail Properties LLC on December 17, 2007 (Paragraph "8" of the FDIC Complaint").

284.    FDIC claimed in its complaint against Defendant Ilia Mogilevsky that "Upon information and belief, none of this money was utilized, as had been represented, to improve the subject units in anticipation of the tenants taking occupancy; rather, Debtor deposited the money in his personal bank account, and used the money for purposes unrelated to the business of his borrowing entity" (Paragraph "8" of the FDIC Complaint").

285.    FDIC claimed in its complaint against Defendant Ilia Mogilevsky that "Within eight months of the loan being funded, the loan went into default.  The 'tenants' never took possession of the commercial units, which at all material times have remained vacant.  No legal action was taken by the Debtor to enforce his entity's rights under the leases attached hereto" (Paragraph "9" of the FDIC Complaint").

286.    FDIC stated in its complaint against Defendant Ilia Mogilevsky that Defendant Ilia Mogilevsky made misrepresentations to Hillcrest Bank Florida, including:

    a. Defendant Ilia Mogilevsky's "representation in his financial statement that he personally possessed personal property worth in excess of $9 million, and had a net worth in excess of $7.3 million; these representations were false when made";

    b. Defendant Ilia Mogilevsky's "representation in his financial statement that he personally owned residences valued at $1.4 million, with only $254,000 of debt against htem, and that he had additional real estate investments worth over $6 million; these statements were false when made";

c. Defendant Ilia Mogilevsky's "representation in his financial statement that he owned property located on Cresta Circle in West Palm Beach and on Baccarat Lane in Estero, Florida, when in fact he had sold or otherwise transferred these properties well before he closed on his loan with Hillcrest Bank Florida";

d. Defendant Ilia Mogilevsky's "representation regarding the 'fully leased' status of the units, and the rental income that was to be generated as a result; the leases were shams, and submitted solely for the purpose of fraudulently inducing Hillcrest Bank Florida to approve the subject loan";

e. Defendant Ilia Mogilevsky's "representation regarding his expected use of the net proceeds from the loan, which were false when made";

f. Defendant Ilia Mogilevsky's "stated intent to make substantial deposits with Hillcrest Bank Florida, which he never did".

287.    Upon information and belief, one of the leases that Defendant Ilia Mogilevsky submitted to Hillcrest Bank Florida was a lease dated May 18, 2007 between 610 Clematis Retail Properties, LLC as landlord and Colosseum Collection, Inc. a Florida Corporation as tenant **(Exhibit "32" – the Colosseum Lease)**.

288.    Upon information and belief, according a search with the Florida Secretary of State, Colosseum Collection, Inc. was never registed as a corporation in the State of Florida.

289.    Upon information and belief, one of the leases that Defendant Ilia Mogilevsky submitted to Hillcrest Bank Florida was a lease dated July 23, 2007 between 610 Clematis Retail Properties, LLC as landlord and NetSet Solutions Inc., a Florida Corporation as tenant **(Exhibit "33" – the NetSet Solutions Inc. Lease)**.

290.    According to a search with the Florida Secretary of State, NetSet Solutions Inc. is a corporation owned by Defendant Frank Cavallino.

291.    Upon information and belief, Defendant Frank Cavallino is a defendant in this action because on or about January 19, 2017, Defendant Frank Cavallino claimed to have witnessed the signature of Defendant Natalia Mogilevsky on a Membership Interest Transfer Agreement transferring 100% ownership of US Land Trust, LLC from Plaintiff to Ilia Capital LLC, which Plaintiff never signed.

292.    Upon information and belief, Defendant Frank Cavallino is a defendant in this action because on or about January 19, 2017, Defendant Frank Cavallino claimed to have witnessed the signature of Defendant Natalia Mogilevsky on a Membership Interest Transfer Agreement transferring 100% ownership of US Land Trust, LLC from Plaintiff to Ilia Capital LLC, which upon information and belief, Defendant Natalia Mogilevsky never signed.

293.    Upon information and belief, Defendant Frank Cavallino provided a false affidavit dated January 8, 2018 stating that he "personally witnessed the signatures of both Natalia Mogilevsky and Ilia Mogilevsky on January 19, 2017", which was untrue.

294.    Upon information and belief, Defendant Frank Cavallino provided an affidavit dated January 8, 2018 stating that he had witnessed Defendant Natalia Mogilevsky give away all of Plaintiff's ownership interests in US Land Trust, LLC to Defendant Ilia Mogilevsky.

295.    Plaintiff never gave any portion of ownership of US Land Trust, LLC to Defendant Ilia Mogilevsky.

296.    Upon information and belief, Defendant Ilia Mogilevsky has attempted to steal Plaintiff's ownership interests in US Land Trust, LLC.

297.    Upon information and belief, Defendant Frank Cavallino conspired with Defendant Ilia Mogilevsky to steal Plaintiff's ownership interests in US Land Trust, LLC.

298.    Upon information and belief, Defendant Frank Cavallino and Defendant Ilia Mogilevsky are friends.

299.    Upon information and belief, on April 25, 2007, Defendant Ilia Mogilevsky loaned Defendant Frank Cavallino the sum of $438,000.00 as and for a mortgage loan pursuant to a mortgage recorded in Official Records Book 21678, Page 0510 of the Public Records of Palm Beach County, Florida **(Exhibit "34")**.

300.    Upon information and belief, Defendant Frank Cavallino signed a lease dated July 23, 2007 on behalf of NetSet Solutions Inc. so that Defendant Ilia Mogilevsky could present such lease to Hillcrest Bank Florida and then obtain the $2,200,000 loan.

301.    Upon information and belief, Defendant Frank Cavallino and Defendant Ilia Mogilevsky never disclosed their personal relationship to Hillcrest Bank Florida.

302.    Upon information and belief, Defendant Frank Cavallino signed the lease dated July 23, 2007 on behalf of NetSet Solutions Inc. as a favor to Defendant Ilia Mogilevsky for Defendant Ilia Mogilevsky loaning $438,000 to Defendant Frank Cavallino on April 25, 2007.

**The Fact is That Defendant Ilia Mogilevsky Had No Assets Prior to
Plaintiff Providing Monies to Purchase Real Properties To Be Owned by Plaintiff
and Managed by Defendant Ilia Mogilevsky**

303.    Upon information and belief, on April 5, 2011, Defendant Ilia Mogilevsky was discharged from his debts in the Ilia Mogilevsky Bankruptcy Case.

304.    Upon information and belief, on April 5, 2011, Defendant Ilia Mogilevsky had little or no assets as confirmed by the filings in the Ilia Mogilevsky Bankruptcy Case.

305.    In the Ilia Mogilevsky Bankruptcy Case filing on October 8, 2010, Defendant Ilia Mogilevsky claimed income of $28,000 for the 2010 year to date from January 1, 2010 to October 8, 2010 when Defendant Ilia Mogilevsky signed and/or filed the "Declaration Under Penalties of Perjury to Accompany Petitions, Schedules and Statements Filed Electronically" form LF-11 filed in the Ilia Mogilevsky Bankruptcy Case.

306.    In the Ilia Mogilevsky Bankruptcy Case filing on October 8, 2010, Defendant Ilia Mogilevsky claims that his income for the 2009 tax year was a **loss of -$476,169.00**.

307.    In the Ilia Mogilevsky Bankruptcy Case filing on October 8, 2010, Defendant Ilia Mogilevsky claims that his income for the 2009 tax year was a **loss of -$161,476.00**.

308.    On or about Febraury 1, 2011, Defendant Ilia Mogilevsky entered into a settlement with Robert C. Furr, the bankruptcy trustee, wherein Defendant Ilia Mogilevsky agreed to turn over and pay to the Trustee, all funds that Defendant Ilia Mogilevsky maintained in a bank account at Bank Hapoalim in Israel totaling $355,000.

309.   Any assets that are in the name of Defendant Ilia Mogilevsky today are all as a result of the monies that Plaintiff provided to use to purchase real properties in the United States for which Defendant Ilia Mogilevsky was only entitled to a management fee for managing the properties which were purchased directly and indirectly with Plaintiff's funds.

310.   Prior to Plaintiff providing funds which were to purchase real estate assets in Plaintiff's name, Defendant Ilia Mogilevsky was broke and had more debts than assets.

311.   All of Defendant Ilia Mogilevsky's present assets belong to Plaintiff, with the exception of any management fees which Defendant Ilia Mogilevsky would have been entitled to.

312.   When there was a discharge of debts in the Ilia Mogilevsky Bankruptcy Case, Defendant Ilia Mogilevsky abandoned approximately $1,000,000 in assets, paid claimants approximately $319,721 and discharged approximately $1,750,000 in creditor claims.

313.   Upon information and belief, Plaintiff had no assets on January 17, 2011.

314.   Defendant Ilia Mogilevsky was previously sued by a former business partner of Defendant Ilia Mogilevsky in the action entitled *Gustav Renny v. Ilia Mogilevsky, et.al.*, Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Case No. 50-2015-CA-014492-XXXX-MB (the "Renny v. Ilia Mogilevsky Case").

315.   Upon information and belief, Defendant Ilia Mogilevsky met Gustav Renny in 2008.

316.   Upon information and belief, in or about 2009, Defendant Ilia Mogilevsky and Gustav Renny opened a nightclub in Palm Beach County, Florida.

317.   Upon information and belief, thereafter, Defendant Ilia Mogilevsky and Gustav Renny entered into real estate partnerships.

318.   Upon information and belief, Defendant Ilia Mogilevsky and Gustav Renny formed a company known as Media Partners, LLC, in which Defendant Ilia Mogilevsky admitted he owned no interests in.

319.   On or about July 5, 2016, Gustav Renny filed a Third Amended Complaint in the Renny v. Ilia Mogilevsky Case (the "Renny Third Amended Complaint").

320.   In paragraph "66" of the Third Amended Complaint in the Renny v. Ilia Mogilevsky Case, it states that "On May 26, 2009, Renny and Ilia's wife Natalia formed a Florida entity called Media Partners, LLC…. Through which the Partnership would conduct the partners' real estate venture.  Renny and Natalia each owned 50% of the units of Media Partners."

321.   On August 22, 2016, Defendant Ilia Mogilevsky filed an answer with affirmative defenses to the Third Amended Complaint and Counterclaim in the Renny v. Ilia Mogilevsky Case (the "Ilia Answer to Renny Third Amended Complaint").

322.   Defendant Ilia Mogilevsky stated in paragraph 67 of the answer with affirmative defenses to the Third Amended Complaint and Counterclaim in the Renny v. Ilia Mogilevsky Case that "Defendant admits that Renny and Natalia each owned 50% of the units of Media Partners.  Defendant denies the remainder of the allegations contained in paragraph 67."

323.   Defendant Ilia Mogilevsky had no interests in Media Partners.

324.    Upon information and belief, Defendant Ilia Mogilevsky had no ownership interest in any of the defendant entities in this action.

325.    Upon information and belief, Defendant Ilia Mogilevsky desired to hide any interests that he would have had in any real estate ventures because Defendant Ilia Mogilevsky was in debt which ultimately led to the bankruptcy filing by Defendant Ilia Mogilevsky in the United States Bankruptcy Court for the Southern District of Florida.

326.    As set forth in paragraph 81 of the Renny Third Amended Complaint and confirmed in the Ilia Answer to Renny Third Amended Complaint, Defendant NAT Investment Holdings, LLC was owned solely by Defendant Natalia Mogilevsky.

327.    As set forth in paragraph 81 of the Renny Third Amended Complaint and confirmed in the Ilia Answer to Renny Third Amended Complaint, Defendant Ilia Mogilevsky had no ownership interest in Defendant NAT Investment Holdings.

328.    As set forth in paragraph 84 of the Renny Third Amended Complaint and confirmed in the Ilia Answer to Renny Third Amended Complaint, Defendant Ilia Mogilevsky had no ownership interest in Defendant Global Asset Holdings, LLC.

329.    As set forth in paragraph 84 of the Renny Third Amended Complaint and confirmed in the Ilia Answer to Renny Third Amended Complaint, Defendant Ilia Mogilevsky had no ownership interest in Defendant US Land Trust LLC.

330.    As set forth in paragraph 84 of the Renny Third Amended Complaint and confirmed in the Ilia Answer to Renny Third Amended Complaint, Defendant Ilia Mogilevsky had no ownership interest in Defendant US Capital & Investments, LLC.

331.    As set forth in paragraph 99 of the Renny Third Amended Complaint and confirmed in the Ilia Answer to Renny Third Amended Complaint, Defendant Ilia Mogilevsky had no ownership interest in Defendant US Land Trust LLC.

332.    The allegations against Defendant Ilia Mogilevsky in the Renny Third Amended Complaint were for five counts for (i) Breach of Fiduciary Duty, (ii) Judicial Dissolution of the Partnership, (iii) Accounting, (iv) Conspiracy to Breach Fiduciary Duty… and Fraudulently Transfer Partnership Properties, and (v) Violation of 18 U.S.C. §2510, et.seq. for illegal interception of oral communications.

333.    The facts which formed the basis for the allegations alleged in the Renny Third Amended Complaint contain predicate acts under the Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, et. seq.

334.    Plaintiff came to the Florida in the United States in June 2012 for approximately two weeks to get a first hand report from Defendant Ilia Mogilevsky regarding Plaintiff's real estate investments.

335.    Plaintiff came to the Florida in the United States in June 2014 for approximately two weeks to get a first hand report from Defendant Ilia Mogilevsky regarding Plaintiff's real estate investments.

336.    At no time did not know that Defendant Ilia Mogilevsky was misusing Plaintiff's funds to cause title in real property and/or limited liability companies to be in Defendant Ilia Mogilevsky's name.

337.    At no time did Plaintiff ever give monies to, or permit the use of Plaintiff's monies by Defendant Ilia Mogilevsky to become an owner of any real properties using Plaintiff's monies.

338.    At no time did Plaintiff ever give monies to, or permit the use of Plaintiff's monies by Defendant Natalia Mogilevsky to become an owner of any real properties using Plaintiff's monies.

339.    Upon information and belief, Plaintiff loaned monies to Defendant Ilia Mogilevsky between 2011 and the present date for the purpose of Plaintiff individually and through trusts and limited liability companies, purchasing real properties in Palm Beach County, Florida.

340.    Upon information and belief, Plaintiff loaned monies to Defendant Natalia Mogilevsky between 2011 and the present date for the purpose of Plaintiff individually and through trusts and limited liability companies, purchasing real properties in Palm Beach County, Florida.

341.    Plaintiff entrusted Defendant Ilia Mogilevsky to manage real properties for Plaintiff individually and through trusts and limited liability companies in the State of Florida.

342.    Plaintiff entrusted Defendant Natalia Mogilevsky to manage bank accounts and real properties for Plaintiff individually and through trusts and limited liability companies in the State of Florida.

343.    Plaintiff and Defendant Ilia Mogilevsky had a fiduciary relationship.

344.    Plaintiff and Defendant Natalia Mogilevsky had a fiduciary relationship.

345.    Plaintiff never gave any gifts of money or property to Defendant Ilia Mogilevsky.

346.    Plaintiff never gave any gifts of money or property to Defendant Natalia Mogilevsky other than gifts with a value of less than $500 for Defendant Natalia Mogilevsky's birthday.

347.    At no time did Plaintiff ever authorize the transfer of the membership interests held by Plaintiff in Defendant US Land Trust, LLC to any other person or entity.

348.    A filing in the office of the Florida Secretary of State on April 26, 2015 indicates that Plaintiff was the sole member of Defendant US Land Trust, LLC.

349.    A filing in the office of the Florida Secretary of State on February 17, 2016 indicates that Plaintiff was the sole member of Defendant US Land Trust, LLC.

350.    Upon information and belief, between February 17, 2016 and May 1, 2017, Defendant Ilia Mogilevsky, without Plaintiff's permission or authority transferred Plaintiff's ownership of 100% of the membership interests in Defendant US Land Trust, LLC to himself, to Defendant Ilia Mogilevsky.

351.    On May 1, 2017, a filing was made by Defendant Ilia Mogilevsky in the office of the Florida Secretary of State, which shows Defendant Ilia Capital LLC as the member of Defendant US Land Trust, LLC and that Defendant Ilia Mogilevsky is as of May 1, 2017 the member of Defendant US Land Trust, LLC.

352.    Plaintiff never authorized Defendant Ilia Mogilevsky to become a member of Defendant US Land Trust, LLC.

353.    Upon information and belief, Defendant Ilia Mogilevsky transferred Plaintiff's ownership interests in Defendant Ilia Mogilevsky without Plaintiff's consent.

354.    Defendant Ilia Mogilevsky had no authority to transfer any ownership of Defendant US Land Trust, LLC to himself or to any other person or entity.

355.     Defendant Ilia Mogilevsky had no authority to transfer any ownership of real property owned by Defendant US Land Trust, LLC to himself or to any other person or entity.

356.     Upon information and belief, when Plaintiff learned that Defendant Ilia Mogilevsky removed Plaintiff as a member of Defendant US Land Trust, LLC, thereafter, Defendant Ilia Mogilevsky filed a 2017 Florida Limited Liability Company Amended Annual Report adding Plaintiff back as a member, but failing to remove Defendant Ilia Capital, LLC as an unauthorized member of Defendant US Land Trust, LLC.

357.     Thereafter, on November 6, 2017, Defendant Ilia Mogilevsky filed a new 2017 Florida Limited Liability Company Amended Annual Report, making Defendant Ilia Capital LLC as the member of Defendant US Land Trust, LLC and removing Plaintiff as a member of Defendant US Land Trust, LLC.

358.     Upon information and belief, Defendant Baikal Real Estate Holdings, LLC is an limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

359.     Upon information and belief, Defendant Baikal Real Estate Holdings, LLC was organized as a Florida limited liability company on August 9, 2013 with Defendant Natalia Mogilevsky and Defendant Shlomo Ben Izhak as its managing members.

360.     Upon information and belief, on or about November 3, 2017, Defendant Ilia Mogilevsky filed an amended annual report with the Florida Secretary of State, claiming to be the manager of Defendant Baikal Real Estate Holdings, LLC and the address of the said Defendant Baikal Real Estate Holdings, LLC was changed from 211

Grand Pointe Drive, Palm Beach Gardens, Florida 33418 to 4371 Northlake Boulevard, Suite 305, Palm Beach Gardens, Florida 33410.

361.    Plaintiff has an interest in the assets owned or previously owned by Defendant Baikal Real Estate Holdings, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

362.    Upon information and belief, Defendant Express Realty LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

363.    Upon information and belief, the members of Defendant Express Realty LLC were Lorrie Geoffrey, GIP Investments LLC and Simon Mogilevsky.

364.    Upon information and belief, Defendant Express Realty LLC was administratively dissolved by the Florida Secretary of State on September 28, 2012 for failure to file an annual report.

365.    Plaintiff has an interest in the assets owned or previously owned by Defendant Express Realty, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

366.    Upon information and belief, GIP Investments LLC was a limited liability company organized in and existing in the State of Florida on February 21, 2011, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

367.    Upon information and belief, the members of GIP Investments LLC was administratively dissolved by the Florida Secretary of State on September 25, 2015 for failure to file an annual report.

368.    Upon information and belief, the members of GIP Investments LLC were World Stage Investments, LLC and GR Investment Group, LLC.

369.    Plaintiff has an interest in the assets owned or previously owned by Defendant GIP Investments LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

370.    Upon information and belief, World Stage Investments, LLC was a limited liability company organized in and existing in the State of Florida on February 14, 2011, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

371.    Upon information and belief, the members of World Stage Investments, LLC was administratively dissolved by the Florida Secretary of State on September 23, 2016 for failure to file an annual report.

372.    Upon information and belief, Defendant FHB Investments, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

373.    Upon information and belief, the members of Defendant FHB Investments, Inc. were GR Investment Group LLC and Baikal Real Estate Holdings LLC.

374.    Upon information and belief, Defendant Ilia Mogilevsky is a member of Defendant FHB Investments, Inc.

375.     Upon information and belief, Defendant Natalia Mogilevsky is or was a member of Defendant FHB Investments, Inc. as set forth on the 2015 Florida Limited Liability Company Annual Report filed with the Florida Secretary of State.

376.     Upon information and belief, thereafter, Defendant Natalia Mogilevsky was removed by Defendant Ilia Mogilevsky as a member of Defendant FHB Investments, Inc. as set forth on the Articles of Amendment to the Articles of Organization of Defendant FHB Investments, Inc. filed with the Florida Secretary of State.

377.     Upon information and belief, thereafter, Defendant Ilia Mogilevsky unilaterally and without authorization removed Defendant Natalia Mogilevsky as a member of Defendant FHB Investments, Inc. and instead admitted Defendant Erikah Bertoloti and Defendant Baikal Real Estate Holdings LLC as members of Defendant FHB Investments, Inc.

378.     Plaintiff has an interest in the assets owned or previously owned by Defendant FHB Investments, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

379.     Upon information and belief, Defendant Erikah Bertoloti and Defendant Ilia Mogilevsky have been seen together at 4626 Arthur Street, Palm Beach Gardens, Florida by multiple individuals.

380.     Upon information and belief, Defendant Erikah Bertoloti has been employed by entities in which Defendant Ilia Mogilevsky has an interest in.

381.     Upon information and belief, on November 8, 2017, Defendant Erikah Bertoloti pled guilty to one count of Petit Theft.

382.    Upon information and belief, a complaint was made to the Palm Beach Sheriff's Office under complaint number 17-051153 on March 13, 2017 that Defendant Erikah Bertoloti received a $7,000 deposit for a foreclosed real property, which Defendant Erikah Bertoloti had no entitlement to.

383.    Upon information and belief, a complaint was made to the Palm Beach Sheriff's Office under complaint number 17-039835 on February 14, 2017 that Defendant Erikah Bertoloti stole appliances from a residence after she was evicted from said residence.

384.    Upon information and belief, a complaint was made to the Palm Beach Sheriff's Office under complaint number 17-040624 on January 9, 2017 that Defendant Erikah Bertoloti solicited and/or received multiple deposits for the rental of the same apartment.

385.    Upon information and belief, Defendant Erikah Bertoloti is a notary public in the State of Florida with her commission issued on April 28, 2015 under notary certificate number FF224722.

386.    Upon information and belief, Defendant Ilia Mogilevsky and Defendant Erikah Bertoloti have engaged in fraudulent activity to deprive Plaintiff of Plaintiff's monies and property.

387.    Upon information and belief, Defendant Forest Hill 102, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

388.    Upon information and belief, the members of Defendant Forest Hill 102, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

389.    Upon information and belief, Defendant Forest Hill 102, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

390.    Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 102, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

391.    Upon information and belief, Defendant Forest Hill 104, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

392.    Upon information and belief, the members of Defendant Forest Hill 104, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

393.    Upon information and belief, Defendant Forest Hill 104, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

394.    Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 104, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

395.    Upon information and belief, Defendant Forest Hill 109, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

396.     Upon information and belief, the members of Defendant Forest Hill 109, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

397.     Upon information and belief, Defendant Forest Hill 109, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

398.     Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 109, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

399.     Upon information and belief, Defendant Forest Hill 202, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

400.     Upon information and belief, the members of Defendant Forest Hill 202, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

401.     Upon information and belief, Defendant Forest Hill 202, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

402.     Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 202, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

403.     Upon information and belief, Defendant Forest Hill 207, LLC was a limited liability company organized in and existing in the State of Florida, with its principal

place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

404.    Upon information and belief, the members of Defendant Forest Hill 207, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

405.    Upon information and belief, Defendant Forest Hill 207, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

406.    Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 207, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

407.    Upon information and belief, Defendant Forest Hill 209, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

408.    Upon information and belief, the members of Defendant Forest Hill 209, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

409.    Upon information and belief, Defendant Forest Hill 209, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

410.    Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 209, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

411.    Upon information and belief, Defendant Forest Hill 210, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

412.    Upon information and belief, the members of Defendant Forest Hill 210, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

413.    Upon information and belief, Defendant Forest Hill 210, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

414.    Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 210, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

415.    Upon information and belief, Defendant Forest Hill 6048, LLC is a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

416.    Upon information and belief, the members of Defendant Forest Hill 6048, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

417.    Upon information and belief, on or about April 30, 2017, Defendant Ilia Mogilevsky filed the 2017 Florida Limited Liability Company Annual Report filed with the Florida Secretary of State stating that the members of Defendant Forest Hill 6048, LLC was only Defendant Ilia Mogilevsky.

418.     Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 6048, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

419.     Upon information and belief, Defendant Forest Hill 6094, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

420.     Upon information and belief, the members of Defendant Forest Hill 6094, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

421.     Upon information and belief, Defendant Forest Hill 6094, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

422.     Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 6094, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

423.     Upon information and belief, Defendant Forest Hill 6106, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

424.     Upon information and belief, the members of Defendant Forest Hill 6106, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

425.     Upon information and belief, Defendant Forest Hill 6106, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

426.     Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 6016, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

427.     Upon information and belief, Defendant Forest Hill 205, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

428.     Upon information and belief, the members of Defendant Forest Hill 205, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

429.     Upon information and belief, Defendant Forest Hill 205, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

430.     Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 205, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

431.     Upon information and belief, Defendant Forest Hill 204, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

432.    Upon information and belief, the members of Defendant Forest Hill 204, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

433.    Upon information and belief, Defendant Forest Hill 204, LLC was administratively dissolved by the Florida Secretary of State on September 22, 2017 for failure to file an annual report.

434.    Plaintiff has an interest in the assets owned or previously owned by Defendant Forest Hill 204, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

435.    Upon information and belief, Defendant Ilia Capital LLC is a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

436.    Upon information and belief, the members of Defendant Ilia Capital LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky as of July 26, 2017.

437.    Upon information and belief, on August 18, 2017, Defendant Ilia Capital LLC caused to be filed in the office of the Florida Secretary of State a 2017 Florida Limited Liability Company Amended Annual Report stating that Defendant Ilia Mogilevsky was the manager of Defendant Ilia Capital LLC.

438.    Plaintiff has an interest in the assets owned or previously owned by Ilia Capital, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

439.    Upon information and belief, Defendant Irkutsk LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of

business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

440.    Upon information and belief, the members of Defendant Irkutsk LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

441.    Upon information and belief, Defendant Irkutsk LLC was administratively dissolved by the Florida Secretary of State on September 23, 2016 for failure to file an annual report.

442.    Plaintiff has an interest in the assets owned or previously owned by Irkutsk, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

443.    Upon information and belief, Defendant Maxim Real Estate Holdings, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

444.    Upon information and belief, the members of Defendant Maxim Real Estate Holdings, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

445.    Upon information and belief, Defendant Maxim Real Estate Holdings, LLC was administratively dissolved by the Florida Secretary of State on September 23, 2016 for failure to file an annual report.

446.    Upon formation, the members of Defendant Maxim Real Estate Holdings, LLC were Defendant Natalia Mogilevsky, Defendant Ilia Mogilevsky, Sofia Mogilevsky and Simon Mogilevsky.

447.    Upon information and belief, on or before April 26, 2015, Defendant Ilia Mogilevsky removed Defendant Natalia Mogilevsky as a member of Defendant Maxim Real Estate Holdings, LLC.

448.    Plaintiff has an interest in the assets owned or previously owned by Defendant Maxim Real Estate Holdings, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

449.    Upon information and belief, Defendant NAT Investment Holdings, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

450.    Upon information and belief, upon formation of Defendant NAT Investment Holdings, LLC the sole member was Defendant Natalia Mogilevsky.

451.    Upon information and belief, Defendant NAT Investment Holdings, LLC was administratively dissolved by the Florida Secretary of State on September 23, 2016 for failure to file an annual report.

452.    Upon information and belief, on or before April 25, 2015, Defendant Ilia Mogilevsky added himself and Defendant Shlomo Ben Izhak as members of Defendant NAT Investment Holdings, LLC.

453.    Plaintiff has an interest in the assets owned or previously owned by Defendant NAT Investment Holdings, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

454.     Upon information and belief, Defendant Ponte Verde 228, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida and was administratively dissolved by the Florida Secretary of State for failure to file an annual report.

455.     Plaintiff has an interest in the assets owned or previously owned by Defendant Ponte Verde 228, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

456.     Upon information and belief, Defendant Ponte Verde 714, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida and was administratively dissolved by the Florida Secretary of State for failure to file an annual report.

457.     Plaintiff has an interest in the assets owned or previously owned by Defendant Ponte Verde 714, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

458.     Upon information and belief, Defendant Ponte Verde 411, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida and was administratively dissolved by the Florida Secretary of State for failure to file an annual report.

459.    Plaintiff has an interest in the assets owned or previously owned by Defendant Ponte Verde 411, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

460.    Upon information and belief, Defendant Ponte Verde 714, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida and was administratively dissolved by the Florida Secretary of State for failure to file an annual report.

461.    Plaintiff has an interest in the assets owned or previously owned by Defendant Ponte Verde 714, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

462.    Upon information and belief, Defendant Ponte Verde 1315, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida and was administratively dissolved by the Florida Secretary of State for failure to file an annual report.

463.    Plaintiff has an interest in the assets owned or previously owned by Defendant Ponte Verde 1315, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

464.    Upon information and belief, Defendant Ponte Verde 1616, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida and was administratively dissolved by the Florida Secretary of State for failure to file an annual report.

465.    Plaintiff has an interest in the assets owned or previously owned by Defendant Ponte Verde 1616, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

466.    Upon information and belief, Defendant Ponte Verde 2124, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida and was administratively dissolved by the Florida Secretary of State for failure to file an annual report.

467.    Plaintiff has an interest in the assets owned or previously owned by Defendant Ponte Verde 2124, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

468.    Upon information and belief, Defendant Sapodilla 513, LLC is a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

469.   Upon information and belief, upon formation, the members of Defendant Sapodilla 513, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

470.   On April 30, 2016, the 2016 Florida Limited Liability Company Annual Report stated that the members Defendant Sapodilla 513, LLC were Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky.

471.   On April 30, 2017, the 2017 Florida Limited Liability Company Annual Report stated that the members Defendant Sapodilla 513, LLC were Defendant Ilia Mogilevsky and Tama Beth Kudman Richman.

472.   Upon information and belief, Tama Beth Kudman Richman is an attorney in the State of Florida.

473.   Upon information and belief, Tama Beth Kudman Richman is an attorney in the State of Florida who reprsented Defendant Ilia Mogilevsky.

474.   Upon information and belief, Defendant Ilia Mogilevsky did not transfer or sell her interest in Defendant Sapodilla 513, LLC to Tama Beth Kudman Richman.

475.   Plaintiff has an interest in the assets owned or previously owned by Defendant Sapodilla 513, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant Sapodilla 513, LLC.

476.   Upon information and belief, Defendant 122 Sunset Cove, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of

the United States District Court for the Southern District of Florida and was administratively dissolved by the Florida Secretary of State for failure to file an annual report.

477.    Plaintiff has an interest in the assets owned or previously owned by Defendant 122 Sunset Cove, LLC as Defendant Ilia Mogilevsky used Plaintiff's funds directly and/or indirectly to acquire real property in the name of Defendant 122 Sunset Cove, LLC.

478.    Upon information and belief, Defendant 314 S. D Street, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

479.    Upon information and belief, Defendant 907 S. B Street, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

480.    Upon information and belief, Defendant 1205 Abaco Lane, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

481.    Upon information and belief, Defendant 1453 Lake Crystal, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

482.    Upon information and belief, Defendant 1495 Lake Crystal, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

483.    Upon information and belief, Defendant 1501 Windorah Way, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

484.    Upon information and belief, Defendant 1601 Balfour Point, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

485.    Upon information and belief, Defendant 1620 Windorah Way, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

486.    Upon information and belief, Defendant 1621 Balfour Point, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

487.    Upon information and belief, Defendant 1923 Gardenia, LLC was a limited liability company organized in and existing in the State of Florida, with its principal

place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

488.    Upon information and belief, Defendant 1925 Marsh Harbour, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

489.    Upon information and belief, Defendant 1927 Marsh Harbor LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

490.    Upon information and belief, Defendant 1987 Nassau, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

491.    Upon information and belief, Defendant 1993 Marsh Harbour, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

492.    Upon information and belief, Defendant 2037 Nassau, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

493.    Upon information and belief, Defendant 3411 Sonoma Drive, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

494.    Upon information and belief, Defendant 3730 Jog Road, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

495.    Upon information and belief, Defendant 3760 Jog Road, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

496.    Upon information and belief, Defendant 3800 Jog Road, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

497.    Upon information and belief, Defendant 4606 Cherry Road, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

498.    Upon information and belief, Defendant 5175 Palmbrooke, LLC was a limited liability company organized in and existing in the State of Florida, with its principal

place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

499.    Upon information and belief, Defendant 6048 Forest Hill, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

500.    Upon information and belief, Defendant 6054 Forest Hill, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

501.    Upon information and belief, Defendant 6066 Forest Hill, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

502.    Upon information and belief, Defendant 6080 Forest Hill, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

503.    Upon information and belief, Defendant 6106 Forest Hill, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

504.     Upon information and belief, Defendant 6112 Forest Hill, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

505.     Upon information and belief, Defendant 6120 Forest Hill, LLC was a limited liability company organized in and existing in the State of Florida, with its principal place of business located in Palm Beach County, State of Florida, within the jurisdiction of the United States District Court for the Southern District of Florida.

506.     Upon information and belief, all of the defendant entities owe monies to Plaintiff.

507.     Defendant Ilia Mogilevsky made decisions to insert himself as owners of limited liability companies in the State of Florida which were created with Plaintiff's funds.

508.     Defendant Ilia Mogilevsky made decisions to transfer real properties owned by Plaintiff's entities, including US Land Trust LLC to entities in which Defendant Ilia Mogilevsky either owns or has an interest in.

509.     Defendant Ilia Mogilevsky deprived Plaintiff of Plaintiff's monies.

510.     Defendant Ilia Mogilevsky deprived Plaintiff of profits derived by the use of Plaintiff's monies.

511.     Defendant Ilia Mogilevsky has refused to return to Plaintiff all of the monies that Plaintiff had provided for the purchase of real estate to be managed by Defendant Ilia Mogilevsky.

512.    Defendant Ilia Mogilevsky, without Plaintiff's consent transferred ownership of interests in limited liability companies that Plaintiff was the sole member of.

513.    Defendant Ilia Mogilevsky evidences a pattern of stealing monies from third parties.

514.    Defendant Ilia Mogilevsky evidences a pattern of making false representations.

515.    Defendant Ilia Mogilevsky evidences a pattern of inducing third parties to rely on his false representations.

516.    At all times relevant to this complaint, Defendant Ilia Mogilevsky together with Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino constituted an enterprise within the meaning of 18 U.S.C. §1961(4) in he was and is an individual.

517.    Upon information and belief, at all times relevant to this complaint, Defendant Ilia Mogilevsky associated with Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino and engaged in a pattern of racketeering.

518.    Upon information and belief, the purpose of the enterprise was to generate money for Defendant Ilia Mogilevsky associated with Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino through the purchase of, sale of and/or mortgaging of real properties located within Palm Beach County, State of Florida.

519.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino were and are all associates in the racketeering enterprise.

520.    The purpose was implemented by the enterprise associates through various legal activities.

521.    Each of the associates of the enterprise had relationships with the other associates of the enterprise.

522.    The enterprise and its activities continued from at least 2013 to the present date.

523.    At all times relevant to this complaint, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino have been "enterprises" within the meaning of 18 U.S.C. §1961(4).

524.    The enterprise operated in the Southern District of Florida.

525.    Upon information and belief, Defendant Ilia Mogilevsky contacted Plaintiff in Russia to fund real estate purchases which were to be owned in the name of Plaintiff and/or Plaintiff's entities.

526.    Upon information and belief, Defendant Ilia Mogilevsky used telephone communications between the State of Florida and the Country of Russia.

527.    Plaintiff transmitted federal funds wires from Russia to the United States.

528.    Plaintiff transmitted federal funds wires from Israel to the United States.

529.    Upon information and belief, entities formed by and/or in which Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino were members of obtained mortgages from lenders who conducted business through interstate commerce.

530.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino communicated with one or more of each other via cellular communications in interstate commerce.

531.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino used the United States Mails to communicate with one or more of each other and further the enterprise.

532.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino used the internet to communicate with one or more of each other and further the enterprise.

533.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino constituted an ongoing organization whose members and associates functioned as a continuing unit for many years, with the common purpose of receiving income from the purchase of, sale of and/or mortgaging of real property in the State of Florida.

534.    Upon information and belief, the principal purpose of the enterprise was for each person associated with the enterprise to profit from the purchase of, sale of and/or mortgaging of real property in the State of Florida.

535.    Upon information and belief, enterprise associates implemented this purpose through various legal activities, but principally through the purchase, sale of and/or mortgaging of real property in the State of Florida.

536.    Upon information and belief, enterprise associates implemented this purpose through various illegal activities, but principally through the purchase, sale of and/or mortgaging of real property in the State of Florida.

537.    Upon information and belief, at all times relevant to this complaint, the affairs of the enterprise have been conducted through a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(B).

538.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino conspired to commit acts, to wit: purchase, sell and/or mortgage real property in the State of Florida and to deprive Plaintiff from the profits from such activities.

539.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino all agreed to join in, and knowingly participated in, a conspiracy to purchase, sell and/or mortgage real property in the State of Florida and to deprive Plaintiff from the profits from such activities.

540.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino acted in furtherance of the conspiracy by advertising and/or offering real property for sale in the State of Florida.

541.    Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino purchased real properties through legal entities in the State of Florida.

542.     Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino sold real properties through legal entities in the State of Florida.

543.     Upon information and belief, Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino mortgaged real properties through legal entities in the State of Florida.

544.     Upon information and belief, Defendant Ilia Mogilevsky acted in furtherance of the conspiracy by acting as a member and/or as a manager of various limited liability companies and by managing the day to day affairs of the enterprise.

545.     Upon information and belief, Defendant Erikah Bertoloti acted in furtherance of the conspiracy by acting as a member and/or as a manager of various limited liability companies and by assisting in the management of the day to day affairs of the enterprise.

546.     Plaintiff has suffered injury to its person and property within the meaning of 18 U.S.C. §1964(c) by reason of Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino's violation of 18 U.S.C. §1962(c), in an amount to be determined at trial, but anticipated to be no less than $8,000,000.

547.     By reason of the foregoing, Plaintiff has been damaged and demands judgment against Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino in an amount to be determined at trial, but anticipated to be no less than $8,000,000, plus interest, costs, disbursements and attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino for violations of 18 USC 1961, et.seq. – the Civil Racketeering Influenced Corrupt Organizations Act in an amount to be determined at trial, but anticipated to be no less than $8,000,000, plus interest, costs, disbursements and attorney's fees plus all available remedies under 18 USC 1961, et.seq.

## COUNT II
## FOR CIVIL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, FLA. STAT. §4:170 ("RICO")

548.     Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" and paragraphs "111" through "546" above as if set forth herein in full.

549.     Defendant Ilia Mogilevsky violated 18 U.S.C. §1962 et.seq.

550.     Defendant Erikah Bertoloti violated 18 U.S.C. §1962 et.seq.

551.     Defendant Shlomo Ben Izhak violated 18 U.S.C. §1962 et.seq.

552.     Defendant Frank Cavallino violated 18 U.S.C. §1962 et.seq.

553.     Plaintiff suffered injury to her business interests.

554.     Plaintiff suffered injury to her limited liability company interests.

555.     Plaintiff suffered injury to her real property interests.

556.     The violation by Defendant Ilia Mogilevsky of 18 U.S.C. §1962 et.seq. caused the injuries sustained by Plaintiff.

557.     The violation by Defendant Erikah Bertoloti of 18 U.S.C. §1962 et.seq. caused the injuries sustained by Plaintiff.

558.    The violation by Defendant Shlomo Ben Izhak of 18 U.S.C. §1962 et.seq. caused the injuries sustained by Plaintiff.

559.    The violation by Defendant Frank Cavallino of 18 U.S.C. §1962 et.seq. caused the injuries sustained by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino for violations of Fla. Stat. §4:170 – the Florida Civil Racketeering Influenced Corrupt Organizations Act in an amount to be determined at trial, but anticipated to be no less than $8,000,000, plus interest, costs, disbursements and attorney's fees plus all available remedies under 18 USC 1961, et.seq.

## COUNT III
## FOR SPECIFIC PERFORMANCE

560.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

561.    Plaintiff was and is at all times the sole member of Defendant US Land Trust, LLC.

562.    Upon information and belief, Baikal Real Estate Holdings, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

563.    Upon information and belief, Express Realty, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

564.     Upon information and belief, FHB Investments, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

565.     Upon information and belief, Forest Hill 102, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

566.     Upon information and belief, Forest Hill 104, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

567.     Upon information and belief, Forest Hill 109, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

568.     Upon information and belief, Forest Hill 202, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

569.     Upon information and belief, Forest Hill 207, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

570.     Upon information and belief, Forest Hill 209, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

571.    Upon information and belief, Forest Hill 210, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

572.    Upon information and belief, Forest Hill 6048, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

573.    Upon information and belief, Forest Hill 6094, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

574.    Upon information and belief, 6106 owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

575.    Upon information and belief, Forest Hill 205, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

576.    Upon information and belief, Forest Hill 204, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

577.    Upon information and belief, Ilia Capital, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

578.    Upon information and belief, Irkutsk owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

579.    Upon information and belief, Ponte Verde 228, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

580.    Upon information and belief, Ponte Verde 714, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

581.    Upon information and belief, Ponte Verde 1315, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

582.    Upon information and belief, Ponte Verde 1616, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

583.    Upon information and belief, Ponte Verde 2124, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

584.    Upon information and belief, Sapodilla 513, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

585.    Upon information and belief, Sebbi Capital, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

586.    Upon information and belief, US Capital Investments, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

587.    Upon information and belief, US Land Trust owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

588.    Upon information and belief, US Land Trust, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

589.    Upon information and belief, 122 Sunset Cove, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

590.    Upon information and belief, 314 S. D Street, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

591.    Upon information and belief, 907 S. B Street, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

592.    Upon information and belief, 1205 Abaco Lane, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

593.    Upon information and belief, 1453 Lake Crystal, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

594.    Upon information and belief, 1495 Lake Crystal, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

595.    Upon information and belief, 1501 Windorah Way, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

596.    Upon information and belief, 1601 Balfour Point, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

597.    Upon information and belief, 1620 Windorah Way, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

598.    Upon information and belief, 1621 Balfour Point, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

599.    Upon information and belief, 1923 Gardenia, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

600.     Upon information and belief, 1925 Marsh Harbour, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

601.     Upon information and belief, 1927 Marsh Harbor LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

602.     Upon information and belief, 1987 Nassau, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

603.     Upon information and belief, 1993 Marsh Harbour, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

604.     Upon information and belief, 2037 Nassau, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

605.     Upon information and belief, 3411 Sonoma Drive, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

606.     Upon information and belief, 3730 Jog Road, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

607.    Upon information and belief, 3760 Jog Road, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

608.    Upon information and belief, 3800 Jog Road, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

609.    Upon information and belief, 4606 Cherry Road, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

610.    Upon information and belief, 5175 Palmbrooke, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

611.    Upon information and belief, 6048 Forest Hill, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

612.    Upon information and belief, 6054 Forest Hill, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

613.    Upon information and belief, 6066 Forest Hill, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

614.     Upon information and belief, 6080 Forest Hill, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

615.     Upon information and belief, 6112 Forest Hill, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

616.     Upon information and belief, 6120 Forest Hill, LLC owned or owns real property in Palm Beach County, State of Florida which was purchased with assets belonging to Plaintiff.

617.     Plaintiff, individually and through US Land Trust, LLC has demanded that the Real Estate Entities deliver the real estate assets and cash that the Real Estate Entities currently possess.

618.     Plaintiff, individually and through US Land Trust, LLC has demanded that the Real Estate Entities deliver the profits and capital derived from the purchase and sale of the real properties which the Real Estate Entities owned and/or owns.

619.     The Real Estate Entities have refused to turn over the profits and capital derived from the purchase and sale of the real properties which the Real Estate Entities owned and/or owns to Plaintiff and/or Plaintiff's entities, including but not limited to US Land Trust, LLC.

620.     Plaintiff is entitled to an order compelling the Real Estate Entities to transfer the real estate assets that it owns to Plaintiff and/or Plaintiff's solely owned entities.

621.     Plaintiff is entitled to an order directing the the Real Estate Entities to transfer the cash and assets that it owns to Plaintiff and/or Plaintiff's solely owned entities.

622.    By reason of the foregoing, Plaintiff demands judgment against the Real Estate Entities Defendant compelling the Real Estate Entities to transfer the real estate assets that it owns to Plaintiff and/or Plaintiff's solely owned entities and for judgment directing the the Real Estate Entities to transfer the cash and assets that it owns to Plaintiff and/or Plaintiff's solely owned entities.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant

Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC,

Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital,

LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT

Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714,

LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant

Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust,

Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122

Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC,

Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495

Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point,

LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant

1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor

LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037

Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC,

Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry

Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant

6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC,

Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120

Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC,

directing Defendant Ilia Mogilevsky and Defendant Ilia Mogilevsky, Defendant Trump Real

Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue

North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant

907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family

LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC, Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC, Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC, Defendant Ponte Verde 1315, LLC, Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495

Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC to convey the ownership interests, membership interests and fee simple title in the real properties owned by the Real Estate Entities to Plaintiff or Plaintiff's assigns.

## COUNT IV
## FOR TEMPORARY INJUNCTION

623.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

624.    Upon information and belief, Defendants have transferred real property assets between and from and/or to the Real Estate Entities Defendants with the use of funds, directly and/or indirectly from Plaintiff.

625.    In the event that Defendants further transfer any of the real properties and cash held by the Real Estate Entities Defendants, Plaintiff will be irreparably harmed.

626.    Plaintiff can demonstrate a probability of success on the merits, based on the allegations and facts contained in this complaint as a result of Defendants' actions.

627. Plaintiff will suffer irreparable injury in the absence of an injunction.

628. Monetary damage will be insufficient to Plaintiff as Plaintiff seeks to maintain the real properties owned by the Real Estate Entities Defendants until such time as the real estate owned by such Real Estate Entities are properly transferred to Plaintiff and/or Plaintiff's entity or entities.

629. In a balance of the equities, the court should rule in favor of Plaintiff on Plaintiff's request for a temporary injunction.

630. In a balance of the equities, the court should rule in favor of Plaintiff on Plaintiff's request for a temporary restraining order.

631. Plaintiff is entitled to a temporary injunction.

632. Plaintiff is entitled to a temporary restraining order in pending a hearing for a temporary injunction.

633. Plaintiff will suffer irreparable harm if the temporary injunction is not entered.

634. There is no adequate remedy at law.

635. The real properties are unique.

636. There is a substantial likelihood of success on the merits.

637. The entry of the temporary injunction will serve the public interest.

638. By reason of the foregoing, Plaintiff demands the issuance of a temporary injunction against Defendants, restraining and enjoining the Defendants from transferring, encumbering and/or mortgaging the real properties owned by the Real Estate Entities.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant

Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC for a temporary injunction.

## COUNT V
## FOR PERMANENT INJUNCTION

639.   Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

640.   Upon information and belief, Defendants have transferred real property assets between and from and/or to the Real Estate Entities Defendants with the use of funds, directly and/or indirectly from Plaintiff.

641.    In the event that Defendants further transfer any of the real properties and cash held by the Real Estate Entities Defendants, Plaintiff will be irreparably harmed.

642.    Plaintiff can demonstrate a probability of success on the merits, based on the allegations and facts contained in this complaint as a result of Defendants' actions.

643.    Plaintiff will suffer irreparable injury in the absence of an injunction.

644.    Monetary damage will be insufficient to Plaintiff as Plaintiff seeks to maintain the real properties owned by the Real Estate Entities Defendants until such time as the real estate owned by such Real Estate Entities are properly transferred to Plaintiff and/or Plaintiff's entity or entities.

645.    In a balance of the equities, the court should rule in favor of Plaintiff on Plaintiff's request for a permanent injunction.

646.    Plaintiff is entitled to a permanent injunction.

647.    By reason of the foregoing, Plaintiff demands the issuance of a permanent injunction against Defendants, restraining and enjoining the Defendants from transferring, encumbering and/or mortgaging the real properties owned by the Real Estate Entities.

648.    Plaintiff will suffer irreparable harm if the permanent injunction is not entered.

649.    Plaintiff has a clear legal right to entitlement to a permanent injunction.

650.    There is no adequate remedy at law.

651.    The real properties are unique.

652.    There is a substantial likelihood of success on the merits.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant

Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC for a permanent injunction.

## COUNT VI
## FOR BREACH OF CONTRACT

653.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

654.    Plaintiff had a contract with Defendant Ilia Mogilevsky.

655.    Plaintiff had an agreement that Defendant Ilia Mogilevsky that Plaintiff would purchase real properties in the State of Florida and that Defendant Ilia

Mogilevsky would manage the said properties for a management fee agreed upon by Plaintiff and Defendant Ilia Mogilevsky.

656.    Defendant Ilia Mogilevsky breached the terms of the contract with Plaintiff by failing to ensure that Plaintiff was the owner of all of the real properties which were purchased with funds originating, directly and indirectly from Plaintiff.

657.    Plaintiff provided a power of attorney to Defendant Natalia Mogilevsky in order to sign any and all documents to ensure that Plaintiff was the owner of all of the real properties owned by all of the defendant Real Estate Entities.

658.    Defendant Ilia Mogilevsky materially breached the terms and conditions of the contract with Plaintiff.

659.    Plaintiff has suffered damages as a result of Defendant Ilia Mogilevsky's breach of the terms and conditions of the contract with Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky and for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

<u>COUNT VII</u>
<u>FOR BREACH OF IMPLIED IN LAW CONTRACT</u>

660.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

661.    There are real properties owned by the Defendant Real Estate Entities which are supposed to be owned solely by Plaintiff.

662.    There are membership interests in entities in which the real properties owned by the Defendant Real Estate Entities are supposed to be owned solely by Plaintiff.

663.    There are real properties owned by the Defendant Real Estate Entities which are wrongfully owned by Defendant Ilia Mogilevsky.

664.    There are membership interests in limited liability companies that of the Defendant Real Estate Entities which are wrongfully owned by Defendant Ilia Mogilevsky.

665.    There are membership interests in limited liability companies that of the Defendant Real Estate Entities which are wrongfully owned by Defendant Natalia Mogilevsky.

666.    There are real properties owned by the Defendant Real Estate Entities which are wrongfully owned by Defendant Ilia Mogilevsky.

667.    There are real properties owned by the Defendant Real Estate Entities which are wrongfully owned by Defendant Natalia Mogilevsky.

668.    Plaintiff has conferred a benefit upon Defendant Ilia Mogilevsky.

669.    Plaintiff has conferred a benefit upon Defendant Natalia Mogilevsky.

670.    Defendant Ilia Mogilevsky has the knowledge of the benefit that was conferred upon him by Plaintiff.

671.    Defendant Natalia Mogilevsky has the knowledge of the benefit that was conferred upon her by Plaintiff.

672.    Defendant Ilia Mogilevsky has accepted or retained the benefit conferred upon him by Plaintiff.

673.    Defendant Natalia Mogilevsky has accepted or retained the benefit conferred upon him by Plaintiff.

674.    It would be inequitable for Defendant Ilia Mogilevsky to retain the benefits conferred on him without paying fair value it the benefits conferred.

675.    It would be inequitable for Defendant Natalia Mogilevsky to retain the benefits conferred on him without paying fair value it the benefits conferred.

676.    It would be inequitable for Defendant Real Estate Entities to retain the benefits conferred on him without paying fair value it the benefits conferred.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill

207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant

Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC,

Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital,

LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT

Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714,

LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant

Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust,

Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122

Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC,

Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495

Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point,

LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant

1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor

LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037

Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC,

Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry

Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant

6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC,

Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120

Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC for the

sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees,

costs and disbursements.

## COUNT VIII
## FOR PROMISSORY ESTOPPEL

677.     Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

678.     Defendant Ilia Mogilevsky made a promise to Plaintiff that Defendant Ilia Mogilevsky would purchase real properties in Plaintiff's name and Defendant Ilia Mogilevsky would manage the real properties.

679.     Defendant Ilia Mogilevsky should have reasonably expected to induce action by Plaintiff to allow the use of Plaintiff's monies to purchase real properties which were supposed to be in the name of Plaintiff or Plaintiff's entities.

680.     Injustice can only be avoided by the enforcement of the promise made by Defendant Ilia Mogilevsky to Plaintiff that Defendant Ilia Mogilevsky would purchase real properties in Plaintiff's name and Defendant Ilia Mogilevsky would manage the real properties.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky and for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

## COUNT IX
## FOR TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

681.     Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

682.     There was a business relationship between Plaintiff and Defendant Ilia Mogilevsky.

683.     There was a business relationship between Plaintiff and Defendant Natalia Mogilevsky.

684.     Defendant Erikah Bertoloti had knowledge of the relationship.

685.     Defendant Erikah Bertoloti intentional and unjustified interfered with the relationship between Plaintiff and Defendant Ilia Mogilevsky which induced or otherwise caused third persons not to perform.

686.     By reason of the actions of Defendant Erikah Bertoloti, third parties did not pay monies to Plaintiff's entities, but rather paid monies to entities owned by or controlled by Defendant Ilia Mogilevsky.

687.     Plaintiff has suffered damages as a result of third persons failure to perform.

WHEREFORE, Plaintiff demands judgment against Defendant Erikah Bertoloti and for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

## COUNT X
## FOR UNJUST ENRICHMENT

688.     Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

689.     Plaintiff has conferred a benefit on Defendant Ilia Mogilevsky.

690.     Plaintiff has conferred a benefit on Defendant Natalia Mogilevsky.

691.     Plaintiff has conferred a benefit on Defendant Real Estate Entities.

692.     Defendant Ilia Mogilevsky has knowledge of the benefit conferred upon Defendant Ilia Mogilevsky by Plaintiff.

693.    Defendant Natalia Mogilevsky has knowledge of the benefit conferred upon Defendant Natalia Mogilevsky by Plaintiff.

694.    Defendant Real Estate Entities have knowledge of the benefit conferred upon them by Plaintiff.

695.    Defendant Ilia Mogilevsky has accepted or retained the benefit conferred upon Defendant Ilia Mogilevsky by Plaintiff.

696.    Defendant Natalia Mogilevsky has accepted or retained the benefit conferred upon Defendant Natalia Mogilevsky by Plaintiff.

697.    Defendant Real Estate Entities have accepted or retained the benefit conferred upon them by Plaintiff.

698.    The circumstances are such that it would be inequitable for Defendant Ilia Mogilevsky to retain the benefits conferred by Plaintiff without paying fair value for it.

699.    The circumstances are such that it would be inequitable for Defendant Natalia Mogilevsky to retain the benefits conferred by Plaintiff without paying fair value for it.

700.    The circumstances are such that it would be inequitable for Defendant Real Estate Entities to retain the benefits conferred by Plaintiff without paying fair value for it.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky, Defendant Natalia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353

LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC, Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601

Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

## COUNT XI
## FOR EQUITABLE ACCOUNTING

701.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

702.    Plaintiff and Defendant Ilia Mogilevsky had a fiduciary relationship.

703.    Plaintiff and Defendant Natalia Mogilevsky had a fiduciary relationship.

704.    There transactions set forth in this complaint are complex transactions, which were established by Defendant Ilia Mogilevsky through dozens of limited liability companies in the State of Florida and the State of Wyoming.

705.    There have been, upon information and belief, in excess of 100 real estate transactions all of which originated with Plaintiff's funds.

706.    There is no legal remedy absent an accounting.

WHEREFORE, Plaintiff demands judgment for an accounting of all monies that were received by, transmitted by, deposited by, withdrawn by and utilized from January 1, 2011 to date by Defendant Ilia Mogilevsky,  Defendant Natalia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital,

LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC.

## COUNT XII
## FOR BREACH OF FIDUCIARY DUTY

707.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

708.    Plaintiff and Defendant Ilia Mogilevsky had a fiduciary relationship.

709.    Defendant Ilia Mogilevsky owed a fiduciary duty to Plaintiff.

710.    Defendant Ilia Mogilevsky breached his fiduciary duty to Plaintiff.

711.    Plaintiff has been damaged as a result of Defendant Ilia Mogilevsky breaching his fiduciary duties to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky and for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

## COUNT XIII
## FOR CANCELLATION OF DEED

712.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

713.    Defendant Ilia Mogilevsky caused deeds to be executed and recorded transferring ownership of real properties from entities in which Plaintiff was and/or is the owner of such limited liability companies without Plaintiff's knowledge and/or consent.

714.    Defendant Natalia Mogilevsky caused deeds to be executed and recorded transferring ownership of real properties from entities in which Plaintiff was and/or is the owner of such limited liability companies without Plaintiff's knowledge and/or consent.

715.    Plaintiff is entitled to rescission and/or cancellation of all such deeds which transferred real properties from entities in which Plaintiff was and/or is the owner of such limited liability companies to entities in which Defendant Ilia Mogilevsky is and/or was an owner of such limited liability companies.

716.    Plaintiff is entitled to rescission and/or cancellation of all such deeds which transferred real properties from entities in which Plaintiff was and/or is the owner of

such limited liability companies to entities in which Defendant Natalia Mogilevsky is and/or was an owner of such limited liability companies.

717.    There was inadequate consideration for the transfer of real properties from entities in which Plaintiff was and/or is the owner of such limited liability companies to entities in which Defendant Ilia Mogilevsky is an owner of such limited liability companies.

718.    There was inadequate consideration for the transfer of real properties from entities in which Plaintiff was and/or is the owner of such limited liability companies to entities in which Defendant Natalia Mogilevsky is an owner of such limited liability companies.

719.    Defendant Ilia Mogilevsky made misreprsentations to Plaintiff which Plaintiff relied upon.

720.    Defendant Natalia Mogilevsky made misreprsentations to Plaintiff which Plaintiff relied upon.

721.    Defendant Ilia Mogilevsky abused his fiduciary relationship with Plaintiff.

722.    Defendant Natalia Mogilevsky abused her fiduciary relationship with Plaintiff.

WHEREFORE, Plaintiff demands judgment for rescission and/or cancellation of all such deeds which transferred real properties from entities in which Plaintiff was and/or is the owner of such limited liability companies to entities in which Defendant Ilia Mogilevsky and/or Defendant Natalia Mogilevsky is, are and/or was and/or were an owner of such limited liability companies and rescission and/or cancellation of all such deeds which transferred real properties from entities in which Plaintiff was and/or is the owner as against Defendant

Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC, Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust,

Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC.

## COUNT XIV
## FOR CIVIL CONSPIRACY

723.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

724.    There was a conspiracy between two or more parties.

725.    There was a conspiracy between two or more parties to do an unlawful act.

726.    There was a conspiracy between two or more parties to do lawful acts by unlawful means.

727.    Defendant Ilia Mogilevsky overtly acted in pursuant of the conspiracy.

728.    Defendant Erikah Bertoloti overtly acted in pursuant of the conspiracy.

729.    Defendant Shlomo Ben Izhak overtly acted in pursuant of the conspiracy.

730.    Defendant Frank Cavallino overtly acted in pursuant of the conspiracy.

731.    Defendant Kristin Demeritt overtly acted in pursuant of the conspiracy.

732.    Defendant Stephanie Reeves overtly acted in pursuant of the conspiracy.

733.    Defendant Jason Evans, Esq. overtly acted in pursuant of the conspiracy.

734.    Defendant Leslie Robert Evans & Associates, P.A. overtly acted in pursuant of the conspiracy.

735.    Defendant Ilia Mogilevsky overtly acted in pursuant of the conspiracy by causing and/or assisting in the transfer of Plaintiff's assets to Defendant Ilia Mogilevsky and/or to entities in which Defendant Ilia Mogilevsky maintained an interest.

736.    Defendant Erikah Bertoloti overtly acted in pursuant of the conspiracy by causing and/or assisting in the transfer of Plaintiff's assets to Defendant Ilia Mogilevsky and/or to entities in which Defendant Ilia Mogilevsky maintained an interest.

737.    Defendant Shlomo Ben Izhak overtly acted in pursuant of the conspiracy by causing and/or assisting in the transfer of Plaintiff's assets to Defendant Ilia Mogilevsky and/or to entities in which Defendant Ilia Mogilevsky maintained an interest.

738.    Defendant Frank Cavallino overtly acted in pursuant of the conspiracy by causing and/or assisting in the transfer of Plaintiff's assets to Defendant Ilia Mogilevsky and/or to entities in which Defendant Ilia Mogilevsky maintained an interest.

739.    Defendant Kristin Demeritt overtly acted in pursuant of the conspiracy by causing and/or assisting in the transfer of Plaintiff's assets to Defendant Ilia Mogilevsky and/or to entities in which Defendant Ilia Mogilevsky maintained an interest.

740.    Defendant Stephanie Reeves overtly acted in pursuant of the conspiracy by causing and/or assisting in the transfer of Plaintiff's assets to Defendant Ilia Mogilevsky and/or to entities in which Defendant Ilia Mogilevsky maintained an interest.

741.    Defendant Jason Evans, Esq. overtly acted in pursuant of the conspiracy by causing and/or assisting in the transfer of Plaintiff's assets to Defendant Ilia Mogilevsky and/or to entities in which Defendant Ilia Mogilevsky maintained an interest.

742.    Defendant Leslie Robert Evans & Associates, P.A. overtly acted in pursuant of the conspiracy by causing and/or assisting in the transfer of Plaintiff's assets to Defendant Ilia Mogilevsky and/or to entities in which Defendant Ilia Mogilevsky maintained an interest.

743.    Plaintiff was damaged as a result of the acts done under the conspiracy.

744.    WHEREFORE, Plaintiff demands judgment against the Defendant Ilia Mogilevsky, Erikah Bertoloti, Shlomo Ben Izhak, Frank Cavallino, Stephanie Reeves, Kristin Demeritt, Jason Evans, Esq. and Leslie Robert Evans & Associates, P.A. for the sum to be determined at trial but anticipated to be no less than $1,000,000 plus attorneys fees, costs and disbursements.

## **COUNT XV**
## **FOR CONVERSION**

745.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

746.    Conversion is an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein.

747.    Upon information and belief, Plaintiff was the owner of membership interests in all of the Real Estate Entities.

748.    Defendant Ilia Mogilevsky wrongfully asserted dominion over Plaintiff's membership interests in the limited liability companies owning real properties which were supposed to be titled in the name of Plaintiff or Plaintiff's solely owned entities.

749.    Defendant Ilia Mogilevsky wrongfully asserted dominion over Plaintiff's real properties which were supposed to be titled in the name of Plaintiff or Plaintiff's solely owned entities.

WHEREFORE, Plaintiff demands judgment against the Defendant Ilia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

### COUNT XVI
### FOR CONSTRUCTIVE TRUST

750.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

751.    Defendant Ilia Mogelivsky promised to Plaintiff that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies.

752.    Plaintiff transferred funds based on the promise by Defendant Ilia Mogelivsky that all real properties that were acquired with Plaintiff's funds would be held in

limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies.

753.    Plaintiff and Defendant Ilia Mogelivsky had a confidential relationship.

754.    Defendant Natalia Mogelivsky promised to Plaintiff that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies.

755.    Plaintiff transferred funds based on the promise by Defendant Natalia Mogelivsky that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies.

756.    Plaintiff and Defendant Natalia Mogelivsky had a confidential relationship.

757.    Defendant Ilia Mogelivsky has been unjustly enriched.

758.    Defendant Natalia Mogelivsky has been unjustly enriched.

WHEREFORE, Plaintiff demands judgment against the Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

## COUNT XVII
## FOR FRAUD

759.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

760.    Defendant Ilia Mogilevsky made a statement to Plaintiff that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies.

761.    Defendant Ilia Mogilevsky knew that his statement that that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies was false at the time that it was made.

762.    Defendant Ilia Mogilevsky's statement that that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies was false at the time that it was made was made for the purpose of inducing Plaintiff to act in reliance of Defendant Ilia Mogilevsky's statements.

763.    Plaintiff acted in reliance of the correctness of the representations made by Defendant Ilia Mogilevsky to Plaintiff that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies was false at the time that it was made was made for the purpose of inducing Plaintiff to act in reliance of Defendant Ilia Mogilevsky's statements.

764.    Plaintiff has suffered damages as a result of frauds by Defendant Ilia Mogilevsky.

WHEREFORE, Plaintiff demands judgment against the Defendant Ilia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

## COUNT XVIII
## FOR FRAUD IN THE INDUCEMENT

765.     Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

766.     Defendant Ilia Mogilevsky made misrepresentation of a material fact to Plaintiff that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies.

767.     Defendant Ilia Mogilevsky knew that his statement of a material fact that all real properties that was acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies was false at the time that it was made.

768.     Defendant Ilia Mogilevsky's knew that Plaintiff would rely on the false statement of a material fact made by Defendant Ilia Mogilevsky.

769.     Defendant Ilia Mogilevsky's statement that that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies was false at the time that it was made was made for the purpose of inducing Plaintiff to act in reliance of Defendant Ilia Mogilevsky's statements.

770.     Plaintiff acted in reliance of the correctness of the representations made by Defendant Ilia Mogilevsky to Plaintiff that all real properties that were acquired with Plaintiff's funds would be held in limited liability companies in the name of Plaintiff as the sole owner of such limited liabilitiy companies was false at the time that it was made was

made for the purpose of inducing Plaintiff to act in reliance of Defendant Ilia Mogilevsky's statements.

771.    Plaintiff has suffered damages by relying on the false statements of material facts by Defendant Ilia Mogilevsky.

WHEREFORE, Plaintiff demands judgment against the Defendant Ilia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

## COUNT XIX
## FOR CIVIL THEFT

772.    Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

773.    Defendant Ilia Mogilevsky knowingly obtained, used, endeavored to obtain or to use Plaintiff's funds with the intent to temporarily deprive Plaintiff of a right to the property or a benefit from the property.

774.    Defendant Ilia Mogilevsky knowingly obtained, used, endeavored to obtain or to use Plaintiff's funds with the intent to permanently deprive Plaintiff of a right to the property or a benefit from the property.

775.    Defendant Ilia Mogilevsky had a criminal intent to steal Plaintiff's money.

776.    Defendant Ilia Mogilevsky knowingly appropriated to his own use or to the use of any person not entitled to the use of the Plaintiff's monies, directly and indirectly.

777.   Defendant Ilia Mogilevsky knowingly appropriated to various limited liability companies the use of the Plaintiff's monies, directly and indirectly.

778.   Defendant Ilia Mogilevsky knowingly appropriated to his own use, Plaintiff's membership interests in limited liability companies.

779.   Defendant Ilia Mogilevsky knowingly appropriated to his own use, Plaintiff's membership interests in real properties.

780.   Defendant Ilia Mogilevsky violated Fl. Stat. § 812.014(1).

WHEREFORE, Plaintiff demands judgment against the Defendant Ilia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

## COUNT XX
## FOR DECLARATORY JUDGMENT

781.   Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" above as if set forth herein in full.

782.   Plaintiff demands judgment for a declaration from this court stating that Defendant Ilia Mogilevsky has no ownership interests and/or rights in the following limited liability companies which are solely owned by Plaintiff: Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B

Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor

LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC.

783.    There is a bona fide, actual, present practical need for the declaration because all real properties acquired by the Real Estate Entities were purchased, directly and indirectly with Plaintiff's funds.

784.    The declaration sought deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

WHEREFORE, Plaintiff demands judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC,

Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant

6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC stating that Defendant Ilia Mogilevsky has no ownership interests and/or rights in the following limited liability companies which are solely owned by Plaintiff: Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC,

Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC, Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC, Defendant Ponte Verde 1315, LLC, Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC, Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC.

**COUNT XXI**
**FOR NOTARIAL MISCONDUCT**

785.   Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "109" and paragraphs "131" through "198" above as if set forth herein in full.

786. Defendant Stephanie Reeves is guilty of Fla. Stat. 117.107(9) by notarizing the signature of Defendant Natalia Mogilevsky without Defendant Natalia Mogilevsky being present at the time of the notarization and without personally seeing Defendant Natalia Mogilevsky sign the document that Defendant Stephanie Reeves notarized and acknowledged.

787. Defendant Kristin Demeritt is guilty of Fla. Stat. 117.107(9) by notarizing the signature of Defendant Natalia Mogilevsky without Defendant Natalia Mogilevsky being present at the time of the notarization and without personally seeing Defendant Natalia Mogilevsky sign the document that Defendant Stephanie Reeves notarized and acknowledged.

788. Defendant Jason Evans, Esq. is guilty of Fla. Stat. 117.107(9) by notarizing the signature of Defendant Natalia Mogilevsky without Defendant Natalia Mogilevsky being present at the time of the notarization and without personally seeing Defendant Natalia Mogilevsky sign the document that Defendant Stephanie Reeves notarized and acknowledged.

789. Defendant Erikah Bertoloti is guilty of Fla. Stat. 117.107(9) by notarizing the signature of Defendant Natalia Mogilevsky without Defendant Natalia Mogilevsky being present at the time of the notarization and without personally seeing Defendant Natalia Mogilevsky sign the document that Defendant Stephanie Reeves notarized and acknowledged.

WHEREFORE, Plaintiff demands judgment against the Defendant Stephanie Reeves, Defendant Kristin Demeritt, Defendant Jason Evans, Esq., and Defendant Erikah Bertoloti

for the sum to be determined at trial but anticipated to be no less than as permitted under Florida statutes, plus attorneys fees, costs and disbursements.

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

a. On Count I, judgment against Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino for violations of 18 USC 1961, et.seq. – the Civil Racketeering Influenced Corrupt Organizations Act in an amount to be determined at trial, but anticipated to be no less than $8,000,000, plus interest, costs, disbursements and attorney's fees plus all available remedies under 18 USC 1961, et.seq.;

b. On Count II, judgment against Defendant Ilia Mogilevsky, Defendant Erikah Bertoloti, Defendant Shlomo Ben Izhak and Defendant Frank Cavallino for violations of Fla. Stat. §4:170 – the Florida Civil Racketeering Influenced Corrupt Organizations Act in an amount to be determined at trial, but anticipated to be no less than $8,000,000, plus interest, costs, disbursements and attorney's fees plus all available remedies under 18 USC 1961, et.seq.;

c. On Count III, judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant

219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC, Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor

LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC, directing Defendant Ilia Mogilevsky and Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC,

Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC to convey the ownership interests, membership interests and fee simple title in the real properties owned by the Real Estate Entities to Plaintiff or Plaintiff's assigns;

d. On Count IV, judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant

Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC for a temporary injunction.

e. On Count V, judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC,

Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037

Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC for a permanent injunction.

f. On Count VI, judgment against Defendant Ilia Mogilevsky and for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements.

g. On Count VII, judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC,

Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120

Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

h. On Count VIII judgment against Defendant Ilia Mogilevsky and for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

i. On Count IX, judgment against Defendant Erikah Bertoloti and for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

j. On Count X, judgment against Defendant Ilia Mogilevsky, Defendant Natalia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family

LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom

Investments, LLC for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

     k. On Count XI, judgment for an accounting of all monies that were received by, transmitted by, deposited by, withdrawn by and utilized from January 1, 2011 to date by Defendant Ilia Mogilevsky,  Defendant Natalia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC,

Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC.

l. On Count XII, judgment against Defendant Ilia Mogilevsky and for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

m. On Count XIII, judgment for rescission and/or cancellation of all such deeds which transferred real properties from entities in which Plaintiff was and/or is the

owner of such limited liability companies to entities in which Defendant Ilia Mogilevsky and/or Defendant Natalia Mogilevsky is, are and/or was and/or were an owner of such limited liability companies and rescission and/or cancellation of all such deeds which transferred real properties from entities in which Plaintiff was and/or is the owner as against Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital,

LLC, Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC, Defendant Ponte Verde 1315, LLC, Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC, Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC.

n. On Count XIV, judgment against the Defendant Ilia Mogilevsky, Erikah Bertoloti, Shlomo Ben Izhak, Frank Cavallino, Stephanie Reeves, Kristin Demeritt, Jason Evans, Esq. and Leslie Robert Evans & Associates, P.A. for the sum to be determined at trial but anticipated to be no less than $1,000,000 plus attorneys fees, costs and disbursements.

o. On Count XV, judgment against the Defendant Ilia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

p. On Count XVI, judgment against the Defendant Ilia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

q. On Count XVII, judgment against the Defendant Ilia Mogilevsky and Defendant Natalia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

r. On Count XVIII, judgment against the Defendant Ilia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

s. On Count XIX, judgment against the Defendant Ilia Mogilevsky for the sum to be determined at trial but anticipated to be no less than $8,000,000 plus attorneys fees, costs and disbursements;

t. On Count XX, judgment against Defendant Ilia Mogilevsky, Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC,

Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC, Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037

Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC stating that Defendant Ilia Mogilevsky has no ownership interests and/or rights in the following limited liability companies which are solely owned by Plaintiff: Defendant Trump Real Estate Investment LLC, Defendant D Street Investment LLC, Defendant 1608 7th Avenue North LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant Lake Worth 511 LLC, Defendant Forest Hill Single Family LLC, Defendant Gulfstream 4353 LLC, Defendant 611 7th Avenue LLC, Defendant Lucerne 1213 LLC, Defendant 513 North E Street LLC, Defendant 415 North B Street LLC, Defendant Lake Worth 530 LLC, Defendant Lake Worth 501 LLC, Defendant 219 North B Street LLC, Defendant 621 North F Street LLC, Defendant 232 North C Street LLC, Defendant 619 North F Street LLC, Defendant 321 North E Street LLC, Defendant 206 South C Street LLC, Defendant 116 North E Street LLC, Defendant A Street Property LLC, Defendant 412 North E Street LLC, Defendant 321 North F Street LLC, Defendant 1207 North H Street LLC, Defendant Northwood Single Family LLC, Defendant 125 South F Street LLC, Defendant 509 North K Street LLC, Defendant 126 South J Street LLC, Defendant 127 North F Street LLC, Defendant Northwood Multi Family LLC, Defendant Baikal Real Estate Holdings, LLC, Defendant Express Realty, LLC, Defendant FHB Investments, LLC, Defendant Forest Hill 102, LLC, Defendant Forest Hill 104, LLC,

Defendant Forest Hill 109, LLC, Defendant Forest Hill 202, LLC,  Defendant Forest Hill 207, LLC, Defendant Forest Hill 209, LLC, Defendant Forest Hill 210, LLC, Defendant Forest Hill 6048, LLC, Defendant Forest Hill 6094, LLC, Defendant Forest Hill 6106, LLC, Defendant Forest Hill 205, LLC, Defendant Forest Hill 204, LLC, Defendant Ilia Capital, LLC,  Defendant Irkutsk LLC, Defendant Maxim Real Estate Holdings LLC, Defendant NAT Investment Holdings, LLC, Defendant Ponte Verde 228, LLC, Defendant Ponte Verde 714, LLC,  Defendant Ponte Verde 1315, LLC,  Defendant Ponte Verde 1616, LLC, Defendant Ponte Verde 2124, LLC, Defendant Sapodilla 513, LLC, Defendant US Land Trust, Defendant US Land Trust, LLC, Defendant US Capital & Investments, LLC, Defendant 122 Sunset Cove, LLC, Defendant 314 S. D Street, LLC, Defendant 907 S. B Street, LLC, Defendant 1205 Abaco Lane, LLC, Defendant 1453 Lake Crystal, LLC, Defendant 1495 Lake Crystal, LLC, Defendant 1501 Windorah Way, LLC, Defendant 1601 Balfour Point, LLC, Defendant 1620 Windorah Way, LLC, Defendant 1621 Balfour Point, LLC, Defendant 1923 Gardenia, LLC, Defendant 1925 Marsh Harbour, LLC, Defendant 1927 Marsh Harbor LLC, Defendant 1987 Nassau, LLC, Defendant 1993 Marsh Harbour, LLC, Defendant 2037 Nassau, LLC, Defendant 3411 Sonoma Drive, LLC, Defendant 3730 Jog Road, LLC, Defendant 3760 Jog Road, LLC, Defendant 3800 Jog Road, LLC, Defendant 4606 Cherry Road, LLC, Defendant 5175 Palmbrooke, LLC, Defendant 6048 Forest Hill, LLC,  Defendant 6054 Forest Hill, LLC, Defendant 6066 Forest Hill, LLC, Defendant 6080 Forest Hill, LLC, Defendant 6106 Forest Hill, LLC, Defendant 6112 Forest Hill, LLC and Defendant 6120 Forest Hill, LLC, Custom Investments (Florida), LLC and Custom Investments, LLC; and

u. On Count XXI, judgment against the Defendant Stephanie Reeves, Defendant Kristin Demeritt, Defendant Jason Evans, Esq., and Defendant Erikah Bertoloti for the sum

to be determined at trial but anticipated to be no less than as permitted under Florida statutes,

plus attorneys fees, costs and disbursements;

     v. granting such other relief as may be proper.

Dated:     Great Neck, New York
            January 16, 2018

Gary Rosen, Esq. (GR-8007)
ROSEN LAW LLC
Attorneys for Plaintiff Tamara Filippova
216 Lakeville Road
Great Neck, New York 11020
516-437-3400
Fax 516-334-3000
Email: grosen@rosenlawllc.com

**DOCKET NO. _____**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Tamara Filippova

                Plaintiff,

      - against -

Ilia Mogilevsky, Erikah Bertoloti, Shlomo Ben Izhak,
Jane Doe # 1, Kristin Demeritt, Stephanie Reeves,
Frank Cavallino, Natalia Mogilevsky, Leslie Robert
Evans & Associates, P.A., Jason Evans, Esq., Trump
Real Estate Investment LLC, FHB Investments, LLC,
Ilia Capital, LLC, Sapodilla 513, LLC, US Land Trust,
US Land Trust, LLC, D Street Investment LLC, 1608
7th Avenue North LLC, 122 Sunset Cove, LLC, 314 S.
D Street, LLC, 907 S. B Street, LLC, Lake Worth 511
LLC, Forest Hill Single Family LLC, Gulfstream 4353
LLC, 611 7th Avenue LLC, Lucerne 1213 LLC, 513
North E Street LLC, 415 North B Street LLC, Lake
Worth 530 LLC, Lake Worth 501 LLC, 219 North B
Street LLC, 621 North F Street LLC, 232 North C
Street LLC, 619 North F Street LLC, 321 North E
Street LLC, 206 South C Street LLC, 116 North E
Street LLC, A Street Property LLC, 412 North E Street
LLC, 321 North F Street LLC, 1207 North H Street
LLC, Northwood Single Family LLC, 125 South F
Street LLC, 509 North K Street LLC, 126 South J Street
LLC, 127 North F Street LLC, Northwood Multi Family
LLC, Baikal Real Estate Holdings, LLC, Express
Realty, LLC, Forest Hill 102, LLC, Forest Hill 104,
LLC, Forest Hill 109, LLC, Forest Hill 202, LLC,
Forest Hill 207, LLC, Forest Hill 209, LLC, Forest Hill
210, LLC, Forest Hill 6048, LLC, Forest Hill 6094,
LLC, Forest Hill 6106, LLC, Forest Hill 205, LLC,
Forest Hill 204, LLC, Irkutsk LLC, Maxim Real Estate
Holdings LLC, NAT Investment Holdings, LLC, Ponte
Verde 228, LLC, Ponte Verde 714, LLC, Ponte Verde
1315, LLC, Ponte Verde 1616, LLC, Ponte Verde 2124,
LLC, US Capital & Investments, LLC, 1205 Abaco

Lane, LLC, 1453 Lake Crystal, LLC, 1495 Lake
Crystal, LLC, 1501 Windorah Way, LLC, 1601 Balfour
Point, LLC, 1620 Windorah Way, LLC, 1621 Balfour
Point, LLC, 1923 Gardenia, LLC, 1925 Marsh Harbour,
LLC, 1927 Marsh Harbor LLC, 1987 Nassau, LLC,
1993 Marsh Harbour, LLC, 2037 Nassau, LLC, 3411
Sonoma Drive, LLC, 3730 Jog Road, LLC, 3760 Jog
Road, LLC, 3800 Jog Road, LLC, 4606 Cherry Road,
LLC, 5175 Palmbrooke, LLC, 6048 Forest Hill, LLC,
6054 Forest Hill, LLC, 6066 Forest Hill, LLC, 6080
Forest Hill, LLC, 6106 Forest Hill, LLC, 6112 Forest
Hill, LLC, 6120 Forest Hill, LLC, Custom Investments
(Florida), LLC and Custom Investments, LLC,

        Defendants.

## COMPLAINT

**SIGNATURE (RULE 11)**

_____

**GARY S. ROSEN, ESQ.**

        **ROSEN LAW LLC**
        **216 Lakeville Road**
        **Great Neck, New York 11020**
        **(516)-437-3400**