UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80044-CIV-MARRA/MATTHEWMAN

TAMARA FILIPPOVA,

Plaintiff,

vs.

ILIA MOGILVESKY, et al,

Defendants.

_____/

**ORDER GRANTING MOTIONS TO DISMISS THE SECOND AMENDED
COMPLAINT**

This cause is before the Court upon multiple motions to dismiss filed by Defendants (DE

276, 277, 279, 282, 285, 290, 293, 294, 295, 319).  The Court has carefully considered the

Motions and is otherwise fully advised in the premises.

I. Background

On January 16, 2018, Plaintiff Tamara Filippova ("Plaintiff") filed a Second Amended

Complaint ("SAC," DE 273) against Defendants Ilia Mogilevsky, King David Real Estate

Investment Holding LLC ("King David"), US Land Trust LLC, US Land Trust, Defendant HMC

Assets, LLC ("HMC Assets"), Tam Tam Investments LLC ("Tam Tam"), Trump Real Estate

Investments LLC ("Trump Real Estate"), D Street Investment LLC ("D Street"), 1608 7th Avenue

North LLC ("1608 7th Avenue"), 122 Sunset Cove LLC ("122 Sunset Cove"), 314 S. D Street

LLC ("314 S. D Street"), 907 S. B Street LLC ("907 S. B Street"), Lake Worth 511 LLC ("Lake

Worth 511"), Forest Hill Single Family LLC ("Forest Hill Single Family"), Gulfstream 4353

LLC ("Gulfstream"), 611 7th Avenue LLC (611 7th Avenue"), Lucerne 1213 LLC ("Lucerne

1213"), 513 North E Street LLC ("513 North E Street"), 415 North B Street LLC ("415 North B

Street"), Lake Worth 530 LLC ("Lake Worth 530"), Lake Worth 501 LLC ("Lake Worth 501"),

219 North B Street LLC ("219 North B Street"), 621 North F Street LLC ("621 North F Street"),

232 North C Street LLC ("232 North C Street"), 619 North F Street LLC ("619 North F Street"),

321 North E Street LLC ("321 North E Street"), 206 South C Street LLC ("206 South C Street"),

116 North E Street LLC ("116 North E Street"), A Street Property LLC ("A Street Property"),

412 North E Street LLC ("412 North E Street"), 321 North F Street LLC ("321 North F Street"),

1207 North H Street LLC ("1207 North H Street"), Northwood Single Family LLC ("Northwood

Single Family"), 125 North F Street LLC ("125 North F Street"), 509 North K Street LLC ("509

North K Street"), 126 South J Street LLC ("126 South J Street"), 127 North F Street LLC ("127

North F Street"), Northwood Multi Family LLC ("Northwood Multi Family"), Baikal Real Estate

Holdings LLC ("Baikal"), Forest Hill 6048 LLC ("Forest Hill"), FHB Investments LLC ("FHB"),

Ilia Capital LLC ("Ilia Capital"), Sapodilla 513 LLC ("Sapodilla 513"), 122 Sunset Cove LLC

("122 Sunset Cove"), 314 S. D Street LLC ("314 S. D Street"), 907 S. B Street LLC ("907 S. B

Street"), 1923 Gardenia LLC ("1923 Gardenia"), 4606 Cherry Road LLC ("4606 Cherry Road"),

5175 Palmbrooke LLC ("5175 Palmbrooke"), 6080 Forest Hill LLC ("6080 Forest Hill"),

Custom Investments LLC ("Custom Investments"), Custom Management LLC ("Custom

Management"), Frank Cavallino ("Cavallino"), Leslie Robert Evans & Associates, P.A. ("Leslie

Robert Evans & Associates"), Leslie Robert Evans ("Leslie Robert Evans"), Jason Evans ("Jason

Evans"), Tama Beth Kudman Richman and Natalia Mogilevsky. (SAC ¶¶ 13, 21-80.)

The Second Amended Complaint brings the following claims: **Breach of Contract**

(count one) against Defendants Ilia Mogilevsky and Natalia Mogilevsky; **Breach of Implied in**

**Law Contract** (count two) against Defendants Ilia Mogilevsky and Natalia Mogilevsky;

**Promissory Estoppel** (count three) against Defendants Ilia Mogilevsky, Natalia Mogilevsky, King David, FHB, Ilia Capital, Tam Tam, Sapodilla 513, US Land Trust, US Land Trust LLC, D Street, 1608 7th Avenue, 122 Sunset Cove, 314 S. D Street, 907 S. B Street, Lake Worth 511, Forest Hill Single Family, Gulfstream, 611 7th Avenue, Lucerne 1213, 513 North E Street, 415 North B Street, Lake Worth 530, Lake Worth 501, 219 North B Street, 621 North F Street, 232 North C Street, 619 North F Street, 321 North E Street, 206 South C Street, 116 North E Street, A Street Property, 412 North E Street, 321 North F Street, 1207 North H Street, Northwood Single Family, 125 North F Street, 509 North K Street, 126 South J Street, 127 North F Street, Northwood Multi Family, Baikal, Forest Hill 6048, 1923 Gardenia, 4606 Cherry Road, 5175 Palmbrooke, 6080 Forest Hill, Custom Investments (Florida), Custom Investments, Custom Management and Trump Real Estate; **Unjust Enrichment** (count four) against Defendants Ilia Mogilevsky, Natalia Mogilevsky, King David, FHB, Ilia Capital, Tam Tam, Sapodilla, US Land Trust, US Land Trust LLC, D Street, 1608 7th Avenue, 122 Sunset Cove, 314 S. D Street, 907 S. B street, Lake Worth 511, Forest Hill Single Family, Gulfstream, 611 7th Avenue, Lucerne 1213, 513 North E Street, 415 North B Street, Lake Worth 530, Lake Worth 501, 219 North B Street, 621 North F Street, 232 North C Street, 619 North F Street, 321 North E Street, 206 South C Street, 116 North E Street, A Street Property, 412 North E Street, 321 North F Street, 1207 North H Street, Northwood Single Family, 125 North F Street, 509 North K Street, 126 South J Street, 127 North F Street, Northwood Multi Family, Baikal, Forest Hill 6048, 1923 Gardenia, 4606 Cherry Road, 5175 Palmbrooke, 6080 Forest Hill, Custom Investments (Florida), Custom Investments, Custom Management, Trump Real Estate, Leslie Robert Evans & Associates, Leslie

3

Robert Evans, Jason Evans and Tama Beth Kudman Richman; **Tortious Interference with Contractual Relationship** (count five) against Tama Beth Kudman Richman; **Equitable Accounting** (count six); **Breach of Fiduciary Duty** against Ilia Mogilevsky and Natalia Mogilevsky (count seven); **Breach of Fiduciary Duty** (count eight) against Tama Beth Kudman Richman; **Cancellation of Deed** (count nine); **Civil Conspiracy** (count ten) against Ilia Mogilevsky, Jason Evans, Erikah Bertoloti, Frank Cavallino, Tama Beth Kudman Richman, Leslie Robert Evans and Leslie Robert Evans & Associates; **Fraud** (count eleven) against Ilia Mogilevsky; **Fraud in the Inducement** (count twelve) against Ilia Mogilevsky; **Cancellation of Mortgage** (count thirteen) against HMC Assets; **Declaratory Judgment** (count fourteen) against King David, FHB, Ilia Capital, Tam Tam, Sapodilla 513, US Land Trust, US Land Trust LLC, D Street Investment, 1608 7th Avenue, Sunset Cove, 314 S. D Street, 907 S. B Street, Lake Worth 511, 219 North B Street, 621 North F Street, 232 North C street, 619 North F Street, 321 North E Street, 206 South C Street, 116 North E Street, A Street Property, 412 North E Street, 321 North F Street, 1207 North H Street, Northwood Single Family, 125 North F Street, 509 North K Street, 126 South J Street, 127 North F Street, Northwood Multi Family, Baikal, Forest Hill 6048, 1923 Gardenia, 4606 Cherry Road, 5175 Palmbrooke, 6080 Forest Hill, Custom Investments (Florida), Custom Investments, Custom Management, Trump Real Estate; **Notarial Misconduct** (count fifteen) against Jason Evans, Erikah Bertoloti, Leslie Robert Evans and Leslie Robert Evans & Associates; **Violation of RICO**, 18 U.S.C. §1961 (count sixteen) against Ilia Mogilevsky, Erikah Bertoloti, Frank Cavallino, Tama Beth Kudman Richman, Jason Evans and Leslie Robert Evans

4

and **Florida state law RICO**[1] (count seventeen) against Ilia Mogilevsky, Erikah Bertoloti, Frank Cavallino, Tama Beth Kudman Richman, Jason Evans and Leslie Robert Evans.

II. Discussion

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294–95 (11th Cir. 2018). As explained by the Eleventh Circuit Court of Appeals in Byrne v. Nezhat, 261 F.3d 1075, 1131–32 (11th Cir. 2001):

> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice. Although obstruction of justice is typically discussed in the context of criminal contempt, the concept informs the rules of law—both substantive and procedural—that have been devised to protect the courts and litigants (and therefore the public) from abusive litigation tactics, like shotgun pleadings. If use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to-wit: obstructs justice, the perpetrator could be cited for criminal contempt.

Id. at 1131-32 (quotations, citations, ellipses and brackets omitted); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

---

[1] It is unclear what provision of the Florida RICO statute the SAC claims was violated as the citation provided, Florida Statute §4.170, does not exist.

Thirty years after the Eleventh Circuit first discussed shotgun pleadings, the Court provided a more detailed description about shotgun pleadings by placing them into four different categories.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-33 (11th Cir. 2015).  The first category consists of "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  Id. at 1321.  The second category is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  Id. at 1322.  The third category concerns a complaint that fails to  "separat[e] into a different count each cause of action or claim for relief."  Id. at 1323.  Lastly, the fourth category asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  Id.

The Court has had the unfortunate responsibility to review and analyze Plaintiff's 277 page, 1565 paragraph SAC.  To put it as delicately as one can, it was a mind numbing experience.  It is at best incoherent and riddled with redundancy.  Furthermore, the SAC has achieved the dubious distinction of suffering from all four infirmities identified in Weiland.

By way of example, all 17 counts incorporate paragraphs 1 through 1029, which consist of every factual paragraph in the SAC (category one).  Equally problematic is that the facts contained in these 1029 paragraphs are rambling and vague and the Court cannot decipher which facts relate to which causes of action (category two). Indeed, the complaint is replete with incomplete sentences and mislabeling of the genders of the actors.  Many of the causes of action

6

are duplicative as well as unclear.  See, e.g., counts 6, 11, 12, and 14.[2]

Even without those deficiencies, the Court would still be at a loss to make sense of this complaint because the it fails to separate each cause of action into separate counts and improperly lumps together Defendants.  For example, with respect to the breach of contract claim, it is unclear if there is more than one contract at issue.  The caption of the count lists two defendants; i.e., Ilia Mogilevsky and Natalia Mogilevsky.  However, the count states that Plaintiff entered into a contract with Ilia Mogilevsky, not Natalia Mogilevsky. (SAC ¶ 1031.)  At the same time, this count lists several other defendants (SAC ¶¶ 1016-1019) and it is unclear whether these Defendants also entered into a contract with Plaintiff, and if they entered into the same contract as that allegedly entered into with Ilia Mogilevsky.  If there are multiple contracts that were breached, the complaint ought to plead each breach of contract separately and identify with whom the contract was entered, the relevant terms and what terms were breached.  These last two "categories" of pleading problems identified in Weiland can be found in other counts as well, including the breach of implied in law contract  (categories three and four), promissory estoppel (categories three and four), unjust enrichment (categories three and four), tortious interference with contractual relationship (category three), breach of fiduciary duty (categories three and four) and civil conspiracy (categories three and four).

The Court is conflicted with how to deal with this monstrosity of a pleading.  In Weiland, the Eleventh Circuit Court of Appeals stated a district court may dismiss or strike a shotgun

---

[2] The claim for equitable accounting (count six) does not state of what Plaintiff seeks an accounting, the fraud claims (counts eleven and twelve) are duplicative of each other and the declaratory judgment claim (count fourteen) is unclear and duplicative of other claims. The cancellation of mortgage claim (count thirteen) is incoherent as it does not assert that Plaintiff is a mortgagor or a title holder to the property.

pleading and give the plaintiff an opportunity to replead with directions from the Court.
Weiland, 792 F.3d at 1321 n.10; see also Vibe Micro, 878 F.3d at 1296 ("[A] district court must
*sua sponte* give [the plaintiff] one chance to replead before dismissing his case with prejudice on
non-merits shotgun pleading grounds ... [and] should explain how the offending pleading violates
the shotgun pleading rule so that the party may properly avoid future shotgun pleadings.");
Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district
court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' [sic]
failed to connect their causes of action to the facts alleged, the proper remedy was to order
repleading *sua sponte*."); Byrne, 261 F.3d at 1133 & n.113 ("[I]f, in the face of a shotgun
complaint, the defendant does not move the district court to require a more definite statement, the
court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.");
Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997) ("[W]e note that the district court,
acting on its own initiative, should have stricken [the shotgun pleading] and instructed counsel to
replead their cases . . . .").

    Recently, however, in the case of Jackson v. Bank of Am., N.A., No. 16-16685, 2018 WL
3673002 (11th Cir. Aug. 3, 2018), the Eleventh Circuit Court of Appeals, when dealing with a 23
page, 123 paragraph complaint, stated that a district court could dismiss a case with prejudice if
the defendants moved for a more definite statement on the grounds that the complaint was a
shotgun pleading and the plaintiff had an opportunity to remedy such deficiencies. Id. at *6.  The
Jackson Court went on to say that the district court "should have dismissed the amended
complaint with prejudice because, as we have concluded, the amended complaint was
incomprehensible."  Id. at *7.  Significantly, the Jackson Court explained that the district court

would not have abused its discretion if it had dismissed the amended complaint with prejudice without further elaborating on its deficiencies—especially considering that the [plaintiff] agreed to file an improved complaint yet did not do so.  Id.  The complaint in Jackson was infinitesimal as compared with the complaint in this case.  If any complaint would seem to justify outright dismissal with prejudice, it is hard to imagine a more worthy candidate than this one.  This is especially the case here, given that Plaintiff has filed three complaints and even admitted that the amendments to the complaints were based at least in part on the pleading deficiencies identified by Defendants. (DE 237.)

That stated, the Court has concluded that it will allow Plaintiff one additional attempt to remedy these deficiencies.  The Court does this with full understanding of the burden such a pleading places on the many Defendants in this case.  However, the Court is concerned that Jackson broke with earlier opinions that require a district court to give a plaintiff one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.  As the Eleventh Circuit has explained, "[w]hen faced with an intra-circuit split we must apply the 'earliest case' rule, meaning 'when circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel.'" See Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003). It is for this reason only that the Court has chosen not to dismiss the complaint with prejudice on shotgun pleading grounds.

Nothing about that conclusion, however, alters the fact that some counts must be dismissed with prejudice for failure to state a claim.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Factual allegations must be enough to raise a right to relief above the speculative level." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

    "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a

plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984).

    The cancellation of deed claim (count nine) must be dismissed because cancellation of

deed is an equitable remedy and not an independent cause of action. See Duncan Props., Inc. v.

Key Largo Ocean View, Inc., 360 So. 2d 471, 473 (Fla. Dist. Ct. App. 1978)("The rescission or

cancellation of a deed and mortgage is a harsh remedy not generally favored by the courts.")

Thus, this claim is dismissed with prejudice, as any amendment would be futile.

    The claims for notarial misconduct brought pursuant to Florida Statute §117.107(9) are

dismissed with prejudice as well.[3]  Pursuant to Florida Statute §117.107(9), if a notary public is determined to violate this subsection, the notary public may be found guilty of a civil infraction and penalized by a fine up to $5,000.00.[4]  Such administrative relief is not within the jurisdiction of a court. It falls within the jurisdiction of the Florida Governor's office to review alleged misconduct of a notary public and discipline, if necessary.  See Notary Complaints, Office of the Florida Governor, https://www.flgov.com/notary-complaints (last visited Aug. 24, 2018).

Lastly, the Court dismisses with prejudice the RICO claims.  Plaintiff, a Russian national living in Russia, allegedly transferred monies from Spain and Israel to the United States for which Plaintiff seeks recovery.  In RJR Nabisco Inc. v. European Community, 136 S. Ct. 2090, 2111 (2016), the United States Supreme Court stated that a civil RICO plaintiff must "allege and prove a domestic injury to business or property and does not allow for recovery for foreign injuries."  Id. Here, there are no allegations demonstrating that the economic impact on Plaintiff was felt in United States or that Plaintiff was working, traveling or doing business in the United States. See Absolute Activist Value Master Fund Ltd. v. Devine, 233 F. Supp. 3d 1297, 1325-26

_____

[3] It appears that Plaintiff may be attempting to bring a claim for notarial misconduct pursuant to Florida Statute § 117.05(6).  Based on various pleading infirmities, the Court cannot ascertain against whom this claim is brought or identify the factual underpinnings of this claim. Therefore, this claim is dismissed without prejudice with leave to amend.

[4] Plaintiff relies upon Amerisel of N. E. Fla., Inc. v. Leiffer, 738 So. 2d 993 (Fla. Dist. Ct. App. 1999) as support of a private right of action under Florida Statute §117.107(9). While that case addressed a lawsuit brought against a notary and her employer, Ameriseal did not address whether there is a private right of action under Florida Statute §117.107(9). Whether a private right of action exists is a matter of legislative intent, and absent a specific expression of such intent, a private right of action cannot be implied.  See Villazon v. Prudential Health Care Plan, Inc., 843 So. 2d 842, 852 (Fla. 2003); Murthy v. N. Sinha Corp., 644 So. 2d 983, 985 (Fla. 1994).  Given that Florida Statute §117.107(9) speaks only to civil penalties and criminal liability, the Court finds that the legislature did not intend to create a private right of action under this statutory provision.

11

(M.D. Fla. 2017) (finding that foreign corporate plaintiffs suffered their economic injuries where they were located, not where the RICO predicate acts occurred); City of Almaty, Kazakhstan v. Ablyazov, 226 F. Supp. 3d 272, 284 (S.D.N.Y. 2016) (foreign plaintiffs did not suffer a domestic injury because they did not hold assets, maintain business operations or have any other presence in the United States); Tatung Co., Ltd. v. Shu Tze Hsu, 217 F. Supp. 3d 1138, 1155-56 (C.D. Cal. 2016) (courts must look to whether the plaintiff was working, traveling, or doing business in the United States when injured); Exeed Indus., LLC v. Younis, No.15 C 14, 2016 WL 6599949, at *3 (N.D. Ill. Nov. 8, 2016) (finding that foreign plaintiffs did not suffer a domestic injury despite the fact that the illegally obtained funds were used to purchase land in the United States); but see Akishev v. Kapustin, No. 13-cv-7152, 2016 WL 7165714, at *5–8 (D.N.J. Dec. 8, 2016) (finding a domestic injury where the plaintiffs never left their foreign country but used internet to find United States business that made fraudulent misrepresentations).  Furthermore, even when the majority of RICO conduct took place in the United States, that does not mean a plaintiff has suffered a domestic injury.  Glock v. Glock, 247 F. Supp. 3d 1307, 1318 (N.D. Ga. 2017), affirmed, 714 F. App'x 987 (11th Cir. 2018).

For these reasons, the Court dismisses the RICO claims and finds that amendment would be futile.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      Defendants' motions to dismiss (DE 276, 277, 279, 282, 285, 290, 293, 294, 295, 319) are **GRANTED**.  The Complaint is dismissed in part on shotgun pleading grounds and dismissed in part on merits grounds.  Plaintiff is granted leave to

amend, consistent with the directives in this Order.  The amended complaint must be filed by **September 19, 2018.**

2)      The motions to dismiss the cross-claims (DE 226, 227, 335, 336, 338, 345) are **DENIED AS MOOT WITHOUT PREJUDICE** to those arguments being raised against any amended pleading.

3)      The Motion to Strike Plaintiff's Exhibits (DE 363) is **DENIED AS MOOT**.

4)      Defendants' Motions to Dissolve Lis Pendens (DE 144, 213, 297, 299) are **GRANTED**.  The lis pendens are **DISSOLVED WITHOUT PREJUDICE** until Plaintiff has pled a valid claim that can withstand dismissal.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of August, 2018.

_____
KENNETH A. MARRA
United States District Judge