UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**CASE NO: 9:18-cv-80044-KAM**
Magistrate Judge: William Matthewman

Tamara Filippova,

    Plaintiff,

v.

Ilia Mogilevsky, et. al.

    Defendants.
_____/

**DEFENDANT, FRANK CAVALLINO'S VERIFIED MOTION FOR ATTORNEYS' FEES**

Defendant Frank Cavallino ("Cavallino") pursuant to Southern District of Florida Local Rule 7.3, moves the Court for entry of an Order awarding Frank Cavallino attorneys' fees and costs against Plaintiff, Tamara Filippova, and states as follows:

I. **Introduction**

This Court's August 29, 2018 Order Granting Motions to Dismiss the Second Amended Complaint dismissed Plaintiff's RICO claims with prejudice. Having prevailed on the RICO claims, Cavallino seeks an award of his reasonable attorney's fees for having to defend against the dismissed RICO claims.

Cavallino is entitled to attorney's fees based on two separate statutory provisions:

1. The Court should award attorney's fees pursuant to Section 772.104, Florida Statutes as Plaintiff's improvidently filed Florida RICO claim (Count II) lacked "substantial fact or legal support."

1

2. The Court should award attorney's fees pursuant to Section 772.11, Florida Statutes as Plaintiff's voluntarily dismissed Civil Theft claim (Count XV of the First Amended Complaint) was filed "without substantial fact or legal support."

Accordingly, Cavallino asks this Court to find that he is entitled to an award of reasonable attorney's fees for defending this lawsuit and to award him his reasonable fees.

## II. Cavallino is entitled to attorney's fees because the Florida RICO claim (Count II) lacked "substantial fact or legal support."

Cavallino is entitled to attorney's fees under Section 772.104, Florida Statutes as Plaintiff's improvidently filed Florida RICO claim (Count II) lacked "substantial fact or legal support." Section 772.104(3) states that Cavallino "shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support." The instant RICO claim was without substantial factual or legal support. As noted in the Order of dismissal, Plaintiff did not have standing to bring the RICO claim nor did Plaintiff event properly plead a Florida RICO claim. [DE 415 at n. 1] Based on the rulings from the Supreme Court as well as this Court on a foreign plaintiff bringing RICO claims, Plaintiff knew or should have known prior to filing the lawsuit that the Florida RICO claim was without substantial factual and legal support. *See e.g. Lan Li v. Walsh*, 16-81871-CIV, 2017 WL 3130388, at *10 (S.D. Fla. July 24, 2017).

Plaintiff sued Cavallino because Cavallino witnessed a signature of Natalia Mogilevsky (Plaintiff's daughter who is another Defendant) on certain documents. (Sec. Am. Compl. ¶ 877). Plaintiff alleged that Natalia Mogilevsky did not sign the documents

2

in question. Id. In conjunction with witnessing the signature on the membership transfer agreement, Cavallino also provided an affidavit confirming under oath that he witnessed the signatures. (Sec. Am. Compl. ¶ 877–878). Plaintiff generically alleged that the affidavit was false. Id.

In the Second Amended Complaint, Plaintiff alleged the two RICO claims, civil conspiracy, and cancellation of deed against Cavallino. There was no good faith basis for any of these claims against Cavallino. Plaintiff should not be permitted to include Cavallinio's name in a RICO lawsuit without any factual or legal basis to do so.

In awarding fees for a dismissed Florida RICO claim, the Eleventh Circuit noted that "Florida courts have explained that in awarding fees to a defendant under chapter 772.104, it is not necessary that the court find a complete absence of a justiciable issue of either law [or] fact. The trial court must only find that the claim lacked substantial fact or legal support." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1330 (11th Cir. 1998) The Florida legislature clearly intended to have a less stringent standard for awarding attorney's fees for defending Florida RICO claims "to discourage frivolous RICO claims or claims brought for the purpose of intimidation because the stigma and burden of defending such claims is so great." *Id.* at 1330–1331. In *Johnson,* the Eleventh Circuit noted that defendants are entitled to attorney's fees when Florida RICO claims are "dismissed with prejudice", even if the Plaintiff can proceed and/or prevail on other counts. *Id.* at 1331. The dismissal of the Florida RICO claim with prejudice triggers Cavallino's entitlement to attorney's fees. *Id.* (holding that a judgment as a matter of law in favor of the Defendant means that the Florida RICO claim lacked substantial fact or legal support).

**III.    Cavallino is entitled to attorney's fees because the dismissed Civil Theft claim (Count XV of the First Amended Complaint) was filed "without substantial fact or legal support."**

Cavallino is entitled to attorney's fees under Section 772.11, Florida Statutes because Plaintiff's voluntarily dismissed Civil Theft Claim was filed "without substantial fact or legal support." Plaintiff alleged a claim for Civil Theft in the First Amended Complaint under Count XV. [DE 119 at pg. 223]. Plaintiff "eliminated" the Civil Theft claim when the Second Amended Complaint was filed. *See* [DE 237 at pg. 7] (stating that the Civil Theft claim would be eliminated from the case).

It must be noted that the First Amended Compliant is so poorly worded that it includes Cavallino in the heading for the civil theft (Count XV) but does not include Cavallino in the wherefore clause. *Compare* [DE 119 at pg. 224] (including Cavallino in the Civil Theft heading) *with* [DE 119 at pg. 240] (excluding Cavallino from the wherefore clause). In paragraph 1327 of the First Amended Complaint, Plaintiff alleges that Cavallino acted "with felonious intent, to take real properties and membership interests in limited liability companies from Plaintiff." [DE 119 at pg. 225] Paragraphs 1328 and 1330 of the First Amended Complaint also contain civil theft allegations against Cavallino. Plaintiff plead sufficient facts to wrongfully accuse Cavallino of civil theft, including the meritless allegation that Cavallino "acted with felonious intent". There was no basis for this allegation.

There was no basis for the civil theft claims against Cavallino. Plaintiff failed to send a civil theft letter. Moreover, Plaintiff failed to make any substantive allegations of civil theft against Cavallino. Plaintiff then voluntarily dismissed the claim by filing the Second Amended Complaint without the civil theft allegations.

4

The voluntary dismissal of the civil theft claim entitles Cavallino to attorney's fees. *Nodal v. Infinity Auto Ins. Co.*, 50 So. 3d 721, 724 (Fla. 2d DCA 2010). In *Nodal*, the Court stated as follows:

> A determination of a claim's substantial fact or legal support can be made after a plaintiff's voluntary dismissal of a civil theft claim. If, as here, a plaintiff chooses to voluntarily dismiss its suit at a point when no record evidence supports the factual or legal basis for its civil theft claim, then a defendant is entitled to recover attorney's fees and costs expended in challenging the action.

*Id.* at 724.

In the instant case, there was no basis for a civil theft claim. Under Florida law, a claim for civil theft is "essentially a conversion in which the defendant acted with criminal intent." *Freeman v. Sharpe Resources Corp.*, No. 12–1584, 2013 WL 2151723 at *12 (M.D.Fla. May 16, 2013). To state a claim for civil theft, a plaintiff must allege that the defendant took the plaintiff's property intending to appropriate the property for the defendant's own use. *Id.* The property at issue may be money "so long as it consists of specific money capable of identification." *Belford Trucking, Co., Inc. v. Zagar*, 243 So.2d 646, 648 (Fla. 4th DCA 1970). "Money is capable of identification where it is delivered **at one time**, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where wrongful possession of such property is obtained." *Id.* (emphasis added). Plaintiff's claim for civil theft failed because it involved money that Plaintiff was not able to specifically identify.

The civil theft claim against Cavallino was also flawed because Plaintiff failed to even send Cavallino written demand letter. Fla. Stat. 772.11 (requiring a written demand prior to the filing of a civil theft action).

5

## IV. The Amount of Cavallino's Reasonable Attorney's Fees

### a. The Amount Sought (Local Rule 7.3(a)(3), (5))

For defending this case, Cavallino seeks a total award of $7,110.00 in attorney's fees. The following chart summarizes the time billed by each of Cavallino's attorneys as well as the hourly rate claimed by each attorney:

| Name | Title | Hours Billed | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Mark Luttier | Partner | 2.25 | $600 | $1,350.00 |
| J. Chris Bristow | Associate | 19.20 | $300 | $5,760.00 |
| **Total** | | | | **$7,110.00** |

Pursuant to Local Rule 7.3(a)(5) & (a)(7), an affidavit of Mark Luttier is attached as **Exhibit 1**, describing the firm's hourly rates and the experience of the professionals who worked on the case.

### b. Calculation of Reasonable Attorney's Fee Award

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). This calculation, called the "lodestar," produces an "objective estimate" of what a reasonable attorney's fee should be. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The movant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* at 1303.

6

The Court "is itself an expert on the question" of the reasonableness of a claim for attorney's fees and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. Thus, while expert testimony regarding reasonableness may be relevant, such evidence is not required. *See, e.g., Scha.fler v. Fairway Park Condo. Ass'n*, 324 F. Supp. 2d 1302, 1311 (S.D. Fla. 2004) (finding that expert testimony is not required to award fees); *Squire v. Geico Gen. Ins. Co.*, 12-23315-CIV, 2013 WL 474705, at *3 (S.D. Fla. Feb. 7, 2013) (considering a fee request without expert testimony).

### c. Reasonable Hourly Rates

In *Norman*, the Eleventh Circuit explained that the Court must look to the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation" to determine a reasonable hourly rate. 836 F.2d 1292. The "relevant market" is the "place where the case is filed." *Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The fee applicant's burden is to produce "satisfactory evidence that the requested rate is in line with prevailing market rates," regardless of what the attorney's actual billing rate is. *Norman*, 836 F.2d at 1299. This burden may be met "by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).

In determining a reasonable hourly rate, the courts can consider the "Johnson Factors". *Norman*, 836 F.2d at 1299–1300. The Johnson Factors include: (1) the time

and labor required on the case; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney from taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974).

In this case, Cavallino is seeking an hourly rate for partner-level attorneys (attorney Luttier) of $600 per hour. Attorney Luttier has been practicing for 38 years. The Southern District has approved similar hourly rates based on a similar level of skill and experience. *Pretka v. Kolter City Plaza II, Inc.*, 09-80706-CIV, 2015 WL 11256556, at *2 (S.D. Fla. July 13, 2015) (holding that an hourly rate of $560 to be "appropriate for a partner with nearly twenty years of experience").

Cavallino is seeking an hourly rate for associate-level attorneys (attorney Bristow) of $300 per hour, which is reasonable based on his skill level and 9 years of experience. *See Strategic Mktg., Inc. v. Great Blue Heron Software, LLC*, 15-CV-80032, 2017 WL 1284773, at *6 (S.D. Fla. Feb. 16, 2017) (finding a rate of $375 per hour reasonable for attorneys with 8 and 14 years of experience, respectively); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 14-60268-CIV, 2016 WL 3944033, at *5 (S.D. Fla. Jan. 15, 2016) (finding $325 per hour to be a reasonable rate for an attorney with 8 years of experience).

### d. Reasonable time Spent on the Case

The hours expended by Cavallino's counsel are set forth on the exhibits attached to attorney Coleman's affidavit. As the Eleventh Circuit has cautioned, "[f]ee applicants must exercise what the Supreme Court has termed 'billing judgment.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). As such, Cavallino's attorneys have "exclude[d] from their fee application[] 'excessive, redundant, or otherwise unnecessary [hours],'" which are hours that "would be unreasonable to bill to a client and therefore to one's adversary." Id. (citation omitted). Likewise, to the extent Cavallino is seeking payment of fees incurred by paralegals and legal assistants, that time was spent on tasks "traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (citation omitted); see also Fla. Stat. § 57.104 (noting that legal assistant time may be compensable as attorney's fees when it involves "meaningful legal support").

Several factors made the dismissal of the RICO claims especially time-consuming. First, the original Complaint was difficult to follow, had 789 paragraphs, and contained 21 counts. [DE 1] Cavallino filed a motion to dismiss the Complaint. [DE 103] Plaintiff then filed a First Amended Complaint. [DE 119] The First Amended Complaint was even more difficult to follow, had 1567 paragraphs, contained 21 counts, and was 281 pages without exhibits. *Id.* Cavallino filed a motion to dismiss the First Amended Complaint. [DE 187]. Before Cavallino's motion to dismiss the First Amended Complaint could be heard, Plaintiff was granted leave and filed a Second Amended Complaint. [DE 277] As this Court noted, simply reading the Second Amended Complaint was "mind numbing" because it was "incoherent and riddled with redundancy." [DE 415].

9

Plaintiff's maneuvering was the cause of a substantial portion of the attorney's fees incurred by Cavallino. When Cavallino moved to dismiss the Complaint and then the First Amended Complaint, Plaintiff took actions to substantially amend the subsequent complaint. With each amendment, Cavallino had to prepare a new motion to dismiss. In addition, Plaintiff also served discovery on Cavallino that was solely related to the dismissed RICO claims. Plaintiff would not agree to an extension of discovery while the motion to dismiss was pending. Thus, motion practice and a hearing was required on the discovery issue. Cavallino substantially prevailed at the discovery hearing. In short, because of Plaintiff's conduct, the dismissed claims were not resolved quickly on purely legal grounds.

### e. The Applicable Fee Agreement Terms (L.R. 7.3 (a)(4))

Pursuant to Local Rule 7.3(a)(4), Critton Luttier Coleman LLP agreed to represent Cavallino on a billing arrangement that called for Cavallino to pay a rate of $600 per hour for partner time and $300 per hour for associate time.

### V. Conclusion

For the reasons stated herein, Defendant Cavallino respectfully asks this Court to award him $7,110.00 in attorneys' fees for defending against the RICO claim and the Civil Theft Claim.

### LOCAL RULE CERTIFICATION

On September 22, 2018, the undersigned provided a draft copy of this motion to Plaintiff's counsel. The parties subsequent conferred but were unable to reach an agreement.

Dated September 27, 2018.

                    Respectfully submitted,

                    By: /s J. Chris Bristow
                    GREGORY W. COLEMAN
                    Florida Bar No: 846831
                    J. CHRIS BRISTOW
                    Florida Bar No. 068304
                    **CRITTON, LUTTIER & COLEMAN LLP**
                    303 Banyan Blvd
                    Suite 400
                    West Palm Beach, FL 33401
                    Telephone: 561-842-2820
                    Facsimile: 561-253-0164
                    Attorneys for Defendant Frank Cavallino
                    gcoleman@lawclc.com
                    JCBristow@lawclc.com
                    cwoodward@lawclc.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail on September 27, 2018 on counsel for the Plaintiff.

                    By: /s/ J. Chris Bristow
                          J. Chris Bristow