UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:18-cv-80044 (Marra / Matthewman)

TAMARA FILIPPOVA

    PLAINTIFF,
 - AGAINST -

ILIA MOGILEVSKY,
ILIA CAPITAL, LLC, and
LESLIE ROBERT EVANS & ASSOCIATES, P.A.

   DEFENDANTS.

-------------------------------------------------------------------/

### PLAINTIFF'S OPPOSITION TO DEFENDANT FRANK CAVALLINO'S MOTION FOR ATTORNEYS' FEES [DE 426]

  Plaintiff TAMARA FILIPPOVA ("Plaintiff"), by and through her undersigned counsel, hereby responds in opposition to Defendant Frank Cavallino's [DE 426] motion for an Order awarding Defendant Frank Cavallino attorneys' fees. Defendant Frank Cavallino states in his motion [DE 426] that "Having prevailed on the RICO claims, Cavallino seeks an award of his reasonable attorney's fees for having to defend against the dismissed RICO claims".

  The Second Amended Complaint contained three (3) counts against Defendant Frank Cavallino (Count X (Civil Conspiracy); Count XVI (RICO pursuant to 18 U.S.C. §1961, et.seq); Count XVI (RICO claimed under Fla. Stat. 4:170).

  For the reasons set forth herein, it is respectfully submitted that no attorney's fees should be awarded to Defendant Frank Cavallino. Plaintiff has objected to Defendant Frank Cavallino in seeking any attorney's fees.

## I. **INTRODUCTION**

The RICO claims contained in the Second Amended Complaint [DE 273] were brought under 18 U.S.C. 1961 (Count XVI). No RICO claims were specifically brought by Plaintiff under Fla. Stat. §772.101 et. seq. against any defendant in the Second Amended Complaint.

Defendant Frank Cavallino had not included a copy of an engagement letter or retainer agreement between him and his counsel regarding the services to be provided and the fees associated thereto.

The civil theft claim was not asserted by Plaintiff in the Second Amended Complaint because Plaintiff did not provide thirty (30) days pre-suit notice to Defendant Frank Cavallino on the civil theft claim, so Plaintiff decided not to assert that claim in the second amended complaint (it was contained in the first amended complaint), and Plaintiff reserves her right to assert such claim within the statute of limitations period, which has not yet run. The time for Defendant Frank Cavallino to seek counsel fees on the civil theft claim of 60 days has passed as stated below.

Furthermore, as discussed below in greater detail, the Billing Records do not distinguish between the three (3) specific counts contained in the Second Amended Complaint against Defendant Frank Cavallino and the specific legal work that was performed by Defendant Frank Cavallino's counsel solely limited to the Florida RICO count and civil theft count, for which Defendant Frank Cavallino moves for attorney's fees. The billing record submitted by Defendant Frank Cavallino do not distinguish between what legal work was performed by them with regard to (i) the Florida RICO count, (ii) the Federal RICO count, (iii) the civil conspiracy count, (ii) the civil theft count contained on the first amended complaint, (v) communications between Defendant Frank Cavallino's counsel and any other legal work unrelated to the fees claimed in

the instant motion.

Defendant Frank Cavallino asserts in his motion that he is entitled to recover for legal fees expended by him for the Civil Theft claim, which was Count XV of the First Amended Complaint, and not contained in the Second Amended Complaint. Among the reasons as set forth in this opposition to instant motion, the Second Amended Complaint was filed on May 26, 2018 [DE 273]. Local Rule 7.3(a)(1) states that "A motion for an award of attorneys' fees… shall be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." The Civil Theft Claim was not asserted in the Second Amended Complaint. Defendant Frank Cavallino had until July 26, 2018 (60 days) to file his motion for attorney's fees on the Civil Theft Claim that was voluntarily dismissed without prejudice and Defendant Frank Cavallino failed to do so. It is respectfully submitted that there are no valid claims for attorneys' fees on the Civil Theft Claim not asserted in the Second Amended Complaint as Defendant Frank Cavallino failed to comply with Local Rule 7.3 (Koppelman v. Galt Olcean Manor Condo Ass'n, 2017 U.S. Dist. Lexis 199874 (S.D. Fl. 2017) adopted by District Judge, 2017 U.S. Dist. Lexis 217586 (S.D. Fl. 2017).

Plaintiff could have and still could assert claims for Civil Theft against Defendant Frank Cavallino once Plaintiff complies with a thirty day notice - the "pre-suit notice requirement". Oginsky v. Paragon Props. of Costa Rica LLC, 784 F. Supp. 2d 1353 (S.D. Fl. 2011). Although Plaintiff has not asserted a claim for civil theft in the Second Amended Complaint or the Third Amended Complaint, Defendant Frank Cavallino should not be awarded attorneys' fees based on Plaintiff's decision not to assert a civil theft claim at this time given the fact that such claim may be asserted hereafter should Plaintiff choose to do so.

It is respectfully submitted that Plaintiff did not file RICO claims in bad faith. In filing the RICO claims under 18 U.S.C. §1961, et.seq., Plaintiff relied upon court analysis in various cases discussing extraterritorial conduct versus local conduct in determining violation of 18 U.S.C. §1961, et.seq., including but not limited to RJR Nabisco, Inc. v. European Cmty., 136 S. Ct. 2090, 2101, 195 L. Ed. 2d 476; GolTV, Inv. V. Fox Sports Latin Am., Ltd., 2018 U.S. Dist. Lexis 29836 (S.D. Fl., January 26, 2018; European Cmty. v. RJR Nabisco, Inc., 764 F.3d 129, 141 (2d Cir. 2014), *rev'd and remanded on other grounds by* RJR Nabisco, Inc., 136 S. Ct. 2090, 195 L. Ed. 2d 476); United States v. Georgiou, 777 F.3d 125, 137-38 (3d Cir. 2015); United States v. Lyons, 740 F.3d 702, 718 (1st Cir. 2014). Drummond Co., Inc. v. Collingsworth, No. 2:15-CV-506-RDP, 2017 U.S. Dist. LEXIS 120525, 2017 WL 3268907, at *17 (N.D. Ala. Aug. 1, 2017); United States v. Takhalov, 827 F.3d 1307, 1313 (11th Cir. 2016)). Because Plaintiff maintained a bank account in JP Morgan Chase Bank in Palm Beach Gardens, Florida, and the monies deposited by Plaintiff were taken by Defendant Ilia Mogilevsky from that account, Plaintiff believed that the damages that Plaintiff sustained occurred in the United States. It is respectfully submitted that this Court dismissed the RICO claims because this Court believed that the RICO injury, if any, did not occur in the United States. No discovery was conducted and this Court did not reach the conclusion that the RICO claims were baseless, but that "there are no allegations demonstrating that the economic impact on Plaintiff was felt in the United States…". Plaintiff did allege in paragraph "4" of the Second Amended Complaint [DE 273] that "The damages that Plaintiff sustained under Title 18 of the United States Code §1961, et.seq…. occurred to bank accounts located at JP Morgan Chase Bank within the jurisdiction of the United States District Court for the Southern District of Florida", however, the Court decided to dismiss the RICO claims and the Plaintiff respects the Court's decision.

Plaintiff has cognizable claims against Defendant Frank Cavallino however not asserted in the Third Amended Complaint. Defendant Frank Cavallino caused Plaintiff to sustain losses.

Defendant Frank Cavallino claims in his motion that he is entitled to recover attorneys' fees from Plaintiff pursuant to (i) Fla. Stat. §772.104 and (ii) Fla. Stat. §772.11.

In the Court's Order dated August 29, 2018 [DE 415], the Court stated that "the Court dismisses with prejudice the RICO claims". The Court did not find that the RICO claims lacked "substantial fact or legal support" but rather that there were no allegations demonstrating that the economic impact on Plaintiff was felt in the United States or that Plaintiff was working, traveling or doing business in the United States" citing Absolute Activist Value Master Fund Ltd. V. Devine, 233 F.Supp. 3d 1297, 1325-26 (M.D. Fla 2017) (finding that foreign corporate plaintiffs suffered their economic injuries where they were located, not where the RICO predicate acts occurred).

**II. It is respectfully submitted that Defendant Frank Cavallino is not entitled to attorney's fees under Fla. Stat. §772.104.**

Fla. Stat. §772.104 states that:

> (1) **Any person who proves by clear and convincing evidence** that he or she has been injured by reason of any violation of the provisions of s. 772.103 shall have a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.
>
> (2) As an alternative to recovery under subsection (1), any person who proves by clear and convincing evidence that he or she has been injured by reason of any violation of the provisions of s. 772.103 due to sex trafficking or human trafficking shall have a cause of action for threefold the amount gained from the sex trafficking or human trafficking and in any such action is entitled to minimum damages in the amount of $200 and reasonable attorney's fees and court costs in the trial and appellate courts.

> (3) In no event shall punitive damages be awarded under this section. **The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support.** In awarding attorney's fees and costs under this section, the court shall not consider the ability of the opposing party to pay such fees and costs. Nothing under this section shall be interpreted as limiting any right to recover attorney's fees or costs provided under other provisions of law.

It is respectfully submitted that pursuant to Fla. Stat. §772.104(1), Defendant Frank Cavallino has not proven by clear and convincing evidence that he has been injured by reason of any violation of the provisions of Fla. Stat. §772.103.

In Del Cibao v. Lama, 2008 U.S. Dist. Lexis 127891 (Case No. 07-23066-UNGARO/SIMONTON) (S.D.Fl. 2008), the Magistrate Judge recommended denial of Defendant's motion for attorney's fees brought under Fla. Stat. 772.104 which was adopted by the District Judge.  The Magistrate Judge stated that "The only role for this Court is to determine whether Molinos' claim under the Florida RICO Statute lacked "substantial fact or legal support." Fla. Stat. § 772.104. If it did, then the Court must award fees to the Defendants; if the Florida RICO claim had substantial fact or legal support, then the Court is prohibited from awarding fees…. There is, however, no basis for awarding fees under the Florida RICO Statute based simply on an undecided issue of law, or even where the legal issue has been decided but there is a "good faith" argument for "a novel but credible extension or interpretation of the law." Beck v. Olstein, 588 So. 2d 317, 318 (Fla. 3d DCA 1991) (quoting S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n, 672 F.2d 426, 431 (5th Cir. 1982)).  Because Plaintiff had a bank account in Florida and that bank account was where Plaintiff suffered losses, Plaintiff believed that the RICO claim was appropriate and brought in

6

good faith.

In <u>Acosta v. Campbell</u>, 2009 U.S. Dist. Lexis 121656 (M.D. Fl. 2009), the defendants sought $114,900 in attorney's fees. The Court awarded no attorney's fees to Defendant because of improper billing records. Even though the Court stated that "Plaintiff's claims were 'without substantial factual or legal support' and further stated that 'Acosta has completely failed to plead a RICO claim. He has alleged no facts to sustain a claim for civil recovery under RICO, and the facts that have been alleged demonstrate conclusively that no such claim could be proven. The Court finds that Acosta would not be entitled to recovery under any set of facts that could be proven consistent with the allegations in his Third Amended complaint.'" Distinguishing <u>Acosta, Id.</u> from the instant case, it is respectfully submitted that there was no finding of Florida RICO claims brought without substantial factual or legal support.

In <u>Acosta, Id.,</u> Plaintiff stated that the Defendant failed to provide proper billing records. In this case, akin to <u>Acosta, Id.</u>, the Billing Records are improper. In <u>Acosta, Id.</u>, the Court stated that the "Plaintiff is correct in that Defendants have failed to appropriately set forth any documentation whatsoever that distinguishes time spent in defending the two separate claims - - Defendants have not filed any supporting billing sheets or time records that distinguish time spent defending against Plaintiff's federal and Florida RICO claims". Even if this Court were to award attorney's fees, in this case, Defendant Frank Cavallino has not provided any supporting billing sheets or time records that distinguish time spent defending against Plaintiff's civil conspiracy, federal RICO and Florida RICO claims. The time records produced by Defendant Frank Cavallino's attorneys [DE 426-2] total <u>21.45 hours</u> totaling $7,110, which are fees for the entire case. The only count that Defendant Frank Cavallino could possibly seek recovery of attorney's fees would be for Count XVII, but Defendant Frank Cavallino has submitted Billing

7

Records for all work allegedly performed by his counsel. Defendant Frank Cavallino's attorney's billing records [DE 426-1] include everything that they had billed for in the case, for all issues, for meetings, response to motion to amend the complaint, motions for extension of time, motion for fees, etc., wholly unrelated to the Florida RICO claim.

In Acosta, Id., the Court stated that "….. Defendants have not filed any supporting billing sheets or time records that distinguish time spent defending against Plaintiff's federal and Florida RICO claims. *See* Doc. Nos. 243, 245. MCA supplied only a final figure -- $ 80,465.50 -- and no time breakdown or time records for the litigation in the trial court; MCA also never filed a motion to dismiss. Doc. No. 245. CitiMortgage and the Law Office filed no detailed time records either, merely affidavits by the individual attorneys attesting to the fees they billed, which totaled $ 79,991 for work performed at the district court level. Doc. No. 243. A fee applicant 'should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.' *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)".

In Acosta, Id., the Court denied Defendants' request for attorneys' fees stating "Defendants having failed to file any billing records of time incurred at the trial level for the court to review or identify distinct claims, their requests for fees pursuant to the Florida RICO statute are denied".

In Allstate Indem. Co. v. Father & Son Auto Sales, Inc., 2009 U.S. Dist. Lexis 45529 (S.D. Fl. 2009), Allstate Indem Co. brought the action against 77 individuals. There were 28 default judgments, 6 defendants were not served, and Plaintiff voluntarily dismissed against 43 defendants. Some defendants who were voluntarily dismissed from the action moved for an award of attorneys' fees and costs. Judge Moreno denied the motions for an award of attorneys' fees and costs brought by the individuals whom were voluntarily dismissed from the action.

In Corcel Corp. v. Ferguson Enters., 2013 U.S. Dist. Lexis 191838 (S.D. Fl. 2103 (Judge Marra), the court dismissed all federal claims including violations of RICO. The Court declined to exercise jurisdiction over the state law Florida RICO claims. The Court denied Defendants' motions for attorney's fees under the State of Florida RICO statute.

In Doe v. Epstein, Case No. 08-cv-80893 (S.D. Fl. 2010) (Judge Marra), the Court stayed consideration of the motion for attorney's fees brought by Defendant pending entry of final judgment in the action.

It is respectfully submitted that the Court in this action did not state that the Plaintiff's claim lacked substantial factual or legal support. Hartford Ins. Co. v Miller, 681 So. 2d 301 (Fla. 3rd DCA 1996). In Hartford Ins. Co., Id., Miller filed suit against Hartford Insurance Company seeking damages for Hartford's alleged breach of contract for failure to pay claims resulting from hurricane damage, bodily injury, and burglary. Hartford answered the breach of contract counts and also filed a counterclaim based upon Fla. Stat. §772.102, Florida's civil RICO statute. Hartford predicated the RICO counterclaim on the allegations that Miller filed four separate insurance claims and that these allegedly fraudulent claims constituted a "pattern of criminal activity" as required by the statute. Following extensive discovery, the trial court granted Miller's motion for summary judgment on the RICO counterclaim, stating that "There just is no evidence here and this is not the kind of case, in my opinion, that the statute [Fla. Stat. §772.102] envisioned which should be a RICO case and therefore there is no question in my mind that the motion for summary judgment is granted". In the instant case, there was no discovery and no motions for summary judgment. The trial court decision in Hartford Ins. Co., Id. was affirmed by the Florida Third District Court of Appeal. The Third District Court of Appeal stated that "We find that the facts of this case support the trial court's ruling that there was no substantial

factual or legal support for this claim. This was a fairly simple case in which an insured filed several fraudulent insurance claims. The fact that she colluded with a personal acquaintance on the personal injury claim does not establish an enterprise for the purposes of the statute (citing Boyd v. State, 578 So. 2d 718 (Fla. 3rd DCA 1992, review denied 581 So.2d 1310 (Fla. 1991) ("Consistent with legislative intend, the case law is uniform that to prove that an enterprise exists, more is required than a mere showing of an association of criminals").

The difference between this case and Hartford Ins. Co., supra. is that in this case, the Court dismissed the RICO claims because the Court stated that there were no allegations that the economic impact to Plaintiff occurred in the United States.  In Hartford Ins. Co., supra., discovery was conducted and on a motion for summary judgment, the Court trial decided that there was no substantial factual or legal support for the RICO claims.

In Hartford Ins. Co., Id., the Third District Court of Appeal in affirming the trial court's award of attorney's fees stated that "To sum up, we agree with the trial judge that there was no substantial factual or legal support for the claim and that this was exactly the type of RICO claim that the legislature intended to discourage by section 772.104, Florida Statutes (1995)."  It is respectfully submitted that there was no finding by this Court that there was no substantial factual or legal support for the claim or that this was exactly the type of RICO claim that the legislature intended to discourage by section 772.104, and that an award of attorney's fees to Defendant Frank Cavallino would not be appropriate.

In Foreman v. E.F. Hutton & Co., 568 So. 2d 531 (Fla. 3rd DCA 1990), the court stated that Defendant was entitled to attorney's fees where the trial court ruled that "based on the pleadings, and consequently as a matter of law, the RICO claim [brought under Fla. Stat. §772.104] lacked substantial legal support, entitled the defendants to attorney's fees and costs

pursuant to section 772.104". It is respectfully submitted that Court XVII (brought under Fla. Stat. §4:170 not brought under Fla. Stat. §772.104), was not dismissed based on lack of substantial legal support.

In <u>Gray v. Novell, Inc.</u>, 2010 U.S. Dist Lexis 63968 (M.D. Fla. 2010), the Court stated that "In sum, in granting summary judgment on the Florida RICO claims, the district court found that the plaintiff's claims lacked a substantial factual basis. This finding entitles X/Open to an award of reasonable attorneys' fees in defense of these claims". In the instant action, it is respectfully submitted that there was no finding that "plaintiff's claims lacked a substantial <u>factual</u> basis".

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an Order denying Defendant Frank Cavallino's motion in its entirety and for such other and further relief as this Court deems just and proper.

Dated: October 11, 2018          Respectfully submitted,

_[signature]_

Gary Rosen, Esq.
Fla. Bar # 190012
Via email: grosen@rosenlawllc.com
Rosen Law LLC
500 Village Square Crossing, Suite 101
Palm Beach Gardens, Florida 33410
Telephone (561)-899-9999
Fax (561)-584-6434

Certificate of Service

      I hereby certify that on October 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: October 11, 2018            Respectfully submitted,

                                                                _____
                                                                Gary Rosen, Esq.
                                                                Fla. Bar # 190012
                                                               Via email: grosen@rosenlawllc.com
                                                               Rosen Law LLC
                                                               500 Village Square Crossing, Suite 101
                                                               Palm Beach Gardens, Florida 33410
                                                               Telephone (561)-899-9999
                                                               Fax (561)-584-6434

**SERVICE LIST**

Stuart N. Kaplan, Esq.
skaplan@kaplanparkerlaw.com
Kaplan & Parker LLP
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
(561) 296-7900
Fax (561) 296-7919
Counsel for Defendant Natalia Mogilevsky

Gregory W. Coleman, Esq.
gcoleman@lawclc.com
J. Chris Bristow, Esq.
chris.bristow@bclclaw.com
Critton, Luttier & Coleman LLP
303 Banyan Blvd., Suite 400
West Palm Beach, Florida 33401
(561) 842-2820
Fax (561) 253-0164
Counsel for Defendants Ilia Mogilevsky, Frank Cavallino, and multiple entities

Jonathan Vine, Esq.
Jonathan.vine@csklegal.com
Jake M. Goodman, Esq.
Jake.goodman@csklegal.com
Cole, Scott & Kissane, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
(561) 383-9203
Fax (561) 683-8977
Counsel for Defendant Tama Beth Kudman Richman

Jeffrey M. Garber, Esq.
service@ciklinlubitz.com
jgarber@ciklinlubitz.com
Ciklin Lubitz
515 North Flagler Drive, 20th Floor
West Palm Beach, Florida 33401
(561) 832-5900
Fax (561) 833-4209
Counsel for Defendant Erikah Bertoloti

Rory E. Jurman, Esq.
rjurman@fowler-white.com
Katina M. Hardee, Esq.
khardee@fowler-white.com
Fowler White Burnett
One Financial Plaza
100 Southeast 3rd Avenue, 21st Floor
Fort Lauderdale, Florida 33394
(954) 377-8100
Fax (954) 377-8101
Counsel for Defendants Leslie Robert Evans & Associates, P.A., Leslie Robert Evans, and Jason Evans

Roy E. Fitzgerald, Esq.
rfitzgerald@mrachek-law.com
Jennifer Perrone, Esq.
jperrone@mrachek-law.com
Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, Florida 33401
(561) 655-2250
Fax (561) 655-5537
Counsel for Defendants Sapodilla 513 LLC, Tam Tam Investments LLC, and King David Real Estate Investment Holdings LLC

1