UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 18-80044-CIV-Marra/Matthewman

TAMARA FILIPPOVA,

    Plaintiff,

vs.

ILIA MOGILEVSKY, et al.,

    Defendant.

_____/



# OMNIBUS ORDER ON MOTIONS RELATED TO THE FEBRUARY 4, 2019 EVIDENTIARY HEARING
# AND
# ORDER PROVIDING INSTRUCTIONS TO COUNSEL REGARDING THE SCOPE OF EVIDENCE AND TESTIMONY TO BE CONSIDERED BY THE COURT

**THIS CAUSE** is before the Court on three motions pertaining to the upcoming evidentiary hearing set for February 4, 2019. The three motions are: 1) Non-Party Ilia Mogilevsky's ("Ilia") Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order to Limit Testimony at the Evidentiary Hearing on February 4, 2019 [DE 478]; 2) Former-Defendants, Sapodilla 513, LLC ("Sapodilla"), King David Real Estate Investment Holdings, LLC ("King David") and Tam Tam Investments, LLC's ("TTI") Motion to Quash Subpoenas for Evidentiary Hearing [DE 481]; and 3) Sapodilla, King David, and TTI's Motion to Limit Evidence in Limine at Evidentiary Hearing [DE 482]. These matters were referred to the undersigned by the Honorable Kenneth A. Marra, United States District Judge. [DE 465]. The Court has carefully reviewed the motions, responses and reply, and is fully advised of the premises. The Court has expedited the briefing on these motions and has expedited its ruling so as to resolve these motions prior to Monday's evidentiary hearing.

1

## I.    The Motions to Quash Subpoenas Related to the February 4, 2019 Hearings

### (a) Former-Defendant Ilia Mogilevsky's Motion to Quash Subpoena [DE 478]

Former-Defendant/Non-Party Ilia Mogilevsky, represented by counsel Gregory W. Coleman, Esq., and J. Chris Bristow, Esq., has filed a motion seeking to quash two subpoenas requiring him to appear and testify at the evidentiary hearing. One of those subpoenas was issued by Plaintiff's, Tamara Filippova ("Plaintiff") counsel, Gary Rosen, Esq., and the second of those subpoenas was issued by Former-Defendant Natalia Mogilevsky's ("Natalia") counsel, Stuart N. Kaplan, Esq. [DE 478, pp. 1-3]. According to Ilia's motion, "his knowledge of the fraud and the secret agreement" between Plaintiff and Natalia and their lawyers "either comes from discussions with his counsel or discussions with Natalia Mogilevsky," and he attached a Declaration to that effect [DE 478, Ex. 2]. Ilia asserts that his counsel was told by counsel for Plaintiff and Natalia that the areas of testimony would be regarding the RICO allegations, alleged extramarital affairs, funds provided by Plaintiff to Ilia, and the sale of properties. [DE 478, pp. 3-4].

According to Ilia, Plaintiff submitted a witness list for the hearing that includes two handwriting experts who will offer testimony regarding Natalia's signature on certain documents regarding real estate transactions, which is irrelevant to Sapodilla, King David and TTI's (collectively, "Movants") Motion to Strike or for Involuntary Dismissal of Action with Prejudice for Fraud on the Court and for Sanctions [DE 370] ("the Fraud Motion"). The crux of the Fraud Motion, according to Ilia, is that Natalia (Plaintiff's daughter) organized the whole case to go after Ilia while Ilia and Natalia were going through a divorce. [DE 478, p. 4].

According to Ilia, the Fraud Motion alleges that counsel for Plaintiff drafted pleadings for Natalia, including an Answer which essentially admitted all of the allegations of the Complaint,

while the other Defendants were successful in their motions to dismiss. [DE 478, p. 4]. Ilia further argues that Plaintiff and Natalia are attempting to divert attention from the Fraud Motion by "pointing the finger" at his alleged bad acts. [DE 478, p. 5]. Ilia argues his testimony is irrelevant and privileged, and he should be protected from annoyance, embarrassment and/or undue expense. Although Ilia states that evidence was previously attached to Ilia's Joinder to the Fraud Motion, which Joinder of Ilia has since been withdrawn, those documents can be authenticated without his testimony. [DE 478, p. 7]. Ilia argues that the RICO claim has been dismissed, and he has fully settled with Plaintiff. If the subpoenas are not quashed, Ilia requests a protective order limiting his testimony to issues relevant to the Fraud Motion. [DE 478, p. 8].

### (b) Former-Defendants' Motion to Quash Two Subpoenas Issued to Attorney Tama Beth Kudman Richman [DE 481]

This motion seeks to quash two subpoenas directing Tama Beth Kudman Richman, Esq. ("Ms. Kudman Richman"), to appear and testify "to the extent such subpoenas were issued in Ms. Kudman's capacity as a representative of Sapodilla, King David, or TTI," and allowing for an expedited briefing schedule. [DE 481, p.1]. Plaintiff and her counsel, Gary Rosen, Esq., have subpoenaed Ms. Kudman Richman to testify at the evidentiary hearing, and Former-Defendant Natalia and her counsel, Stuart Kaplan, Esq., have also subpoenaed Ms. Kudman Richman. Sapodilla, King David and TTI assert that Ms. Kudman Richman's testimony is not relevant to the Fraud Motion. [DE 481, pp. 3-4]. According to Sapodilla, King David, and TTI, the Fraud Motion is focused on the actions of Plaintiff and her counsel, Gary Rosen, Esq., and upon the actions of Former-Defendant Natalia and her counsel, Stuart Kaplan. [DE 481, p. 3-4]. Sapodilla, King David, and TTI first seek an order quashing the subpoenas to Ms. Kudman Richman as the Fraud Motion does not relate to Ms. Kudman Richman's actions, and it would be an unnecessary burden and expense to require Ms. Kudman Richman to appear and testify. [DE 481, pp. 5-6]. Sapodilla,

King David, and TTI also requested an expedited briefing schedule [DE 481, p. 7]. Exhibit A to the motion is a copy of the subpoena issued by Stuart Kaplan, Esq., on behalf of Natalia to Ms. Kudman Richman [481-1] and Exhibit B is a copy of the subpoena issued by Gary Rosen, Esq., on behalf of Plaintiff to Ms. Kudman Richman [481-2].

### (c) **Plaintiff's Response to the Motions to Quash Subpoenas [DE 488]**

On January 28, 2019, the Court entered an Order expediting the briefing and requiring Plaintiff and Natalia to file their responses on or before January 30, 2019. [DE 483]. Plaintiff filed her Response in Opposition to both Motions to Quash on January 29, 2019. [DE 488]. Plaintiff states in her response that Ilia was re-served and provided with a witness fee. [DE 488, p. 1, Ex. 1].

Plaintiff's counsel asserts he told Ilia's counsel, Chis Bristow, Esq., that he needed Ilia's testimony "to demonstrate that Ilia Mogilevsky received monies from Plaintiff and used those monies to purchase real properties and the monies were not returned to Plaintiff at the time of the filing of the complaint and therefore, Plaintiff was the proper Plaintiff." [DE 488, p. 2]. Plaintiff and Ilia have now settled and released each other. The asserted purpose of Ilia's testimony and Ms. Kudman Richman's testimony "is to show that Plaintiff was the real party in interest." [DE 488, p. 2]. Plaintiff is not seeking testimony about RICO allegations or extramarital affairs.

Plaintiff asserts that Ms. Kudman Richman, through her entities, "asked for the evidentiary hearing and should be present to be questioned." [DE 488, p. 2]. Plaintiff argues that both witnesses' testimony is needed to show that between August 1, 2013, and October 29, 2014, Plaintiff wired $4,099,874 into Plaintiff's bank account, and these monies were used by Ilia to acquire real properties and LLC interests in the United States for the benefit of Plaintiff. [DE 488, pp. 2-3]. Plaintiff asserts that this would show that she was the real party in interest and that should

4

suffice to deny the Fraud Motion. Plaintiff further asserts that the Fraud Motion alleges that Plaintiff was not the proper plaintiff, but Ms. Kudman Richman knew that Plaintiff was the owner of US Land Trust, LLC, and Ms. Kudman Richman knew that Plaintiff provided the monies to acquire the properties that were sold to Ms. Kudman Richman's entity. [DE 488, p. 3].

Plaintiff wishes to only call one handwriting expert to show there was a basis for filing the lawsuit, such as fraudulent deeds and notaries, and Ilia and Ms. Kudman Richman are necessary to show that Plaintiff, not Natalia, suffered monetary losses. [DE 488, p. 3]. Ms. Kudman Richman is alleged to be a member of the King David, Sapodilla, and TTI entities and the former attorney for Plaintiff. [DE 488, p. 4]. According to Plaintiff, Ms. Kudman Richman knows that Plaintiff provided the funds to buy 28 real properties that Ms. Kudman Richman bought through her entities after the divorce filing by Natalia against Ilia, and that Ms. Kudman Richman did not contact Plaintiff or Natalia prior to the transaction occurring. [DE 488, p. 4]. According to Plaintiff, on December 29, 2017, after the divorce was filed, Ilia signed 28 deeds transferring properties acquired with Plaintiff's $4,099,874 to King David, the manager of which is Tam Tam, which is managed/owned by Ms. Kudman Richman. [DE 488, DE 5]. On January 16, 2018, this federal action was filed for the transfer of those properties, and Plaintiff is the real party in interest. [DE 488, p.5]. Plaintiff states that, while it was her money that was lost, it was Natalia who had been given a power of attorney from Plaintiff, because Plaintiff was in Russia. [DE 488, p. 10]. According to Plaintiff, Natalia, through her power of attorney from Plaintiff, provided money to Ilia, and Ilia accessed Plaintiff's bank account to transfer founds out of the account. [DE 488, p. 10].

On January 29, 2019, Natalia joined in Plaintiff's response to the motions to quash. [DE 489].

### (d) Ilia's Reply in Support of His Motion to Quash [DE 494]

In his reply, Ilia again argues that the issue of the evidentiary hearing should be limited to whether Plaintiff and Natalia committed fraud upon the Court, and his testimony is irrelevant to that issue. [DE 494, p. 2]. Ilia also contends that Plaintiff never comes to court in the United States and will not appear at the evidentiary hearing. [DE 494, p. 4]. Ilia asserts that Plaintiff counsel "is attempting to divert attention away from her absence by putting third-parties on the stand in [sic] attempt to prove the allegations in Plaintiff's claims, which have nothing to do with the fraud on this Court." [DE 494, p. 4].

### (e) The Court's Rulings on the Motions to Quash [DEs 478, 481]

This Court has reviewed the docket and the relevant pleadings, motions, responses and reply. First, the parties, non-parties and counsel are advised that at the evidentiary hearing, the Court does not intend to address, and shall not address, whether Plaintiff and Natalia were or were not the real party in interest in this litigation. The primary reason for this is that the real party in interest argument made by the Movants in their Fraud Motion primarily relates to Movants' efforts to seek dismissal of the complaint as a remedy. However, there is no longer any pending complaint against Movants for this Court to dismiss. All causes of action have been dismissed or abandoned by Plaintiff in this lawsuit.[1]

A secondary reason why this Court will not determine who was or was not the real party in interest in this litigation is that, in order to make such a determination, the Court would necessarily have to hold a very lengthy evidentiary hearing and determine an issue which is no

---

[1] The Third Amended Complaint, the final complaint in this case, was filed against solely defendants Ilia Mogilevsky, Ilia Capital, LLC, and Leslie Robert Evans & Associates, P.A. on September 18, 2018. [DE 434]. All of the defendants in that case have settled with Plaintiff, so the entire case can be closed after the Court rules on the pending motions scheduled to be heard on February 4, 2019.

longer supported by any pending complaint against the Movants or the Non-Party Ilia. The Court's judicial resources are limited, and the Court has no intention to go down that rabbit hole.

In light of the fact that the Court will not endeavor to hold a lengthy mini-trial to determine who was or was not the real party in interest in this litigation, the testimony of Ms. Kudman Richman and Mr. Ilia Mogilevsky is not relevant or necessary. Further, as they are non-parties without relevant testimony, their appearance would constitute an unnecessary burden and expense to each of them.

Based upon the foregoing, the testimony of Former-Defendant Tama Beth Kudman Richman and the testimony of Former-Defendant Ilia Mogilevsky is unnecessary and wholly irrelevant to the issues before the Court. Accordingly, the two subpoenas issued to Former-Defendant Tama Beth Kudman Richman, and the two subpoenas issued to Former-Defendant Ilia Mogilevsky, are hereby **QUASHED**, and their respective motions to quash [DEs 478, 481] are hereby **GRANTED**. Neither Ms. Kudman Richman nor Ilia shall be required to appear or testify at the February 4, 2019 hearing.

## II. The Motion to Limit Evidence [DE 482] and the Topics that Are to Be Addressed at the February 4, 2019 Hearing

### (a) Former Defendants' Motion to Limit Evidence [DE 482]

Sapodilla, King David, and TTI are seeking an Order that limits the evidence at the February 4, 2019 hearing. [DE 482]. They argue that "[b]ecause the only relevant issues for the Evidentiary Hearing on the Fraud Motion concern the actions of Plaintiff and her counsel, and Natalia and her counsel, in the drafting of court filed documents, disclosures, and pleadings, the Court should preclude witness testimony and exhibits that are not directed toward Plaintiff's and Natalia's actions." [DE 482, p. 7].

### (b) Plaintiff's Response to the Motion to Limit Evidence [DE 491]

Plaintiff filed a response [DE 491] on January 30, 2019, after the Court expedited the briefing on the motion. Plaintiff requests that the motion be denied because there are serious allegations at issue. [DE 491, p. 2]. Plaintiff argues that Tama Beth Kudman Richman, Ilia Mogilevsky, Erikah Bertoloti, Frank Cavallino, handwriting expert E'lyn Bryan, and private investigator Michael Donohoe are all necessary witnesses to defeat the Movants' allegations in the Fraud Motion. [DE 491, pp. 4-11].

### (c) The Court's Ruling on the Motion to Limit Evidence [DE 482] and the Court's Instructions to Counsel as to the limited Areas of Inquiry that shall be addressed at the Upcoming February 4, 2019 Evidentiary Hearing

Based on a careful review of the motion, response, and the entire file in this case, Sapodilla, King David, and TTI's Motion to Limit Evidence in Limine at Evidentiary Hearing [DE 482] is **GRANTED IN PART AND DENIED IN PART**, as explained below.

From the Court's review of the last-minute flurry of motions and responses, it appears that some or all of the parties, non-parties, and their respective counsel to the pending Fraud Motion are operating under a misunderstanding of what the Court intends to address at the evidentiary hearing scheduled for Monday, February 4, 2019. This Order will clear that up for those involved.

First, the Court will not permit the evidentiary hearing to be used to litigate issues raised in the now-dismissed complaint. This is a waste of judicial resources and shall not be permitted.

Second, the Court will not permit the evidentiary hearing to focus on whether or not Plaintiff or Natalia were or were not the real parties in interest to this lawsuit. That "real party in interest" issue goes primarily to the Movants' request that Plaintiff's complaint be involuntarily dismissed. But dismissal of the complaint has already occurred, partially by Court Order and

partially by abandonment or dismissal of portions of the complaint by Plaintiff. The Court does not intend to litigate issues in a now-dismissed complaint.

Third, what the Court does intend to address at the upcoming hearing on Movants' Fraud Motion [DE 370] are the following primary areas:

**1. Whether Plaintiff and her counsel, and Former-Defendant Natalia Mogilevsky and her counsel, improperly schemed and engaged in a subterfuge to create diversity jurisdiction in this Court.**

The Fraud Motion alleges that: "Plaintiff and Natalia's court filings and disclosures show Plaintiff and Natalia, with the assistance of counsel, have engaged in a scheme to gain an unfair advantage in this litigation on behalf of Plaintiff Natalia [sic]. Plaintiff asserts a basis for jurisdiction in this lawsuit is [sic] diversity of citizenship, which would not exist if Natalia was joined as a plaintiff." [DE 370, p. 15]. This Court intends to address whether there was improper collusion by Plaintiff, Natalia and their counsel to fraudulently deem Natalia a defendant in this case, rather than a co-plaintiff, so that diversity jurisdiction could be asserted and so this case could be filed in federal court. The Court notes that the Complaint filed by Plaintiff against Natalia was sloppy, poorly drafted, and failed to state a cause of action and was dismissed by the Court. [DE 415]. Yet, while all the other defendants were moving to dismiss the complaint, Natalia answered the Complaint, admitted liability and then attempted to file a cross-claim complaint against Ilia and others. [DE 309]. There are allegations that this was all concocted in bad faith, as a fraud on the court, and to establish diversity jurisdiction in a case where diversity jurisdiction would not have existed if Defendant Natalia were honestly and properly designated as a plaintiff or co-plaintiff.

In ruling on the issues related to the Fraud Motion, the Court does not need any evidence to be introduced on the "real party in interest" issue. In fact, for purposes of resolution of this

issue, this Court will accept Plaintiff's proffer that she provided over four million dollars to her daughter (Natalia), that Plaintiff provided a power of attorney to her daughter (Natalia), which Natalia used to allow her husband (Ilia) to obtain the money, that Plaintiff's then son-in-law (Ilia) used this money to purchase properties and then transferred those properties in which Plaintiff claimed an interest to third parties, and that Plaintiff's funds were not returned to her. Since the Court accepts Plaintiff's proffer on those evidentiary matters for purposes of the pending Fraud Motion, no evidence shall be adduced on those factual matters.

Rather, as noted above, what the Court does intend to address is, first, the allegation that Plaintiff and her counsel, and Natalia and her counsel, improperly and secretly collaborated and schemed to falsely create diversity jurisdiction in this Court when, in truth and fact, complete diversity jurisdiction did not exist. In this regard, the Court intends to address the allegation that diversity jurisdiction was falsely asserted by the parties and their counsel in filing a federal lawsuit which improperly, inaccurately or fraudulently designated Natalia (a resident of Florida) as a defendant and designated Plaintiff (a resident of Russia) as a plaintiff, when in fact, Plaintiff, Natalia, and their counsel were on the same side, with the same goals, and were surreptitiously acting in concert through their counsel to prosecute claims against Former-Defendant Ilia and others.

The Court also intends to address whether this alleged false creation of diversity jurisdiction was accomplished by the fiction of Plaintiff, a Russian citizen, suing her daughter Natalia, a Florida citizen, in this federal action, while Natalia and Ilia were embroiled in a divorce in state court, and then having Plaintiff's counsel surreptitiously act as co-counsel for Natalia and ghost-write motions, pleadings, answers which admitted liability, cross-claims filed against other parties and other material pleadings, motions and responses.

## 2. Whether counsel for Plaintiff and counsel for Former-Defendant Natalia Mogilevsky violated their legal and/or ethical duties in this case.

The Court also intends to address whether Plaintiff's counsel was operating under an improper, undisclosed conflict of interest under federal law and the Rules Regulating the Florida Bar by publicly representing Plaintiff in this federal lawsuit while concurrently and surreptitiously representing Plaintiff's daughter Natalia in this federal lawsuit and hiding that conflict of interest from the Court. Therefore, the Court intends to hold an evidentiary hearing on whether the alleged actions of Plaintiff's counsel, Gary Rosen, Esq., in publicly appearing in this federal litigation solely on behalf of Plaintiff, when he was also allegedly secretly representing Natalia by allegedly surreptitiously drafting pleadings, answers, admissions of liability, cross-claims, etc., on behalf of Natalia, with the knowledge and agreement of Natalia's counsel Stuart N. Kaplan, Esq., constitutes 1) a hidden, undisclosed, and improper conflict of interest on the part of Mr. Rosen and/or Mr. Kaplan, 2) a violation of both counsel's duty of candor to the Court, 3) a violation by both counsel of the Rules of Professional Conduct and S.D.Fla. L.R. 11.1(c), and 4) a violation of S.D.Fla.L.R. 11.1(d)(2) by counsel Rosen in concurrently representing both Plaintiff for whom he filed a notice of appearance and Natalia for whom he did not file a notice of appearance.

## 3. Potential evidence at the evidentiary hearing.

As stated above, the testimony of Ms. Kudman Richman and the testimony of Ilia is unnecessary and wholly irrelevant to the issues before the Court. Neither Ms. Kudman Richman nor Ilia shall be required to appear or testify at the February 4, 2019 hearing.

Additionally, the proffered handwriting analysis expert testimony is irrelevant and shall not be permitted at the February 4, 2019 evidentiary hearing. Likewise, any evidence regarding alleged bad acts committed by Ilia, the alleged forgery of documents, or the alleged improper

conduct by Ms. Kudman Richman is wholly irrelevant to the Court's limited inquiry at the upcoming evidentiary hearing. No witnesses or evidence shall be allowed on those issues.

The Court also notes that the Movants on the Fraud Motion have proffered that they will call one digital forensics expert, Andrew Reisman, who will testify that Plaintiff's counsel Gary Rosen, Esq., was actually the attorney who wrote pleadings, motions, papers, answers admitting liability, cross-claims, etc., on behalf of Natalia, which were then signed and filed in this federal action by Natalia's counsel, Stuart Kaplan, Esq. However, it appears to the Court that counsel for Plaintiff and counsel for Natalia have admitted such conduct in their filings [DE 401, pp. 11-12; DE 418, p. 6], arguing that this was supposedly a routine litigation tactic. Accordingly, counsel for the Movants on the Fraud Motion, counsel for Plaintiff, and counsel for Natalia are directed to confer in a good faith effort to reach a stipulation on this expert testimony issue. The Court does not want to waste time hearing from a digital forensics expert if it is unnecessary and not subject to dispute. In the event that the parties cannot agree on a stipulation, the Court shall hear the testimony of the digital forensics experts as it is directly relevant to the issues before the Court.

The Court also will provide the opportunity to Plaintiff, and her counsel, Gary Rosen, Esq., and Former-Defendant Natalia Mogilevsky and her counsel, Stuart Kaplan, Esq., to testify under oath before the Court if they desire to do so. They shall also be permitted to introduce any other evidence or testimony which is relevant to the limited issues pending before the Court as described in this Order. Further, the Movants on the Fraud Motion shall be permitted to provide any evidence or testimony relevant to the issues pending before the Court as described in this Order.

### III. Conclusion

Based upon the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. Non-Party Ilia Mogilevsky's Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order to Limit Testimony at the Evidentiary Hearing on February 4, 2019 [DE 478] is **GRANTED**. Ilia Mogilevsky is not required to appear or testify at the February 4, 2019 hearing.

2. Sapodilla 513, LLC, King David Real Estate Investment Holdings, LLC, and Tam Tam Investments, LLC's Motion to Quash Subpoenas for Evidentiary Hearing [DE 481] is **GRANTED**. Tama Beth Kudman Richman is not required to appear or testify at the February 4, 2019 hearing.

3. Sapodilla 513, LLC, King David Real Estate Investment Holdings, LLC, and Tam Tam Investments, LLC's Motion to Limit Evidence in Limine at Evidentiary Hearing [DE 482] is **GRANTED IN PART AND DENIED IN PART** as specified in this Order.

4. The parties are required to confer in an attempt to reach a stipulation regarding the digital forensic expert.

**DONE AND ORDERED** in chambers at Palm Beach County, Florida, this 1st day of February, 2019.

WILLIAM MATHEWMAN
United States Magistrate Judge

13